UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                                                    Date: February 6, 2020

Title   *Strategic Partners, Inc. v. FIGS, Inc., et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

Gay Roberson
Deputy Clerk                                                                    Court Reporter / Recorder

Attorneys Present for Plaintiffs:                           Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF STRATEGIC PARTNERS, INC.'S MOTION TO COMPEL DEFENDANT FIGS, INC.'S SEARCH FOR RESPONSIVE DOCUMENTS AND FOR PAYMENT OF FEES [DKT. NO. 67]**

**INTRODUCTION**

Before the Court is Plaintiff Strategic Partners, Inc.'s ("Plaintiff's" or "SPI's") Motion to Compel in the joint stipulation format pursuant to Local Rule 37-2 (the "Motion" or "Joint Stip."). (Dkt. No. 67.)  Plaintiff requests an order compelling Defendant FIGS, Inc. ("Defendant" or "FIGS") to search for responsive documents from nine custodians, and to pay reasonable fees incurred in bringing the Motion. (Joint Stip. at 1.)  The parties also submit a Declaration of Robert Estrin, Plaintiff's counsel, in Support of the Motion with supporting exhibits (Dkt. No. 67-2); a Declaration of Catherine Spear, Defendant's counsel, in support of Defendant's Opposition to the Motion (Dkt. No. 67-3); and a Declaration of Fanxi Wang, Defendant's counsel, in support of Defendant's Opposition to the Motion with supporting exhibits (Dkt. No. 67-4). Neither party filed a supplemental memorandum. (*See* Local Rule 37-2.3.)  On January 10, 2020, the Court, finding the matter suitable for decision without oral argument, vacated the hearing on the Motion and took the matter under submission. (Dkt. No. 74.)

For the reasons outlined below, the Motion is GRANTED in part and DENIED in part.
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                             Date: February 6, 2020

Title  *Strategic Partners, Inc. v. FIGS, Inc., et al.*

**RELEVANT BACKGROUND**

**I.  The Complaint**

The operative pleading in this false advertising, unfair business practices action is SPI's Second Amended Complaint (the "SAC") filed on September 9, 2019.  (Dkt. No. 47.)  The SAC makes the following allegations regarding FIGS's business practices.  According to Plaintiff, since its 2012 founding, FIGS has "recklessly advertise[d] the antimicrobial properties of its scrubs—making false and misleading statements for the sake of gaining market share[.]"  (SAC ¶ 1.)  FIGS makes medical apparel and other clothing items.  (SAC ¶ 2.)  One of FIGS's co-CEOs, Trina Spear, misappropriated confidential information about the medical apparel industry from her former employer, Blackstone Group Holdings, L.P., and together with FIGS co-CEO, Heather Hasson, used that information to create FIGS. SPI alleges that the information and data that Spear used to create FIGS was SPI's proprietary information "because Blackstone was in possession of [SPI's confidential] information at the time".  (SAC ¶ 3.)

FIGS then misrepresented "through its advertising, marketing, and branding that its FIGS Products will protect healthcare workers by reducing hospital-acquired infection rates by 66%."  (SAC ¶ 4.)  Further, SPI alleges "FIGS's representations are untrue, misleading, and reasonably likely to deceive consumers, who consist of healthcare executives, hospital executives, retailers, and healthcare workers who purchase the FIGS Products.  Further compounding the danger of making untrue and misleading claims, FIGS's health claims and public relations efforts have caused media outlets to repeat and disseminate FIGS's false and misleading claims about [its] Products. . . . FIGS's false and misleading claims have helped it obtain millions of dollars in funding enabling FIGS to continue to spread its false claims to the public through additional advertisements."  (SAC ¶ 5.)

SPI asserts that FIGS's misrepresentations are harmful toward healthcare workers, patients, the public, FIGS's competitors, healthcare executives, retailers, and medical consumers.  (SAC ¶¶ 6-9.)  Additionally, "FIGS's false and misleading claims concerning the properties and qualities of the FIGS Products has allowed it to gain market share at the expense of its competitors"; its "false and misleading claims jeopardize the safety of the consumers who purchase the FIGS Products (and the patients they care for) as those consumers are likely to believe the FIGS Products

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                              Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*

provide them with certain protections which testing has shown that the FIGS Products do not"; and "FIGS's false and misleading claims have enabled it to raise millions of dollars in funding, building public relations campaigns, and obtain the benefits of social influencers." (SAC ¶ 10.) SPI maintains that it "has been harmed by FIG'S false advertising as FIGS has acquired market share at the expense of SPI due to FIGS's false advertising, thus costing SPI revenues and profits it should have earned." (SAC ¶ 11.)

