Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Fanxi Wang - State Bar No. 287584
    fwang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant FIGS, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STRATEGIC PARTNERS, INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>FIGS, INC.,<br><br>          Defendant. | CASE NO. 2:19-cv-02286-GW-KS<br><br>**DEFENDANT FIGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES IN THE AMOUNT OF $13,193.50**<br><br>*[Filed Concurrently with Declaration of Fanxi Wang]*<br><br>Date:   March 25, 2020<br>Time:   10:00 am.<br>Crtrm.: 580<br><br>Assigned to Hon. George H. Wu<br>Magistrate Judge Hon. Karen Stevenson |

# I.

# INTRODUCTION

In blatant disregard of the Court's order allowing it to seek only "reasonable" expenses incurred in drafting the portion of its motion to compel concerning FIGS's breakdown of unit sales (Dkt. No. 77 at 15), SPI is requesting a mind-boggling $13,193.50 in attorneys' fees. Such a request—for drafting a mere four-page section of a 13-page motion to compel—is unreasonable and excessive on its face. This extreme request only further demonstrates SPI's true intention of inflicting undue burden on FIGS and draining its limited financial resources.

*First*, a review of the time entries SPI submitted in support of its motion for attorneys' fees (Dkt. No. 78-1 at Ex. 6) reveals that SPI has disingenuously included numerous entries for tasks that had nothing to do with drafting the portion of its motion to compel concerning FIGS's breakdown of unit sales. These include fees that the Court did not award (such as preparing for and attending the pre-motion telephonic conference), and fees that SPI would have incurred regardless of the dispute over FIGS's breakdown of unit sales (such as fees associated with formatting and filing its final motion). As set forth in detail below, those irrelevant time entries should be excluded in their entirety, which reduces the total amount of fees that SPI claims to have incurred ($26,387) by $10,736.50.

*Second*, with respect to the remaining fees that SPI claims to have incurred ($15,650.50), SPI's request for *half* of those fees is also excessive and unreasonable. In the initial version of SPI's motion to compel (sent to FIGS on December 19, 2019), only approximately four pages of the 13-page draft addressed the issue of FIGS's unit sales broken down by product type. In the final version of SPI's draft (sent to FIGS on December 23, 2019), SPI had deleted some of that four-page section and added a request for monetary sanctions. Therefore, even by a generous estimate, SPI should only be entitled to four thirteenths—rather than half—of those fees.

For all of the reasons detailed below, FIGS respectfully requests that the Court deny SPI's request of $13,139.50 for drafting a four-page section of a motion to compel, and instead award it no more than **$4,815.53**. This is a reasonable amount and consistent with the Court's order limiting the award of fees to the amount SPI actually incurred in drafting the portion of its motion to compel that addressed FIGS's unit sales breakdown.

## II.

## ARGUMENT

### A. The Amount of $10,736.50 Should Be Excluded From the Total Amount of SPI Claims to Have Spent on the Motion to Compel.

SPI claims that it spent a total of $26,387 on the motion to compel, and seeks half of those fees. However, upon reviewing the time entries for which SPI seeks fees, at least $10,736.50 should be deducted from the total of $26,387, as they were spent on tasks that had nothing to do with the subject of the Court's fee award—*i.e.* "reasonable expenses incurred in *preparing the portion of the Motion* . . . seeking to compel production of the financial data that FIGS belatedly produced." (Dkt. No. 77 at 14 (emphasis added).)

*First*, SPI is not entitled to fees for preparing for and attending the pre-motion telephonic conference. The Court's award of fees was expressly limited to fees incurred in drafting a specific portion of SPI's motion to compel. The Court did not award SPI fees for simply participating in the telephonic conference. (*See* Dkt. No. 77.) Accordingly, the following time entries, as set forth in Exhibit 6 of the Declaration of Robert Estrin in support of SPI's Motion (Dkt. No. 78-1), should be excluded from SPI's fee request:

| Date | Atty | Description | Time | Amount[1] |
|---|---|---|---|---|
| 12/03/19 | Mr. Jacobs | Prepare for hearing with Magistrate Judge – Informal Discovery Conference hearing | 1.00 | $795 |
| 12/04/19 | Mr. Estrin | Telephone conference with Marc Jacobs and Taylor Foss to prepare for hearing with the magistrate judge regarding FIGS's discovery responses | 0.30 | $208.50 |
| 12/04/19 | Mr. Estrin | Attend hearing with the magistrate judge regarding FIGS's discovery responses | 0.80 | $556 |
| 12/04/19 | Mr. Estrin | Prepare for hearing before the magistrate on FIGS's discovery responses, including reviewing documents produced by FIGS and Blackstone | 0.90 | $625.50 |
| 12/04/19 | Mr. Jacobs | Review financial records produced to date by FIGS in preparation for call with Magistrate | 0.30 | $238.50 |
| 12/04/19 | Mr. Jacobs | Discovery Hearing (via Conference Call) with Magistrate Judge over FIGS's discovery responses, objections, and deficient document production. Call with Team to discuss outcome and preparation of memorandum regarding same. | 1.50 | $1,192.50 |
| 12/05/19 | Mr. Jacobs | Review the Court's 12-05-19 Minutes of Telephonic Conference re Discovery Dispute | 0.50 | $397.50 |
| | | | | **Total:** $4,013.50 |

---

[1] Calculated based on Mr. Estrin's hourly rate of $695 and Mr. Jacobs' hourly rate of $795. (Dkt. No. 78-1 ¶¶ 9-10.)

