Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Fanxi Wang - State Bar No. 287584
    fwang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant FIGS, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC., <br><br> Defendant. | CASE NO. 2:19-cv-02286-GW-KS <br><br> **DECLARATION OF FANXI WANG IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** <br><br> [*Files Concurrently with Opposition to Motion for Attorneys' Fees*] <br><br> Date: March 25, 2020 <br> Time: 10:00 a.m. <br> Crtrm.: 580 <br><br> Assigned to Hon. George H. Wu |

DECLARATION OF FANXI WANG

I, Fanxi Wang, declare as follows:

1.  I am an active member of the Bar of the State of California and an Associate with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Defendant FIGS, Inc. ("FIGS") in this action. I make this declaration in support of Defendant FIGS, Inc.'s Opposition To Plaintiff's Motion For Attorneys' Fees In The Amount Of $13,193.50. Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.  I was the attorney with the primary responsibility for handling FIGS' response to Plaintiff Strategic Partners, Inc.'s ("SPI") Motion to Compel, which was filed in the joint stipulation format on December 24, 2019 (the "Joint Stipulation").

3.  On December 18, 2019, counsel for SPI sent me a first draft of its portion of the Joint Stipulation, which contained a purported "Neutral Introductory Statement" drafted by SPI, as well as a separate introduction outlining SPI's positions. I emailed SPI's counsel that I did not believe the format of this draft complied with the rules governing joint stipulations.

4.  On December 19, 2019, counsel for SPI sent me a revised draft of its portion of the Joint Stipulation, which among other things deleted the purported "Neutral Introductory Statement." This draft became the basis of the Joint Stipulation as it was ultimately filed. This draft of SPI's portion of the Joint Stipulation was 13 pages, of which approximately four pages (consisting of one page in the introduction and three pages in the argument) addressed the issue of FIGS' unit sales broken down by product type.

5.  After I explained to counsel for SPI on December 23, 2019 that FIGS was willing to resolve the dispute concerning the breakdown of its unit sales, counsel for SPI sent me a revised draft of its portion of the Joint Stipulation. This near-final draft deleted or revised some of SPI's previous four-page section

3658927.1

addressing the unit sales issue, and added a request for monetary sanctions.

6. SPI was the party that wished to include in its portion of the Joint Stipulation certain of FIGS' sensitive information that were designated as Highly Confidential pursuant to the Protective Order entered in this case. I took the laboring oar in preparing the joint application to seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on March 4, 2020, at Los Angeles, California.

/s/ Fanxi Wang
Fanxi Wang

3638927.1

3
DECLARATION OF FANXI WANG