Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
Fanxi Wang - State Bar No. 287584
    fwang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Stephen J. Erigero - State Bar No. 121616
    stephen.erigero@ropers.com
Pascale Gagnon - State Bar No, 207117
    pascale.gagnon@ropers.com
ROPERS MAJESKI PC
445 South Figueroa Street, Suite 3000
Los Angeles, CA  90071
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STRATEGIC PARTNERS, INC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON,<br><br>            Defendants. | CASE NO. 2:19-cv-02286-GW-KS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**<br><br>Assigned to Hon. George H. Wu |

3667938.3

Defendants FIGS, Inc. ("FIGS"), Catherine Spear ("Spear") and Heather Hasson ("Hasson") (collectively, "Defendants") hereby answer the Fifth Amended Complaint (the "Complaint") of Plaintiff Strategic Partners, Inc. ("SPI" or "Plaintiff").  Defendants generally deny each and every allegation except those hereinafter specifically admitted. Defendants aver that SPI has brought this frivolous lawsuit not to remediate any genuine harm, but as a business strategy to harass and roadblock a successful, innovative competitor.  Defendants have included the headings reflected in the Complaint to aid the Court in reviewing this Answer.  To the extent these headings include factual allegations, Defendants expressly deny each and every allegation.  Defendants further answer the numbered paragraphs of the Complaint as follows:

## NATURE OF THE ACTION

1.     Defendants deny the allegations in paragraph 1.

2.     FIGS admits that it manufactures and sells scrubs, scrub tops, scrub bottoms, under-scrubs, lab coats, shirts, jackets, and undergarments.  Defendants deny the remaining allegations in paragraph 2.

3.     Defendants admit that Blackstone Group Holdings, L.P. is Spear's former employer.  To the extent paragraph 3 alleges what Plaintiff's belief is, no response is required.  To the extent a response is required, Defendants are without sufficient information to admit or deny this allegation, and on that basis, Defendants deny this allegation.  Defendants deny the remaining allegations in paragraph 3.

4.     Defendants admit that the statement "FIGS antimicrobial fabric reduces hospital acquired infection rates by 66%" was found on the "Threads-for-Threads" portion of FIGS's website from May 10, 2018 to March 22, 2019.  Defendants deny the remaining allegations in paragraph 4, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

5.     Defendants deny the allegations in paragraph 5.

6.     Defendants deny the allegations in paragraph 6.

7.     Defendants deny the allegations in paragraph 7.

8.     To the extent paragraph 8 alleges what Plaintiff's belief is, no response is required.  To the extent a response is required, Defendants are without sufficient information to admit or deny this allegation, and on that basis, Defendants deny this allegation.  Defendants deny the remaining allegations in paragraph 8.

9.     Defendants admit that Plaintiff manufactures and sells medical scrubs, lab coats, and other garments.  Defendants deny the remaining allegations in paragraph 9, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

10.     Defendants deny the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     Defendants admit that FIGS has donated hundreds of thousands of scrubs internationally, and that those donated scrubs are antimicrobial and of the same type as the scrubs FIGS has sold in the United States.  Defendants deny the remaining allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

## THE PARTIES

15.     Defendants are without sufficient information to admit or deny the allegations in paragraph 15, and on that basis, Defendants deny such allegations.

16.     Defendants admit that Plaintiff manufactures and sells medical scrubs, lab coats, and other garments.  Defendants deny that Plaintiff is the leader in the design, manufacture and distribution of high-quality, fashion-inspired medical apparel, medical footwear, medical accessories and school uniforms.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 16, and on that basis, Defendants deny such allegations.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit that FIGS is a Delaware corporation with a principal place of business located at 2834 Colorado Avenue, Suite 100, Santa Monica, CA 90404.  Defendants deny the remaining allegations in paragraph 18.

## **JURISDICTION AND VENUE**

19.     The allegations in paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 19.

20.     The allegations in paragraph 20 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 20.

21.     The allegations in paragraph 21 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 21.

22.     To the extent paragraph 22 alleges that Defendants (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm, Defendants deny such allegations.  The remaining allegations in paragraph 22 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 22.

23.     To the extent paragraph 23 alleges that Defendants (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm, Defendants deny such allegations.  The remaining allegations in paragraph 23 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     To the extent paragraph 25 alleges that Defendants (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm, Defendants deny such allegations.  The remaining allegations in paragraph 25 state legal conclusions to which no response is required.  To the extent a response is

required, Defendants deny the remaining allegations in paragraph 25.

## CLAIMS COMMON TO ALL COUNTS

### FIGS's Unscrupulous Beginning

26.     To the extent paragraph 26 alleges what the value of the medical apparel industry is or what contents of Blackstone's Code of Ethics are, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 23, including the allegation that Ms. Spear violated Blackstone's Code of Ethics.