The SAC asserts claims against FIGS for false advertising in violation of 15 U.S.C. § 1125(a); unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; and untrue and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500. (SAC ¶¶ 86-131.) SPI seeks injunctive relief requiring FIGS to discontinue advertising, marketing, packaging, disseminating, using, and otherwise making false and misleading statements about FIGS's products; injunctive relief requiring FIGS to provide citation in future advertisements supporting any scientific or health claims it makes regarding FIGS Products or the fabric used in those products; compensatory damages; statutory damages pursuant to 15 U.S.C. § 1117; exemplary damages; restitution; actual damages; disgorgement of profits; interest rate at the legal rate per annum; costs; attorney's fees; and all further relief the Court deems just and proper. (*Id.* at 28.)

## II.     Discovery Efforts Preceding SPI's Motion

On September 23, 2019, FIGS filed an Answer to the SAC. (Dkt. No. 48.) The parties' initial discovery cut-off date was set as December 13, 2019. (Dkt. No. 23.) It was later advanced to March 26, 2020. (Dkt. No. 59.) On September 27, 2019, following an informal telephonic conference, the Court directed FIGS to produce documents sufficient to show its unit sales and aggregate revenue for the period January 1, 2014 to present, and ordered FIGS to commence its rolling production of documents responsive to SPI's First Requests for Production of Documents ("RFPs") no later than October 21, 2019. (Dkt. No. 52 at 2, 5.)

In a November 15, 2019 meet and confer letter, SPI wrote that in response to its first two sets of RFPs, FIGS was obligated to perform a reasonable search of potential sources of responsive documents. (Dkt. No. 67-2 at 47.) In response, FIGS searched only three FIGS email accounts, belonging to FIGS's two co-founders and its Vice President ("VP") of Brand. (*Id.*) SPI asserted that there were several additional persons under FIGS's control who possessed responsive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                              Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*

documents and SPI identified five additional FIGS executives, including the VP of Marketing and Director of Product Development, whom SPI had located and from whom it believed FIGS should collect documents.  (*Id.*)  FIGS responded that the five additional executives "ha[d] nothing to do with the issues in these [sic] litigation, or have no decision-making power independent of" FIGS's co-founders.  (*Id.* at 51.)  Thus, FIGS argued "collecting these custodians would be costly and burdensome without yielding additional relevant information that is not already encompassed in the documents collected from" the three custodians SPI had already searched.  (*Id.*)

On December 4, 2019, the Court held a telephonic conference with the parties regarding three discovery disputes related to FIGS's production of documents in response to SPI's requests.  (Dkt. Nos. 61-62.)  The disputes included:  the scope of FIGS's production of financial information (Issue 1); production of documents from additional FIGS custodians (Issue 2); and the search of the personal emails of FIGS's two co-founders (Issue 3).  (*See id.*)  As relevant here, the Court found that briefing was necessary to resolve the dispute over Issues 1 and 2, and authorized SPI to file a motion to compel in the joint stipulation format pursuant to Local Rule 37-2 as to those issues.  (Dkt. No. 61 at 2.)

**THE MOTION**

A.  **Plaintiff's Position**

In the Motion, SPI argues that Court should:  (1) order FIGS to search for additional responsive documents from nine custodians; (2) sanction FIGS for maintaining that it could not provide information about unit sales broken down by product type, and then providing the requested information that it had withheld after seeing SPI's portion of the joint stipulation; and (3) sanction FIGS for its unreasonable positions aimed at blocking discovery.