*Second*, SPI is not entitled to fees for conforming joint stipulation to the correct format. That time would have been spent regardless of the dispute over FIGS's unit sales. Accordingly, the following amount should also be deducted:

| Date | Atty | Description | Time | Amount |
|---|---|---|---|---|
| 12/18/19 | Mr. Jacobs | Review and analyze opposing counsel's email objecting to the motion to compel joint statement; confer with Robert Estrin regarding same | 0.30 | $238.50 |

*Third*, SPI is not entitled to fees associated with its work on those portions of the motion that have nothing to do with the issue of FIGS's unit sales breakdown, and as to which the Court did *not* award fees to SPI. As shown below, SPI has included numerous time entries for research and drafting concerning the issue of FIGS's custodians, as well as for reviewing FIGS's briefing regarding the custodians issue.

| Date | Atty | Description | Time | Amount |
|---|---|---|---|---|
| 12/17/19 | Mr. Estrin | Legal Research regarding motions to compel a certain number of custodians to collect documents from | 2.40 | $1,668 |
| 12/17/19 | Mr. Jacobs | Review caselaw examples provided by Robert Estrin regarding the number of custodians required to search their emails in response to written discovery to the company | 0.50 | $397.50 |
| 12/19/19 | Mr. Estrin | Research individuals who worked for FIGS or currently work with FIGS to identify proper custodians to ask for documents from | 0.70 | $486.50 |
| 12/20/19 | Mr. Estrin | E-mail exchanges with Mike Singer regarding . . . | 0.40 | $278 |

| Date | Atty | Description | Time | Amount |
|---|---|---|---|---|
| | | custodians | | |
| 12/23/19 | Mr. Estrin | Review FIGS's portion of joint statement regarding SPI's motion to compel to determine counter-arguments | 0.70 | $486.50 |
| 12/23/19 | Mr. Jacobs | Review and analyze defendant's portion of the joint statement in opposition to the motion to compel | 1.10 | $874.50 |
| | | | | Total: $4,191 |

Notably, FIGS is *not* proposing to exclude the time that SPI spent on revising its motion after FIGS communicated that it was willing to resolve the unit sales issue.

*Fourth*, SPI is not entitled to fees for the actual filing of the motion. Pursuant to Local Rule 37-2.2, SPI—as the moving party—had the responsibility for filing its motion to compel in the joint stipulation format. Because the parties were not able to resolve the dispute concerning FIGS's custodians, SPI would have filed—and did file—a motion to compel on the custodian dispute anyway, regardless of the resolution of the dispute over FIGS's unit sales. In addition, SPI was the party that wished to include in its portion of the joint stipulation certain of FIGS's sensitive information that were designated as Highly Confidential pursuant to the Protective Order. (Declaration of Fanxi Wang ("Wang Decl.") ¶ 6.) Counsel for FIGS took the laboring oar in drafting the papers for the application to file under seal. (*Id.*) Accordingly, the following time entries should also be excluded:

| Date | Atty | Description | Time | Amount |
|---|---|---|---|---|
| 12/24/19 | Mr. Estrin | Email exchanges with opposing counsel regarding filing of joint stipulation and other documents, including application | 0.60 | $417 |

3638327.2

6

OPPOSITION TO MOTION FOR ATTORNEYS' FEES IN THE AMOUNT OF $13,193.50

| | | | | |
|---|---|---|---|---|
| | | to file under seal | | |
| 12/24/19 | Mr. Estrin | Review, edit, finalize and file SPI's motion to compel and several supporting documents; E-mail exchanges and telephone conferences with Mariam Tarzi regarding the filing | 2.70 | $1,876.50 |
| **Total:** | | | | **$2,293.5** |

In sum, taking into account the time entries listed above, at least $10,736.50 should be deducted from the total of $26,387 SPI claims to have spent in connection with its motion to compel.

**B.  SPI Should Be Awarded No More Than Four Thirteenths of Its Remaining Fee Request.**

With respect to the remaining $15,650.60 that SPI claims to have spent in connection with its motion to compel, SPI's request for *half* of those fees is also excessive and unreasonable.  In the initial version of SPI's motion to compel (sent to FIGS on December 19, 2019), only approximately four pages of the 13-page draft addressed the issue of FIGS's unit sales broken down by product type—consisting of a little over one page in the introduction and three pages in the argument section.  (Wang Decl. ¶ 4.)  In the final version of SPI's draft (sent to FIGS on December 23, 2019), SPI had deleted or revised some of that four-page section and added a request for monetary sanctions.  (Wang Decl. ¶ 5.)  Therefore, even by a generous estimate, SPI should only be entitled to fourth thirteenths—rather than half—of those fees.  Accordingly, the Court should award SPI no more than **$4,815.53** for fees incurred in drafting the portion of its motion that addressed the issue of FIGS's unit sales.

/ / /

/ / /

/ / /

# III.
# CONCLUSION

For all of the above reasons, FIGS respectfully requests that the Court deny SPI's request of $13,139.50 for drafting a four-page section of a motion to compel, and instead award it no more than **$4,815.53**.

DATED:  March 4, 2020                Respectfully submitted,

Ekwan E. Rhow
Marc E. Masters
Fanxi Wang
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: ___*/s/ Fanxi Wang*___
       Fanxi Wang
Attorneys for Defendant FIGS, Inc.