27.     Defendants admit that Ms. Spear made the quoted statement during a podcast.  Defendants deny the remaining allegations in paragraph 27, including the allegation that Ms. Spear made any admission of wrongdoing.

28.     To the extent paragraph 28 alleges what Plaintiff's belief is, no response is required.  To the extent a response is required, Defendants deny this allegation.

29.     Defendants admit that Ms. Spear made the quoted statement during an interview on April 8, 2018.  Defendants deny the remaining allegations in paragraph 29, including the allegation that Ms. Spear made any admission of wrongdoing or violated Blackstone's Code of Business Conduct and Ethics.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     To the extent paragraph 32 is argumentative, no response is required. To the extent a response is required, Defendants deny this allegation.

33.     Defendants deny the allegations in paragraph 33.

### FIGS's False and Misleading Statements

34.     To the extent paragraph 34 alleges what the United States Department of Labor says, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny

1    the remaining allegations in paragraph 34.

2        35.    To the extent paragraph 35 alleges what certain purported standards,

3    directives and guidelines of the Department of Labor's Occupational Safety and

4    Health Administration and the Centers for Disease Control and Prevention's

5    Healthcare Infection Control Practices Advisory Committee say, Defendants are

6    without sufficient information to admit or deny these allegations, and on that basis,

7    Defendants deny such allegations. Defendants deny the remaining allegations in

8    paragraph 35.

9        36.    To the extent paragraph 36 alleges what certain guidelines of the

10   Centers for Disease Control and Prevention's Healthcare Infection Control Practices

11   Advisory Committee say, Defendants are without sufficient information to admit or

12   deny these allegations, and on that basis, Defendants deny such allegations.

13   Defendants deny the remaining allegations in paragraph 36.

14       37.    To the extent paragraph 37 alleges what certain guidelines of the

15   Centers for Disease Control and Prevention's Healthcare Infection Control Practices

16   Advisory Committee say, Defendants are without sufficient information to admit or

17   deny these allegations, and on that basis, Defendants deny such allegations.

18   Defendants deny the remaining allegations in paragraph 37.

19       38.    Defendants admit the allegations in paragraph 38 (except that the

20   definition of "FIGS Products" is overbroad, as noted in FIGS's response to

21   paragraph 2 above).

22       39.    The allegation in paragraph 39 regarding interstate commerce states a

23   legal conclusion to which no response is required.  To the extent a response is

24   required, Defendants deny such allegation.  Defendants deny the remaining

25   allegations in paragraph 33, including any and all allegations that Defendants (i)

26   made false and/or misleading statements and (ii) thereby deceived and/or caused

27   harm.

28

1    40.    The allegation in paragraph 40 regarding interstate commerce states a

2  legal conclusion to which no response is required.  To the extent a response is

3  required, Defendants deny such allegation.  Defendants admit that it sells certain of

4  its products online through its own website and through Amazon.  Defendants deny

5  the remaining allegations in paragraph 40.

6    41.    Defendants deny the allegations in paragraph 41.

7    42.    Defendants admit that certain healthcare workers wear medical scrubs

8  as part of their daily work uniform.  Defendants deny the remaining allegations in

9  paragraph 42, including any and all allegations that FIGS (i) made false and/or

10  misleading statements and (ii) thereby deceived and/or caused harm.

11    43.    To the extent paragraph 43 alleges what Plaintiff's belief is, no

12  response is required. To the extent a response is required, Defendants deny this

13  allegation.

14    44.    Defendants deny the allegations in paragraph 44.

15    45.    Defendants admit that the statement "FIGS antimicrobial fabric reduces

16  hospital acquired infection rates by 66%" was found on the "Threads-for-Threads"

17  portion of FIGS's website from May 10, 2018 to March 22, 2019.  Defendants deny

18  the remaining allegations in paragraph 45, including any and all allegations that

19  FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or

20  caused harm.

21    (a)    Defendants are without sufficient information to admit or deny the

22  allegations in paragraph 45(a), and on that basis, Defendants deny the allegations in

23  paragraph 45(a).

24    (b)    Defendants are without sufficient information to admit or deny the

25  allegations in paragraph 45(b), and on that basis, Defendants deny the allegations in

26  paragraph 45(b).