1.  **Search for Responsive Documents from Nine Custodians**

SPI first notes the Court's concern expressed at the December 4, 2019 telephonic conference about "the adequacy of the search for responsive documents."  (Joint Stip. at 7 (citing Dkt. No. 62 at 16, 19).)  SPI argues that FIGS has failed to meet its burden under Federal Rule of Civil Procedure 26 to search for documents from all employees who may have documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-2286-GW (KSx)                                                   Date: February 6, 2020

Title      *Strategic Partners, Inc. v. FIGS, Inc., et al.*

responsive to SPI's RFPs. (*Id*.) SPI contends that FIGS has only searched for responsive documents from five custodians: Trina Spear, Heather Hasson, FIGS's VP of Brand Jenny Seyfried, FIGS's SVP of Marketing (formerly Director of Growth and Acquisition) Alex Tshering, and FIGS's Director of Product Development Sara Hamilton. (*Id*. at 4, 9.) SPI argues that FIGS has not provided a legitimate basis for refusing to search for documents from additional custodians. (*Id*. at 8.) Further, SPI emphasizes that FIGS's reasons for failing to comply with its discovery obligations—that the five employees whose files have already been searched have provided all relevant documents and that FIGS is a small company that cannot expend exorbitant resources on discovery—are insufficient to excuse FIGS from fully complying with its discovery obligations. (*Id.*)

SPI does not identify the specific additional FIGS custodians for whom it wishes to compel FIGS to conduct a further search for responsive documents. Indeed, SPI argues that it cannot identify those custodians because FIGS has not worked with SPI to determine who the proper custodians should be. (Joint Stip. at 9.) SPI represents that "the current case involves all facets of FIGS's business" and on that basis posits that SPI would be entitled to "documents related to whether or not its scrubs were antimicrobial," which "would likely be in the possession of members of FIGS's research and development department"; documents from "many members of FIGS's advertising and marketing departments"; documents from "FIGS's sale representatives . . . since they are the ones who reach out to potential consumers regarding purchasing of scrubs"; and documents concerning revenue, profit, costs, and unit sales from FIGS's finance department "since damages is a key part of this case." (*Id.* at 8-9.)[1]

Nevertheless, SPI offers as a compromise that FIGS need only search for responsive documents from nine custodians, including the five custodians whom it has already searched. (*Id.* at 9.) As to the remaining custodians, SPI suggests that it and FIGS cooperate to determine which four FIGS employees should fill those slots. (*Id.* at 9-10.) SPI demands that FIGS provide SPI with a list of the ten most likely custodians to have responsive documents, which includes those individuals' names, titles, dates of employment with FIGS, and descriptions of their job

---

[1]   While the categories of documents SPI lists appear generally relevant to the claims at issue in the case, as noted above, the Court does not have before it in connection with the Motion, any of SPI's specific RFPs. Therefore, the Court cannot evaluate whether SPI would, in fact, be entitled to any or all of these categories of documents as responsive to particular discovery requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 19-2286-GW (KSx)                                              Date: February 6, 2020

Title       *Strategic Partners, Inc. v. FIGS, Inc., et al.*

responsibilities. (*Id.* at 10.) SPI requests the opportunity to then choose four of those ten proposed custodians from whom FIGS should search for responsive documents. (*Id.*)

**2. Sanctions for Delay in Providing Requested Financial Information**

SPI also argues that the Court should sanction FIGS for "gamesmanship and discovery abuses" for providing deficient financial information throughout discovery, waiting until deadlines to provide such deficient information, and consistently representing that it could not provide a breakdown of unit sales by product type because it did not track that information, but later providing that very information. (Joint Stip. at 10-13.) For example, SPI alleges that on October 21, 2019, the deadline for producing responsive financial information, FIGS provided documents that heavily redacted all information regarding its costs, "making it impossible for SPI's damages expert to calculate FIGS's profits, thus preventing SPI's ability to disgorge FIGS's profits." (*Id.* at 11.) FIGS only removed the redaction of its cost data after the parties' December 4, 2019 conference with the Court. (*Id.*)

Additionally, SPI contends that because there are several products at issue in this case, it required an itemized assessment of units sold separated by the products at issue so that SPI could calculate its lost profits. (*Id.*) FIGS consistently represented to SPI that it did not track its units sold by product. (*Id.* at 11-12.) At the December 4, 2019 conference, the Court expressed skepticism that FIGS, a manufacturer of various types of apparel, did not know how many units it sold by product type (*see* Estrin Decl., ¶ 4, Ex. C at 10:14-22). Yet FIGS continued to maintain that it could not provide that information for weeks following the telephonic conference. (*Id.* at 12.) SPI asserts that only after SPI drafted its portion of the Joint Stipulation did FIGS finally provide SPI with its unit sales broken down by product type. (*Id.*) As a result, SPI has withdrawn its arguments seeking to compel FIGS to produce its unit sales data. Thus, SPI claims that FIGS engaged in gamesmanship, forcing SPI to expend considerable resources chasing this information; accordingly, the Court should sanction FIGS for its behavior.