27    (c)    Defendants admit that the statement "FIGS antimicrobial fabric reduces

28  hospital acquired infection rates by 66%" was found on the "Threads-for-Threads"

portion of FIGS's website from May 10, 2018 to March 22, 2019.  Defendants deny the remaining allegations in paragraph 45(c), including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

46.    Defendants deny the allegations in paragraph 46.

47.    Defendants deny the allegations in paragraph 47.

48.    To the extent paragraph 48 makes allegations regarding testing purportedly performed by Plaintiff, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 48, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

49.    To the extent paragraph 49 makes allegations regarding unidentified testing, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 42, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

50.    Defendants admit that the article cited in paragraph 50 includes the quoted language.  Defendants deny the remaining allegations in paragraph 50, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the allegations in paragraph 52.

53.    Defendants admit that the pictured statement was found on the "Threads-for-Threads" portion of FIGS's website from May 10, 2018 to March 22, 2019. Defendants deny the remaining allegations in paragraph 53.

54.    Defendants admit that at times it has made the following quoted

statement: "We have donated over 90,000 sets of scrubs in 26 countries and have reduced the hospital acquired infection rate by 66% in the areas we have donated to." Defendants deny the remaining allegations in paragraph 54, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

55.     Defendants admit that FIGS has donated over 500,000 sets of scrubs. Defendants deny the remaining allegations in paragraph 55, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

56.     To the extent paragraph 56 alleges what Plaintiff's beliefs are, no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the remaining allegations in paragraph 56, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

57.     Defendants admit that at times the hangtag on certain products included the following quoted language: "ANTIMICROBIAL: Kills bacteria and infection immediately on contact."  Defendants deny the remaining allegations in paragraph 57, including any and all allegations that FIGS (i) made false and/or misleading statements, (ii) violated any EPA regulations, and (ii) thereby deceived and/or caused harm.

58.     To the extent paragraph 58 makes allegations regarding Plaintiff's knowledge and certain unidentified testing, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 58, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

59.     To the extent paragraph 59 makes allegations regarding the content of the blog Nurse Abnormalities, Defendants are without sufficient information to

1  admit or deny these allegations, and on that basis, Defendants deny such allegations.

2  Defendants deny the remaining allegations in paragraph 59, including any and all

3  allegations that FIGS (i) made false and/or misleading statements and (ii) thereby

4  deceived and/or caused harm.

5       60.    To the extent paragraph 60 makes allegations regarding the content of

6  the blog Nurse Abnormalities, Defendants are without sufficient information to

7  admit or deny these allegations, and on that basis, Defendants deny such allegations.

8  Defendants deny the remaining allegations in paragraph 60.

9       61.    To the extent paragraph 61 makes allegations regarding an unidentified

10  article and the content of the blog Nurse Abnormalities, Defendants are without

11  sufficient information to admit or deny these allegations, and on that basis,

12  Defendants deny such allegations.  Defendants deny the remaining allegations in

13  paragraph 61, including any and all allegations that FIGS (i) made false and/or

14  misleading statements and (ii) thereby deceived and/or caused harm.

15       62.    To the extent paragraph 62 makes allegations regarding the content of

16  the website Nurse.org, Defendants are without sufficient information to admit or

17  deny these allegations, and on that basis, Defendants deny such allegations.

18  Defendants deny the remaining allegations in paragraph 62.

19       63.    To the extent paragraph 63 makes allegations regarding the content of

20  an article on the website Nurse.org, Defendants are without sufficient information to

21  admit or deny these allegations, and on that basis, Defendants deny such allegations.

22  Defendants deny the remaining allegations in paragraph 63.

23       64.    To the extent paragraph 64 alleges what Plaintiff's beliefs are, no

24  response is required.  To the extent a response is required, Defendants deny the

25  allegations.

26       65.    Defendants deny the allegations in paragraph 65.

27       66.    To the extent paragraph 66 makes allegations regarding unidentified

28  testing, Defendants are without sufficient information to admit or deny these

allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 66, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

67.     To the extent paragraph 67 makes allegations regarding unidentified testing and Plaintiff's purported awareness thereof, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 67, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants admit that Plaintiff has defined the 6 purported statements as "FIGS's False or Misleading Claims."  Defendants deny the remaining allegations in paragraph 71, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

### Testing Done Showing FIGS's Statements Are False

72.     To the extent paragraph 72 makes allegations regarding Plaintiff's purported awareness, the purported testing by Skip Palenik, and Mr. Palenik's purported credentials and background, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 72, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

73.     To the extent paragraph 73 makes allegations regarding the purported purchase of FIGS scrubs, the purported testing by Mr. Palenik, and the purported statement on a particular hang tag, Defendants are without sufficient information to

admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 63.

74.     To the extent paragraph 64 makes allegations regarding the purported testing and examination by Mr. Palenik, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 74.

75.     To the extent paragraph 75 makes allegations regarding the purported testing by Mr. Palenik, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 75, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

76.     To the extent paragraph 76 makes allegations regarding the purported testing by Mr. Palenik, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 76.