**3. Sanctions for "Unreasonable Positions Aimed at Blocking Discovery"**

Finally, SPI asserts that the Court should sanction FIGS under Federal Rule of Civil Procedure 37 for discovery abuses, which have prolonged the discovery process and caused SPI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 19-2286-GW (KSx)                                      Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*

to incur considerable expense in preparing filings to encourage FIGS's compliance with its discovery obligations. (Joint Stip. at 13-14.) Specifically, SPI claims that FIGS has engaged in "stonewalling and dilatory tactics throughout this case," which have already resulted in a four-month discovery cutoff extension; and it has refused to compromise with SPI, forcing SPI to incur substantial fees in preparing this Motion. (*Id.*) SPI contends that without sanctions, FIGS will continue to take unreasonable positions with regard to discovery, prejudice SPI by continuing to withhold relevant documents, and delay trial. (*Id.* at 14.) SPI states that it cannot provide the Court an exact amount it has incurred due to FIGS's abuses, but requests that it be permitted to submit a declaration setting forth the fees it incurred related to the Motion. (*Id.*)

   **B. Defendant's Position**

In opposition to the Motion, FIGS challenges SPI's request that four unidentified additional custodians be searched for responsive documents as being disproportionate and arbitrary. (Joint Stip. at 15-18.) FIGS asserts that SPI has not shown an actual need for four additional custodians, a total of nine custodians is an arbitrary amount for which SPI provides no explanation, the five custodians whom FIGS has already searched possess all of the information concerning the issues in this case, and additional custodians would not yield new or additional information and would be unnecessarily cumulative. (*Id.* at 15-17.) FIGS further contends that SPI's claim that it has not cooperated with SPI is "blatantly false." (*Id.* at 17.) It explains that it has provided its financial and unit sales information (*id.* at 16), and it offered two additional custodians (the SVP of Marketing and Director of Product Development) specifically requested by SPI. (*Id.*)

FIGS opposes SPI's requests for sanctions, arguing that SPI has waged a campaign of maximum pressure to destroy FIGS, a smaller competitor. (*Id.* at 18.) FIGS maintains that while it did not track unit sales by product type, it compromised and underwent significant burden and expense to provide SPI with the data it requested. (*Id.* at 18-19.) Thus, the instant request for sanctions is unfair and is indicative of "bullying tactics it has used throughout this litigation." (*Id.* at 19.) FIGS also claims it has acted with substantial justification in opposing the Motion. (*Id.* at 19-21.) It reiterates that it has offered five custodians, yet SPI arbitrarily seeks four additional unnamed custodians, who would not provide new information. (*Id.* at 20.)
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                                                 Date: February 6, 2020

Title       *Strategic Partners, Inc. v. FIGS, Inc., et al.*

FIGS also denies the allegation that it has abused the discovery process—it states it has made rolling productions of over 1,100 documents (as opposed to the 500+ documents SPI claimed it produced), while SPI has only provided 174 documents. (*Id.*) FIGS also takes issue with SPI's insinuation that FIGS is responsible for unreasonably delaying litigation. (*Id.*) FIGS clarifies that the parties jointly agreed to continue the deadlines in this case because the parties were not ready to participate in mediation before the previously ordered mediation cutoff, and it will continue to make rolling productions in good faith through the March 2020 discovery cutoff date. (*Id.*)

**LEGAL STANDARD**

Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). As amended in December 2015, Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The party seeking to compel production of documents under Rule 34 has the "burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." *Best Lockers, LLC v. Am. Locker Grp., Inc.,* Case. No. SACV 12-403-CJC (ANx), 2013 WL 12131586, at *4 (C.D. Cal. Mar. 27, 2013).

District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet,* 296 F.3d at 751). In resolving discovery disputes, the court may exercise its discretion in "determining the relevance of discovery requests, assessing oppressiveness, and weighing those facts in deciding whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                                                      Date: February 6, 2020

Title    *Strategic Partners, Inc. v. FIGS, Inc., et al.*


discovery should be compelled." *Unilin Beheer B.V. v. NSL Trading Corp,* Case No. CV 14-2210-BRO (SSx), 2015 WL 12698382, at *4 (C.D. Cal. Feb. 27, 2015) (citing *Favale v. Roman Catholic Diocese of Bridgeport,* 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks omitted)).