77.     To the extent paragraph 77 makes allegations regarding the purported testing by Mr. Palenik, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 77, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

78.     To the extent paragraph 78 makes allegations regarding the purported testing by Mr. Palenik, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 68, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

79.     To the extent paragraph 79 makes allegations regarding the purported testing by Mr. Palenik and Mr. Palenik's purported lack of awareness of certain scientific studies, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 69, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

80.     To the extent paragraph 80 makes allegations regarding the purported testing by Mr. Palenik, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 80, including any and all allegations that FIGS (i) made false and/or misleading statements and (ii) thereby deceived and/or caused harm.

**FIGS Has Caused Injury to Consumers**

81.     Defendants deny the allegations in paragraph 81.

82.     To the extent paragraph 82 makes allegations regarding the purported purchasing decisions of certain unidentified consumers, Defendants are without sufficient information to admit or deny these allegations, and on that basis, Defendants deny such allegations. Defendants deny the remaining allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     To the extent paragraph 89 makes allegations concerning how many people have died from various pandemics, Defendants are without sufficient

1  information to admit or deny these allegations.  Defendants deny the remaining

2  allegations in paragraph 89.

3      90.  Defendants deny the allegations in paragraph 90.

4  **FIGS Has Caused Injury to Plaintiff**

5      91.  Defendants deny the allegations in paragraph 91.

6      92.  Defendants deny the allegations in paragraph 92.

7      93.  Defendants deny the allegations in paragraph 93.

8      94.  Defendants deny the allegations in paragraph 94.

9      95.  Defendants deny the allegations in paragraph 95.

10      96.  Defendants deny the allegations in paragraph 96.

11      97.  Defendants deny the allegations in paragraph 97.

12  **FIRST CAUSE OF ACTION**

13  **False Advertising in Violation of 15 U.S.C. § 1125(a)**

14  **(As to Defendant FIGS)**

15      98.  FIGS denies the allegations in paragraph 98.

16      99.  FIGS denies the allegations in paragraph 99.

17      100.  FIGS denies the allegations in paragraph 100.

18      101.  FIGS denies the allegations in paragraph 101.

19      102.  FIGS denies the allegations in paragraph 102.

20      103.  FIGS denies the allegations in paragraph 103.

21      104.  FIGS denies the allegations in paragraph 104.

22      105.  FIGS denies the allegations in paragraph 105.

23      106.  FIGS denies the allegations in paragraph 106.

24      107.  FIGS denies the allegations in paragraph 107.

25      108.  FIGS denies the allegations in paragraph 108.

26  ///

27  ///

28  ///

## **SECOND CAUSE OF ACTION**

### **Unfair Business Practices**

### **in Violation of CAL. BUS. & PROF. CODE § 17200**

### **(As to Defendant FIGS)**

109.   FIGS denies the allegations in paragraph 109.

110.   FIGS denies the allegations in paragraph 110.

111.   FIGS denies the allegations in paragraph 111.

112.   The allegations in paragraph 112 state legal conclusions to which no response is required.  To the extent a response is required, FIGS denies the allegations in paragraph 112.

113.   The allegations in paragraph 113 state legal conclusions to which no response is required.  To the extent a response is required, FIGS denies the allegations in paragraph 113.

114.   FIGS denies the allegations in paragraph 114 to the extent that Plaintiff alleges that FIGS (i) made false and/or misleading statements, (ii) failed to comply with any EPA requirements, and (ii) thereby deceived and/or caused harm.

115.   The allegations in paragraph 115 state legal conclusions to which no response is required.  To the extent a response is required, FIGS denies the allegations in paragraph 115.