**DISCUSSION**

**I.     Search for Responsive Documents from Additional Custodians**

**a.    The Parties Fail to Comply with Local Rule 37-2**

As an initial matter, the parties have failed to comply with Local Rule 37-2, which requires that a joint stipulation "contain all issues in dispute and, as to each such issue, the contentions and point and authorities of each party." C.D. L. R. 37-2.1.  Specifically, Local Rule 37-2.1 requires:

> For example, if the sufficiency of an answer to an interrogatory is at issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated.

*Id.*  The same requirements apply to disputed RFPs.  *See, e.g.*, *Infoeuro Grp. v. Aetna Life Ins. Co.*, Case No. CV 16-5083-AB (JCx), 2018 WL 6975141, at *5 (C.D. Cal. Nov. 28, 2018) (denying motion to compel because moving party failed to supply the court with the text of the RFPs at issue).

SPI states that it "served its requests for production on May 15, 2019" (Joint Stip. at 1), But SPI has not provided the Court with a copy of its document requests and did not identify in the Joint Stipulation any specific documents requests for which it contends FIGS's production is deficient.  Absent the ability to review the particular RFPs at issue and FIGS's responses and/or objections to those RFPs, the Court has no way to assess *either* the validity of SPI's contentions that more custodians should be searched for responsive documents *or* FIGS's assertions that the other custodians for which SPIs seeks an order compelling a further search for responsive documents, will not have relevant responsive documents beyond what FIGS has already produced.
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                                   Date: February 6, 2020

Title      *Strategic Partners, Inc. v. FIGS, Inc., et al.*

That said, the core issue raised in the Motion does not turn on individual RFPs. Rather, SPI complains that FIGS has unilaterally limited the scope of its *entire* search for responsive documents relating to SPI's discovery requests. Thus, the question at issue here is a more fundamental: has FIGS met it basic obligation to conduct a reasonable and diligent search for responsive information in response to SPI's document requests? As discussed below, the Court concludes that it has not.

### b. FIGS Fails to Show that It Conducted A Diligent and Reasonable Search

A party responding to discovery requests "must do more than state that all documents have been produced." *Coppola v. Smith*, Case No. 11-cv-1257-AWI (BAM), 2016 WL 726903, at *3 (E.D. Cal. Feb. 23, 2016). "A party must make a reasonable inquiry to determine whether responsive documents exists, and if they do not, the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* (internal citations and quotation marks omitted). A reasonable inquiry has been described as "at a minimum, a reasonable procedure to distribute discovery requests to *all* employees and agents of the [party] *potentially possessing* responsive information[.]" *A. Farber and Partners, Inc. v Garber*, 234 F.R.D. 186, 190 (C.D. Cal. Feb. 15, 2006) (citing *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987)) (emphasis added).

Subject to the requirements of the Federal Rules of Civil Procedure, FIGS is obligated to provide all relevant and non-privileged discovery to the extent possible. *See* FED. R. CIV. P. 26(a)(1)(A), (b)(1). The meet and confer correspondence between the parties during November and December 2019 reveal that FIGS has produced some, but not all, of the materials and information responsive to SPI's requests. (Dkt. No.67-2 at 47-49, 55; Dkt. No. 67-4 at 14.) FIGS does not dispute that it limited its search to a select few custodians. (Joint Stip. at 16.) FIGS says that it initially searched just three custodians: Trina Spear (co-founder/co-CEO); Heather Hasson (co-founder/co-CEO); and FIGS's VP of Brand, and later "in good faith offered to search from two additional custodians specifically requested by SPI: FIGS' SVP of Marketing and FIGS' Director of Product Development." (*Id*. at 4.) FIGS "believes that given their respective roles and responsibilities, these five custodians constitute all of FIGS' employees who *may* have information pertinent to the issue in this lawsuit." (*Id*. 4-5 (emphasis added).)
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-2286-GW (KSx)                                                  Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*

In order to fulfill its discovery obligations, FIGS must confirm that it conducted a thorough search—not just a convenient one—with due diligence.  But FIGS offers little more than its own self-serving assertion that other custodians beyond the five individuals whose files were searched "*may*" not have responsive information.  That is not sufficient.  However, as discussed below, SPI has not persuasively explained why it requires nine custodians and the Court agrees with FIGS that that number appears arbitrary.