116.   FIGS denies the allegations in paragraph 116.

117.   FIGS denies the allegations in paragraph 117.

118.   FIGS denies the allegations in paragraph 118.

119.   FIGS denies the allegations in paragraph 119.

120.   FIGS denies the allegations in paragraph 120.

121.   FIGS denies the allegations in paragraph 121.

122.   FIGS denies the allegations in paragraph 122.

123.   FIGS denies the allegations in paragraph 123.

124.   FIGS denies the allegations in paragraph 124.

125. FIGS denies the allegations in paragraph 125.

126. FIGS denies the allegations in paragraph 126.

**THIRD CAUSE OF ACTION**

**Unfair Business Practices**

**in Violation of Cal. Bus. Prof. Code § 17200**

**(As to All Defendants)**

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

133. Defendants deny the allegations in paragraph 133.

134. Defendants deny the allegations in paragraph 134.

135. Defendants deny the allegations in paragraph 135.

**FOURTH CAUSE OF ACTION**

**Untrue and Misleading Advertising**

**in Violation of CAL. BUS. & PROF. CODE § 17500**

**(As to Defendant FIGS)**

136. FIGS denies the allegations in paragraph 136.

137. FIGS denies the allegations in paragraph 137.

138. FIGS denies the allegations in paragraph 138.

139. FIGS denies the allegations in paragraph 139.

140. FIGS denies the allegations in paragraph 140.

141. FIGS denies the allegations in paragraph 141.

142. FIGS denies the allegations in paragraph 142.

143. FIGS denies the allegations in paragraph 143.

144. FIGS denies the allegations in paragraph 144.

145.   FIGS denies the allegations in paragraph 145.

146.   FIGS denies the allegations in paragraph 146.

## **FIFTH CAUSE OF ACTION**

### **Intentional Interference with Prospective Economic Relations**

### **(As to All Defendants)**

147.   Defendants deny the allegations in paragraph 147.

148.   Defendants deny the allegations in paragraph 148.

149.   Defendants deny the allegations in paragraph 149.

150.   To the extent paragraph 150 alleges that Plaintiff's beliefs are, no response is required.  To the extent any response is required, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 150.

151.   Defendants deny the allegations in paragraph 151.

152.   Defendants deny the allegations in paragraph 152.

153.   To the extent paragraph 153 alleges that Plaintiff's beliefs are, no response is required.  To the extent any response is required, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 153, and deny that Exhibit A contains consumers who "previously purchased Plaintiff's products and have now switched over to FIGS Products."

154.   To the extent paragraph 154 alleges that Plaintiff's beliefs are, no response is required.  To the extent any response is required, Defendants deny such allegations.  Defendants deny the remaining allegations in paragraph 154.

155.   Defendants deny the allegations in paragraph 155.

156.   Defendants deny the allegations in paragraph 156.

157.   Defendants deny the allegations in paragraph 157.

158.   Defendants deny the allegations in paragraph 158.

/ / /

/ / /

/ / /

# SIXTH CAUSE OF ACTION

## CONVERSION

### (As to Defendant Spear)

159.   Spear denies the allegations in paragraph 159.

160.   To the extent paragraph 160 alleges and purports to describe any relationship between Plaintiff and Blackstone, and alleges and purports to describe any actions Blackstone took with respect to Plaintiff's confidential information, Spear is without sufficient information to admit or deny such allegations, and on that basis denies such allegations.  Spear denies the remaining allegations in paragraph 160.

161.   To the extent paragraph 161 alleges and purports to describe any relationship between Plaintiff and Blackstone, and alleges and purports to describe any confidential information Plaintiff may have provided Blackstone, Spear is without sufficient information to admit or deny such allegations, and on that basis denies such allegations. Spear denies the remaining allegations in paragraph 161.

162.   Spear is without sufficient information to admit or deny the allegations in paragraph 162, and on that basis denies such allegations.

163.   Spear is without sufficient information to admit or deny the allegations in paragraph 163, and on that basis denies such allegations.

164.   Spear is without sufficient information to admit or deny the allegations in paragraph 164, and on that basis denies such allegations.

165.   Spear denies the allegations in paragraph 165.  Spear avers that she did not work on any projects involving Plaintiff while employed at Blackstone, and did not obtain any of Plaintiff's confidential information while employed at Blackstone.

166.   Spear admits she made the quoted statement during an interview. Spear denies the remaining allegations in paragraph 166, including the allegation that she made any admission of wrongdoing or violated Blackstone's Code of Business Conduct and Ethics.

167.   Spear denies the allegations in paragraph 167.

168.   Spear admits she made the quoted statement during a podcast. Spear denies the remaining allegations in paragraph 168.

169.   Spear admits she made the quoted statement during an interview. Spear denies the remaining allegations in paragraph 169, including the allegation that she made any admission of wrongdoing or violated Blackstone's Code of Business Conduct and Ethics.

170.   Spear is without sufficient information to admit or deny the allegations in paragraph 170, and on that basis deny these allegations.

171.   To the extent paragraph 171 alleges that Plaintiff's beliefs are, no response is required.  To the extent any response is required, Spear denies such allegations.  Spear denies the remaining allegations in paragraph 171.

172.   Spear denies the allegations in paragraph 172.

173.   Spear denies the allegations in paragraph 173.

174.   Spear denies the allegations in paragraph 174.

175.   Spear denies the allegations in paragraph 175.

176.   Spear denies the allegations in paragraph 176.

## SEVENTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (As to Defendant Spear)

177.   Spear denies the allegations in paragraph 177.

178.   Spear is without sufficient information to admit or deny the allegations in paragraph 178, and on that basis denies such allegations.