SPI argues that it requires documents related to whether FIGS products are antimicrobial, which would likely come from FIGS's research and development department; documents from FIGS's sales team, members of which interact with customers about purchase of FIGS products; and documents from financial officers concerning revenue, profit, costs, and unit sales. (Joint Stip. at 8-9.) Generally speaking, the information SPI seeks relating to FIGS's research and development, sales, and finances are both relevant to the clams and defenses at issue in the action and proportionate to the needs of the case.  FED. R. CIV. P. 26(b)(1).  Regardless of FIGS's contentions that its founders, and marketing and product executives are engaged with all areas of FIGS's business, therefore making it unnecessary to search the files and records of any other custodians, it is still likely that FIGS has other employees whose areas of expertise and/or responsibility may include the pertinent areas, or at the very least include communications with the key FIGS personnel regarding these areas and any such documents should be produced.  FIGS makes clear that it has not undertaken any effort to find out whether such information exists or not.

**C. FIGS Has Not Shown that Additional Custodian Searches Would be Unduly Burdensome**

As to FIGS's argument that searching for additional custodians will be unduly burdensome, the "mere fact that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request." *Pappas v. Naked Juice Co. of Glendora, Inc.*, 2012 WL 12885108, at *2 (C.D. Cal. Oct. 18, 2012) (citation omitted).  As in *Pappas*, FIGS's "generalized objections of burdensomeness, unsupported by any detailed information whatsoever regarding the estimated time and expense required to respond to specific discovery requests, are insufficient."  *Id.*
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                           Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*

In opposing the Motion, FIGS presents no specific information to support a finding that a search of additional custodians would be unduly expensive, time consuming, or otherwise disproportionate to the needs of the case based on any of the six proportionality factors outlined in Rule 26(b)(1). While it is at least arguable that a further search for responsive documents from additional FIGS custodians could require FIGS to expend considerable resources, FIGS has not made such a showing here. Therefore, the Court finds that FIGS has impermissibly truncated the scope of its search for responsive information. Consequently, FIGS must conduct a reasonable and diligent search of additional custodians. That said, SPI has not adequately substantiated its request that the Court order FIGS to search a total of nine custodians.

In any given litigation, assessing the adequacy of discovery compliance is a context specific inquiry that must take into account the unique characteristics of the particular responding party. This is especially true in this case where the parties contend that their businesses are of very different scale and maturity. (*See* Joint Stip. at 19 (describing FIGS as "a business that is much smaller and more resource-constrained than SPI").) Just because SPI searched nine of its custodians does not necessarily make its reasonable to require that FIGS search for the same *number* of custodians. The Court, therefore, declines to set an arbitrary number of nine custodians as appropriate for FIGs further searches.

Instead, **within seven (7) days of the date of this Order**, FIGS shall provide a supplemental response to SPI's discovery request seeking the identity of any individuals, including the names, job descriptions, and contact information, within or outside the company, who worked in areas of research and development, product sales, and/or company finance. (*See* Dkt. No. 67-2 at 47.)

Further, to respond in accordance with this Order, FIGS will have fourteen (14) days from the date of this Order to conduct a further search for responsive documents. Responsive documents located during this further search may be produced at any time **before March 4, 2020**. FIGS must also affirmatively state in a sworn affidavit served on or before March 4, 2020 what measures it took to complete the further search(es), including identifying custodians and search methodology.
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                                                Date: February 6, 2020

Title    *Strategic Partners, Inc. v. FIGS, Inc., et al.*

**II.    Sanctions Are Warranted for FIGS Unjustified Withholding of Financial Data**

Rule 37(a)(5)(A) provides that when disclosure is made *after* a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless:

(i)     The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii)    The opposing party's nondisclosure response, or objection was substantially justified; or
(iii)   Other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). In addition, Rule 37 provides that when, as here, a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

The Court directed FIGS in a September 27, 2019 Order "to produce documents sufficient to show unit sales and aggregate revenue for the period of January 1, 2014 to the present." (Dkt. No. 52 at 5.) After insisting for months that it did not maintain records based on individual unit sales, FIGS finally produced the information *after* the Court authorized SPI to bring the Motion and *after* SPI had prepared its portion of the Joint Stipulation. (Joint Stip. at 12.) Even in connection with the instant Motion, FIGS provided the Declaration of Catherine Spear, FIGS co-founder and co-CEO, in which she states that "FIGS has never tracked its net unit sales broken down by product type." (Spear Decl. ¶ 3.) Spear further asserts that "it will require over 100 hours of FIGS' employee time to compile a best efforts estimate of net unit sales broken down by product type." (*Id.* at ¶ 5.) Yet, FIGS did eventually produce the unit sales data and offers no evidence that doing so required over 100 hours of employee time to do so.