179.   Spear is without sufficient information to admit or deny the allegations in paragraph 179, and on that basis denies such allegations.

180.   Spear is without sufficient information to admit or deny the allegations in paragraph 180, and on that basis denies such allegations.

181.   The allegations in paragraph 181 state legal conclusions to which no

response is required.  To the extent a response is required, Spear denies such allegations in paragraph 181.

182.   Spear admits she graduated from Harvard Business School and worked for Citi Bank.  Spear denies the remaining allegations in paragraph 182.

183.   Spear denies the allegations in paragraph 183.

184.   Spear admits that she made the quoted statement in an interview.  Spear denies the remaining allegations in paragraph 184, and avers that she did not work on any projects involving Plaintiff while employed at Blackstone, and did not obtain any of Plaintiff's confidential information while employed at Blackstone.

185.   Spear denies the allegations in paragraph 185.

186.   Spear denies the allegations in paragraph 186.

187.   Spear admits that she made the quoted statement in a podcast.  Spear denies the remaining allegations in paragraph 187.

188.   Spear admits that she made the quoted statement in an interview.  Spear denies the remaining allegations of paragraph 188, including the allegation that she made any admission of wrongdoing or violated Blackstone's Code of Business Conduct and Ethics.

189.   To the extent paragraph 189 alleges what Plaintiff's beliefs are, no response is required.  To the extent a response is required, Spear denies the allegations of paragraph 189.

190.   Spear denies the allegations of paragraph 190.

191.   Spear is without sufficient information to admit or deny allegations purporting to describe the content of Blackstone's Code of Ethics, and on that basis, denies these allegations.

192.   Spear admits that she was employed by Blackstone.  Spear is without sufficient information to admit or deny the remaining allegations of paragraph 192, and on that basis denies these allegations.

193.   Spear denies the allegations in paragraph 193.

194.   Spear denies the allegations in paragraph 194.

195.   Spear denies the allegations in paragraph 195.

196.   Spear denies the allegations in paragraph 196.

197.   Spear denies the allegations in paragraph 197.

198.   Spear denies the allegations in paragraph 198.

199.   Spear denies the allegations in paragraph 199.

**EIGHTH CAUSE OF ACTION**

**Aiding and Abetting Breach of Fiduciary Duty**

**(As to Defendants Hasson and FIGS)**

200.   Hasson and FIGS deny the allegations in paragraph 200.

201.   Hasson and FIGS deny the allegations in paragraph 201.

202.   Hasson and FIGS deny the allegations in paragraph 202.

203.   Hasson and FIGS deny the allegations in paragraph 203.

204.   Hasson and FIGS deny the allegations in paragraph 204.

205.   Hasson and FIGS deny the allegations in paragraph 205.

206.   Hasson and FIGS deny the allegations in paragraph 206.

207.   Hasson and FIGS deny the allegations in paragraph 207.

208.   Hasson and FIGS deny the allegations in paragraph 208.

209.   Hasson and FIGS deny the allegations in paragraph 209.

210.   Hasson and FIGS deny the allegations in paragraph 210.

211.   Hasson and FIGS deny the allegations in paragraph 211.

212.   Hasson and FIGS deny the allegations in paragraph 212.

213.   Hasson and FIGS deny the allegations in paragraph 213.

214.   Hasson and FIGS deny the allegations in paragraph 214.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief from any of the Defendants.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendants assert the following affirmative defenses, without admitting that Defendants would bear the burden of proof on any of the following:

### FIRST AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs Unavailable)

There is no contract alleged in the Complaint, nor is there any statutory basis that gives rise to a claim for attorneys' fees and costs in this case.  Defendants' conduct as alleged in the Complaint does not arise from any contract with Plaintiff or any statute providing for attorneys' fees and costs and, as a result, the Complaint, and each and every claim for relief therein, fail to allege facts sufficient to support a claim for attorneys' fees and costs.

### SECOND AFFIRMATIVE DEFENSE

### (Benefits Outweigh Impact)

Defendants' conduct as alleged in the Complaint does not constitute unfair business practices.  Defendants used their respective expertise and experience to create products and direct-to-consumer service offerings that were responsive to an untapped demand in the medical apparel industry, promoting fair and necessary competition for the benefit of the consumers.  As a result, the Complaint, and each and every claim for relief therein, are barred, in whole or in part, because the benefits of the alleged unfair business practices outweigh whatever particular harm or impact it may cause to an alleged victim and therefore the business practice is not unfair under California Business & Professions Code § 17200.