FIGS argues that it should not be sanctioned for SPI's time preparing a portion of the joint stipulation seeking to compel FIGS's production of the financial information that it never filed because FIGS ultimately provided that information. FIGS is incorrect. "[E]xtensive authority supports awarding fees for time spent on unfiled motions." *Charlebois v. Angels Baseball LP*, 993

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 19-2286-GW (KSx)                                                                  Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*


F. Supp. 2d 1109, 1125 (C.D. Cal. 2012); *see also Rux v. Starbucks Corp.*, 2007 WL 1098550, at *3-*4 (E.D. Cal. Apr. 12, 2007) (granting attorneys' fees for time spent drafting portion of related joint statement regarding discovery dispute which was ultimately not filed in light of defendant's last minute agreement to produce the requested deponent).

Accordingly, consistent with Rule 37(a)(5)(A), SPI is entitled to reasonable expenses incurred in preparing the portion of the Motion, including attorneys' fees, seeking to compel production of the financial data that FIGS belatedly produced.  There is nothing in the record before the Court to indicate that any of the exceptions of Rule 37(a)(5) apply.

### III.    Sanctions Against FIGS are Not Warranted for Blocking Discovery

Finally, SPI requests that the Court impose sanctions against FIGS for "taking unreasonable positions aimed at blocking discovery." (*See* Joint Stip. at 13-14.)  Although the record before the Court documents a lengthy, contentious history of meet and confer communications between the parties regarding the parties' discovery disputes, the Court finds no evidence that FIGS refused to engage in good faith in those communications or simply refused to respond to discovery.  Indeed, FIGS emphasizes it "has produced over 1,100 documents, consisting of over 7,00 pages, and intends to continue producing the remaining documents on a timely and rolling basis well before the discovery cut-off date[.]" (*Id*. at 6.)  Moreover, despite finding that FIGS failed to satisfy its discovery obligations with respect to adequate custodian searches, the Court is  not persuaded that FIGS engaged in obstructionist conduct.  Accordingly, the Motion is DENIED as to SPI's request for sanctions against FIGS for discovery "gamesmanship."

### CONCLUSION

Accordingly, the Motion is GRANTED in part as follows:

1. **Within seven (7) days** from the date of this Order, FIGS is ORDERED to provide a supplemental response to SPI's discovery request seeking the identity of any individuals, including the names, job descriptions, and contact information, within or outside the company, who worked in areas of research and development, product sales, and/or company finance during the relevant time period at issue in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-2286-GW (KSx)                      Date: February 6, 2020

Title     *Strategic Partners, Inc. v. FIGS, Inc., et al.*

2. **Within fourteen (14) days** from the date of this Order, FIGS must conduct a further search for responsive documents, including email, from any individuals who may potentially have responsive information. Responsive documents located during this further search may be produced at any time **before March 4, 2020**. FIGS must also affirmatively state in a sworn affidavit served on or before March 4, 2020 what measures it took to complete the further search(es), including identifying custodians and search methodology.

The Motion is DENIED to the extent it seeks to compel FIGS to identify or produce responsive documents from a fixed number of custodians, and to the extent that SPI seeks responsive documents from additional custodians concerning FIGS's marketing and advertising.

Finally, pursuant to Rule 37(a)(5)(C), SPI's request for reasonable expenses, including attorneys' fees, incurred in bringing the portion of the Motion concerning FIGS financial data is GRANTED. Plaintiff SPI shall file and serve a regularly noticed motion for reasonable expenses, including attorney's fees, along with supporting documentation. The briefing schedule for FIGS's opposition and any reply will be governed by the Local Rules 7-9, and 7-10. A hearing on SPI's fee motion should be scheduled on the Court's regular motion calendar.

SPI's request for sanctions related to FIGS's alleged "gamesmanship" and discovery abuses is DENIED.

**IT IS SO ORDERED.**

:
**Initials of Preparer**    gr