### THIRD AFFIRMATIVE DEFENSE

### (Conformity with Laws)

In conformity with the law, Defendants used their respective expertise and experience to create products and direct-to-consumer service offerings that were responsive to an untapped demand in the medical apparel industry, promoting fair

and necessary competition for the benefit of the consumers.  As a result, the Complaint, and each and every claim for relief therein, are barred, in whole or in part, because FIGS's actions were at all times taken in conformity with applicable laws, statutes, regulations, rules and/or standards.

## FOURTH AFFIRMATIVE DEFENSE

### (Disgorgement and Restitution Unavailable)

Defendants' conduct as alleged in the Complaint did not result in wrongful gains to the Defendants to the detriment of Plaintiff, and such conduct was not unlawful or unfair.  Rather, Defendants used their respective expertise and experience to create products and direct-to-consumer service offerings that were responsive to an untapped demand in the medical apparel industry, promoting fair and necessary competition.  As a result, the Complaint, and each and every claim for relief therein, fail to allege facts sufficient to support a claim for disgorgement and/or restitution.

## FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Failure to State a Claim)

Defendants' alleged conduct was not malicious, fraudulent, or oppressive, but rather was undertaken to promote healthy, fair and necessary competition in the medical apparel industry for the benefit of consumers.  As a result, the Complaint, and each and every claim for relief therein, fail to allege facts sufficient to support a claim for punitive or exemplary damages against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Despite its complaint of unlawful conduct by Defendants, Plaintiff has taken no steps to alleviate or reduce the impact of Defendants' alleged conduct.  Plaintiff continues to ignore the market demand that it, along with others in the industry, have left untapped and, instead of trying to generate sales and profits for itself by improving its marketing and business strategies, Plaintiff now seeks to reap the

benefits of the hard work of other by filing suit against Defendants.  As a result, Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint does not set forth facts that support the claims made against Defendants.  For example, the Complaint fails to sufficiently allege that Defendant Spear owed any fiduciary duty to Plaintiff, and fails to identify any specific prospective economic relationship between Plaintiff and a third party that Defendants actually disrupted.  As a result, the Complaint, and each and every claim for relief therein, fail to state a claim or cause of action against Defendants upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants' conduct as alleged in the Complaint was undertaken in good faith for the advancement of their legitimate business interests.  Their actions were aimed at competitively offering alternatives to the options that had previously been made available to consumers in the medical apparel industry.  As a result, the Complaint, and each and every claim for relief therein, are barred, in whole or in part, because Defendants' actions were at all times reasonable and were taken in the good faith exercise of its reasonable business judgment, and, moreover, Defendants at all relevant times exercised due care and acted in good faith regarding the matters which are the subject of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Justification)

Defendants used their respective expertise and experience to create products and direct-to-consumer service offerings that were responsive to an untapped demand in the medical apparel industry, promoting fair and necessary competition.

1    Defendants' conduct was further aimed at creating competitive alternatives in a long

2    stagnant marketplace and properly serving the medical professionals who work

3    tirelessly to serve others.  As a result, the Complaint, and each and every claim for

4    relief therein, are barred, in whole or in part, because FIGS's conduct was justified,

5    privileged, and/or performed in good faith, without malice, spite, or conscious,

6    reckless, or negligent disregard of anyone's rights, if any, and/or without improper

7    purpose or motive, maliciousness, or ill will of any kind.

8                             **TENTH AFFIRMATIVE DEFENSE**

9                                          **(Laches)**

10            An unreasonable amount of time—seven years—has passed since the

11   incidents alleged in the Complaint took place, during which Plaintiff failed to bring

12   its alleged claims.  As a result, the Complaint, and each and every claim for relief

13   therein, are barred, in whole or in part, by the doctrine of laches.

14                         **ELEVENTH AFFIRMATIVE DEFENSE**

15                                      **(No Causation)**

16            Defendants used their respective expertise and experience to create products

17   and direct-to-consumer service offerings that were responsive to an untapped

18   demand in the medical apparel industry, promoting fair and necessary competition.

19   Any consumers who may have purchased FIGS' products instead of Plaintiff's

20   products did so because of the superiority in quality and design of FIGS' products

21   and the ease of FIGS' direct-to-consumer website, not because of any acts or

22   omissions by Defendants alleged in the Complaint.  Thus, assuming, *arguendo*, that

23   Plaintiff sustained a loss, injury, and/or damage, either as alleged in the Complaint

24   or otherwise, such loss, injury, and/or damage are not recoverable from FIGS

25   because any alleged act or omission of FIGS was not the cause of such loss, injury,

26   and/or damage.

27   / / /

28   / / /

## TWELFTH AFFIRMATIVE DEFENSE

### (No Damages)

Defendants used their respective expertise and experience to create products and direct-to-consumer service offerings that were responsive to an untapped demand in the medical apparel industry, promoting fair and necessary competition. As a result, Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff suffered no recognizable loss, injury and/or damage as a result of the matters which are the subject of the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Likely to Deceive)

Consumers purchased FIGS' products because of its superior quality, fashionable design, and because of FIGS' convenient direct-to-consumer website. They did not purchase FIGS' products because of any of the purported statements made by Defendants as alleged in the Complaint.  Therefore, the Complaint, and each and every claim for relief therein, are barred, in whole or in part, because the alleged statements made by Defendants are not likely to deceive.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Puffery)

The alleged statements by Defendants set forth in the Complaint are mere puffery, such that reasonable consumers would not rely on the alleged statements in making purchasing decisions.  Therefore, the Complaint, and each and every claim for relief therein, are barred, in whole or in part, because the alleged statements which are the subject of the Complaint are mere puffery.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's alleged damages include alleged loss of profits arising from a diminution in its share of the market in the medical apparel industry, which cannot be valued without speculation as to what sales it would have made without

1  Defendants' conduct as alleged in the Complaint.  As a result, the Complaint, and

2  each and every claim for relief therein, are barred, in whole or in part, because the

3  alleged damages, if any, are speculative, and because of the impossibility of

4  ascertaining and allocating these alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

7       Defendants' conduct as alleged in the Complaint began as early as 2012

8  based on Plaintiff's own allegations.  As a result, the Complaint, and each and every

9  claim for relief therein, are barred, in whole or in part, by the applicable statutes of

10  limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13       Faced with competition from a younger, more innovative company that it

14  could not keep up with, Plaintiff undertook to attack Defendants to try to remove

15  FIGS from the medical apparel industry.  However, Plaintiff does not come to court

16  with clean hands.  Plaintiff has used Silvadur™ —the very same silver-based

17  antimicrobial technology that FIGS has used—to treat its scrubs, and has made

18  many advertising statements about the antimicrobial effects of its products that are

19  very similar to the claims Plaintiff is now accusing FIGS of falsely making in the

20  Complaint.  For example, SPI advertised for many years that:

- its antimicrobial fabric technology "starts to work upon contact with unwanted bacteria on the fabric . . . essentially the bacteria cell is rendered ineffective immediately";

- its CERTAINTY™ antimicrobial technology, which incorporates Silvadur™, "reduces, inhibits and minimizes the growth of bacteria on garments";

- "An antimicrobial technology in CERTAINTY is activated in the presence of undesirable bacteria.  When the undesirable bacteria come

into contact with CERTAINTY-treated fabrics, the growth of the bacteria is disrupted and the bacteria are continually reduced";

- "protect yourself and your patients better with antimicrobial fabric from Certainty, and antimicrobial with a fluid barrier from Certainty Plus in collections like Infinity by Cherokee" (through Plaintiff's retailer Allheart.com); and

- antimicrobial scrubs "help reduce the transmission of microbes around the hospital" (through Plaintiff's retailer Allheart.com).

SPI's conduct and advertising statements with respect to the very subject matter of its Complaint—*i.e.* the antimicrobial effects of Silvadur™-based scrubs—goes directly to the heart of the equitable relations between the parties.  Therefore, the Complaint, and each and every claim for relief therein, are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Defendants' conduct as alleged in the Complaint was lawful and translated into fair and necessary competition for the benefit of consumers.  Thus, any recovery by Plaintiff against Defendants are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover anything from FIGS under the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

None of the Defendants ever owed fiduciary duties to Plaintiff.  Therefore, Plaintiff's Seventh and Eighth Causes of Action are barred by lack of standing.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Privilege)

Defendants' conduct as alleged in the Complaint was lawful and translated into fair and necessary competition for the benefit of consumers.  Defendants had

legitimate financial interests in protecting FIGS' business, and acted reasonably and in good faith using appropriate means to protect such interests.  As such, Plaintiff's Complaint is barred in whole or in part because Defendants' alleged conduct was privileged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Defendants reserve the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request: (1) Judgment dismissing the Complaint with prejudice; (2) Judgment denying all relief requested by Plaintiff and granting Defendants attorneys' fees and costs in defending against Plaintiff's Complaint; and (3) such other and further relief as this Court deems just and equitable.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants request a trial by jury for each issue that is triable before a jury.


DATED:  August 31, 2020          Bird, Marella, Boxer, Wolpert, Nessim,
                                 Drooks, Lincenberg & Rhow, P.C.


                                 By: _____/s/ Ekwan E. Rhow_____
                                          Ekwan E. Rhow
                                 Attorneys for Defendant FIGS, INC.