Jacob S. Kreilkamp (State Bar No. 248210)
  jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
  adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
  sara.mcdermott@mto.com
James Salzmann (State Bar No. 324527)
  james.salzmann@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Ekwan E. Rhow (State Bar No. 174604)
  erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
  jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
  fwang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC, CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br> Defendants. | CASE NO. 2:19-cv-02286-JWH-KS <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Date: March 19, 2021 <br> Time: 9:00 a.m. <br> Crtrm.: 2 <br><br> Assigned to Hon. John W. Holcomb |

*Additional Counsel*

Xiaonan April Hu (State Bar No. 321354)
    april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:  (202) 220-1100
Facsimile:   (202) 220-2300

Stephen J. Erigero (State Bar No. 121616)
    stephen.erigero@ropers.com
Pascale Gagnon (State Bar No, 207117)
    pascale.gagnon@ropers.com
ROPERS MAJESKI PC
445 South Figueroa Street, Suite 3000
Los Angeles, California 90071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Defendants

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   ARGUMENT ............................................................................................. 1

    A.    Defendants' Motion Is Timely ....................................................... 1

    B.    Courts Regularly Dismiss Claims Within a Single Cause of
          Action ............................................................................................. 2

    C.    SPI Fails to Allege Cognizable Lanham Act Claims ..................... 4

          1.    66% HAI Statement ............................................................ 4

          2.    Silver Statement ................................................................. 5

          3.    Fluid Barrier Claim ............................................................ 6

          4.    One-for-One Claim ............................................................. 6

    D.    SPI Effectively Concedes Application of CUTSA ......................... 7

    E.    SPI's Fiduciary Duty Claims Fail on Multiple Grounds ................ 9

    F.    SPI Is Not Entitled to Equitable Relief Under the UCL or FAL .......... 11

    G.    Leave to Amend Is Unwarranted ................................................. 12

III.  CONCLUSION ........................................................................................ 12

# <u>TABLE OF AUTHORITIES</u>

**Page**

**FEDERAL CASES**

*American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc.*,
  2009 WL 2714017 (D. Ariz. Aug. 27, 2009) ........................................................ 3

*Arthur J. Gallagher & Co. v. Tarantino*,
  -- F. Supp. 3d --, 2020 WL 6415272 (N.D. Cal. Nov. 2, 2020) ........................... 11

*Bryant v. Mattel, Inc.*,
  2010 WL 3705668 (C.D. Cal. Aug. 2, 2010) ........................................................ 8

*Caltex Plastics, Inc. v. Elkay Plastics Co.*,
  2015 WL 13283255 (C.D. Cal. Feb. 4, 2015) ....................................................... 4

*Copart, Inc. v. Sparta Consulting, Inc.*,
  277 F. Supp. 3d 1127 (E.D. Cal. 2017) ............................................................... 11

*Dunakin v. Quigley*,
  99 F. Supp. 3d 1297 (W.D. Wash. 2015) .............................................................. 2

*EcoDisc Technology AG v. DVD Format/Logo Licensing Corp.*,
  711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................................... 7

*EP Henry Corp. v. Cambridge Pavers, Inc.*,
  383 F. Supp. 3d 343 (D.N.J. 2019) ...................................................................... 3

*Fajardo v. County of Los Angeles*,
  179 F.3d 698 (9th Cir. 1999) ........................................................................... 9, 10

*General Electric Co. v. Sargent & Lundry*,
  916 F.2d 1119 (6th Cir. 1990) .............................................................................. 1

*Holloway v. Best Buy Co.*,
  2009 WL 1533668 (N.D. Cal. May 28, 2009) ................................................... 2, 3

*Integral Development Corp. v. Tolat*,
  675 F. App'x 700 (9th Cir. 2017) ....................................................................... 10

*Kenall Manufacturing Co. v. Cooper Lighting, LLC*,
  354 F. Supp. 3d 877 (N.D. Ill. 2018) ................................................................... 2

*Living on the Edge, LLC v. Lee*,
  2015 WL 12661917 (C.D. Cal. Aug. 25, 2015) .................................................... 4

# TABLE OF AUTHORITIES
### (Continued)

**Page**

*Mattel, Inc. v. MGA Entertainment, Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011)................................................................. 8

*Neilson v. Union Bank of California, N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003)............................................................. 10

*NetApp, Inc. v. Nimble Storage, Inc.*,
   41 F. Supp. 3d 816 (N.D. Cal. 2014)................................................................... 7

*Norsat International, Inc. v. B.I.P. Corp.*,
   2013 WL 5530771 (S.D. Cal. Oct. 3, 2013)......................................................... 8

*In re Outlaw Laboratory, LLP*,
   463 F. Supp. 3d 1068 (S.D. Cal. 2020) ............................................................... 5

*Pantastico v. Department of Education*,
   406 F. Supp. 3d 865 (D. Haw. 2019) .................................................................. 2

*Estate of Pimentel v. City of Ceres*,
   2019 WL 2598697 (E.D. Cal. June 25, 2019)...................................................... 3

*Silvercrest Realty, Inc. v. Great Am. E&S Insurance Co.*,
   2012 WL 13028094 (C.D. Cal. Apr. 4, 2012)..................................................... 12

*Spencer v. DHI Mortgage Co.*,
   642 F. Supp. 2d 1153 (E.D. Cal. 2009) ............................................................. 10

*SunPower Corp. v. SolarCity Corp.*,
   2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ..................................................... 8

*Total Recall Technologies v. Luckey*,
   2016 WL 199796 (N.D. Cal. Jan. 16, 2016) .................................................... 7, 8

*United States v. Alexander*,
   106 F.3d 874 (9th Cir. 1997) .............................................................................. 6

*World Surveillance Group Inc. v. La Jolla Cove Investors, Inc.*,
   66 F. Supp. 3d 1233 (N.D. Cal. 2014)............................................................... 10

# TABLE OF AUTHORITIES
## (Continued)

**Page**

**STATE CASES**

*Amtower v. Photon Dynamics, Inc.*,
    158 Cal. App. 4th 1582 (2008)................................................................9

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*,
    171 Cal. App. 4th 939 (2009)................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003)................................................................11, 12

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011)................................................................7

*Silvaco Data Systems v. Intel Corp.*,
    184 Cal. App. 4th 210 (2010)................................................................7

**FEDERAL STATUTES**

Lanham Act,
    15 U.S.C. § 1051 et seq. ................................................................*passim*

Social Security Act,
    42 U.S.C. §§ 301-1305 et seq.................................................................2

**STATE STATUTES**

California Unfair Competition Law,
    Bus. & Prof. Code § 17200 ................................................................2, 3, 11

Cal. Civ. Code § 3426.1(d)................................................................9

**FEDERAL RULES**

Fed. R. Civ. P. 9(b) ................................................................6, 7

Fed. R. Civ. P. 12(b)(6) ................................................................2

Fed. R. Civ. P. 12(c) ................................................................1, 2, 3

## I.      INTRODUCTION

Plaintiff Strategic Partners, Inc. ("SPI") has had two years and six operative complaints in which to allege a cognizable claim for relief under various federal and state laws.  Yet time and again, it has fallen short of this most basic requirement.  SPI's Fifth Amended Complaint ("Complaint") is no different.  Indeed, SPI's opposition repeatedly offers to amend the pleadings once more to salvage its flawed claims, notwithstanding that SPI has had more than its fair share of opportunities to do so.  This Court need not and should not offer SPI a seventh bite at the apple.  Where, as here, the complaint fails to allege either a cognizable legal theory or facts sufficient to support a cognizable legal claim, Federal Rule of Civil Procedure 12(c) authorizes the Court to grant judgment on the pleadings, and Defendants respectfully request that the Court do so without leave for further amendment.[1]

## II.     ARGUMENT

### A.      Defendants' Motion Is Timely

At the outset, SPI suggests, without supporting legal authority, that the Court should deny FIGS' motion because Defendants have not offered what SPI perceives to be a sufficiently satisfying justification for moving on the pleadings after answering the Complaint.  (Opp. at 8.)  That argument is meritless for two reasons.

*First*, SPI ignores that Rule 12(c) has no good cause requirement, which the drafters knew how to add if they wanted one.  *See* Fed. R. Civ. P. 16(b); *cf. Gen. Elec. Co. v. Sargent & Lundry*, 916 F.2d 1119, 1131 (6th Cir. 1990) (concluding "the alleged untimeliness of the [Rule 12(c)] motion is no bar to the dismissal of this suit" where motion was supported and plaintiff did not articulate "any prejudice

---

[1] SPI's opposition repeatedly goes beyond the boundaries of its Complaint to fold in new, unsubstantiated allegations clearly aimed at undermining FIGS' reputation. (*See, e.g.*, Opp. at 19.)  FIGS does not address these over-the-top statements—or the many other patently false and deliberately inflammatory allegations in SPI's Complaint—because they are not relevant to the motion, which is narrowly focused on the sufficiency (or lack thereof) of SPI's pleading.

caused by the delay").  Indeed—as SPI is forced to concede—Rule 12(c) expressly permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed" "but early enough not to delay trial," which Defendants have done.

*Second*, SPI does not even attempt to articulate in its opposition how, if at all, FIGS' motion would delay trial, which is the only constraint Rule 12(c) imposes. Instead, SPI's position appears to be that *any* Rule 12(c) motion is inappropriate if the moving party had an opportunity to file a Rule 12(b)(6) motion to dismiss.  (*See* Opp. at 8.)  This misinterpretation of the Federal Rules of Civil Procedure would render Rule 12(c) a nullity and provides no basis for denying FIGS' motion.

### B.     Courts Regularly Dismiss Claims Within a Single Cause of Action

SPI also asserts throughout its opposition that this Court has no authority to dismiss SPI's Lanham Act and California Unfair Competition Law ("UCL") claims because "Ninth Circuit case law is clear that a motion for judgment on the pleadings does not permit piecemeal dismissals of parts of claims."  (Opp. at 9, 20.)  Not so.

District courts both within and outside the Ninth Circuit regularly consider and grant judgment on the pleadings with respect to portions of a single cause of action when the challenged portions are "standalone claim[s]" folded into a single, overarching claim.  *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 897–98 (N.D. Ill. 2018) (describing distinction between moving on "only part of a true claim," which Rule 12(c) does not permit, and moving on multiple standalone claims comprising a single cause of action, which it does); *see also, e.g.*, *Pantastico v. Dep't of Educ.*, 406 F. Supp. 3d 865, 880 (D. Haw. 2019) (granting judgment on the pleadings with respect to the portion of a 42 U.S.C. § 1983 claim based on Equal Protection violation, but not on Due Process); *Dunakin v. Quigley*, 99 F. Supp.3d 1297, 1320–22 (W.D. Wash. 2015) (dismissing one portion of a Social Security Act claim); *Holloway v. Best Buy Co.*, 2009 WL 1533668, at *4 (N.D. Cal. May 28, 2009) ("In light of the purpose of Rule 12(c) motions . . . and given that each cause of action in the TAC alleges what could be construed as several separate claims, the

court finds no reason not to consider Best Buy's motion for judgment on the pleadings as to less than entire causes of action.").  To proceed otherwise would elevate form over function in contravention of Rule 12(c)'s purpose, which is to *promote judicial efficiency* by allowing courts to dispose of those portions of a case where "a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially-noticed facts." *Holloway*, 2009 WL 1533668, at *4.

Consistent with this practice, courts regularly grant judgment on the pleadings with respect to parts of Lanham Act claims in particular.  In *American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc.*, 2009 WL 2714017, at *2 (D. Ariz. Aug. 27, 2009), for example, the defendants moved for partial judgment on the pleadings as to three allegedly false statements.  The court rejected the argument that a Rule 12(c) motion had to be all or nothing on the Lanham Act claim, where the complaint "contain[ed] what could be construed as several claims for false advertising based on separate statements." *Id.*; *see also EP Henry Corp. v. Cambridge Pavers, Inc.*, 383 F. Supp. 3d 343, 350, 352 (D.N.J. 2019) (similar).

The same is true here.  As SPI concedes, the Complaint identifies five distinct advertising claims that SPI asserts are either false or misleading.  (*See* Opp. at 4–5.) In SPI's view, each advertising claim, *standing alone*, supports a Lanham Act claim. This Court thus has ample authority under Rule 12(c) to grant partial judgment on the pleadings as to each statement.  *See Am. Traffic Solutions, Inc.*, 2009 WL 2714017, at *2.  That is doubly true of SPI's UCL claim, which SPI *itself* divided into three separate causes of action.  (*See* Dkt. No. 152 ¶¶ 109–146.)

SPI's contrary position fundamentally misunderstands the nature of Defendants' motion.  Defendants do not seek judgment on individual factual allegations contained in the complaint, but instead judgment on *standalone claims* that SPI chose to consolidate into a single cause of action.  *See Holloway*, 2009 WL 1533668, at *4.  SPI's citation to *Estate of Pimentel v. City of Ceres*, 2019 WL 2598697 (E.D. Cal. June 25, 2019), is thus inapposite.  There, the defendant moved

to dismiss or strike certain *factual allegations* in the complaint—*not* a distinct legal claim.  *Id.* at *10 (denying defendants' request to dismiss or strike "paragraphs 97 through 177 of the complaint," which contained specific factual allegations).[2]

### C.   SPI Fails to Allege Cognizable Lanham Act Claims

SPI's arguments with respect to each of its Lanham Act claims fare no better.

#### 1.   66% HAI Statement

To begin, SPI all but abandons any Lanham Act claim based on FIGS' statements that "[c]lean scrubs reduce the hospital-acquired infection rates by 66%."[3]  (Dkt. No. 152 ¶¶ 45(a), 45(b), 60.)  In fact, SPI admits in its opposition that it is pursuing only the allegedly false claim that "FIGS antimicrobial fabric reduces hospital acquired infection rates by 66%."  (Opp. at 10 (quoting Dkt. No. 152 ¶ 45(c)).)  But here too, SPI's opposition falls short.

SPI does not contest that it needs to allege more than a lack of substantiation to survive judgment on the pleadings.  (*See id.* at 10–11.)  Instead, it claims that its allegations regarding testing with respect to *two different statements*—regarding fluid barrier protection and the "kill[s] bacteria on contact" statement—should be read to include an affirmative allegation as to testing on the 66% HAI Statement.  (*See id.*)  This is nonsensical: SPI cannot rely on test results for *other* tests regarding *other* properties of FIGS' scrubs to construct a foundationless claim as to the 66% HAI Statement.  With no allegation that it actually tested the substance of the 66% HAI Statement itself, SPI is left alleging only that there is no substantiation for this statement.  That is not enough.  *See Caltex Plastics, Inc. v. Elkay Plastics Co.*, 2015

---

[2] SPI's citation to *Living on the Edge, LLC v. Lee*, 2015 WL 12661917 (C.D. Cal. Aug. 25, 2015), is similarly unpersuasive.  *Living on the Edge* was based on the court's mistaken belief that no court had ever granted "partial judgment on the pleadings with respect to less than a full cause of action."  *Id.* at *4 (citation omitted).  As discussed *supra*, however, courts regularly do exactly this.

[3] SPI attempts to argue that the law of the case doctrine bars FIGS' challenge to the "[c]lean scrubs reduce [] hospital-acquired infection rate[s] by 66%" statement.  (Opp. at 9.)  Not so: Judge Wu never addressed this argument.  (*See* Dkt. No. 42.)

WL 13283255, at *5 (C.D. Cal. Feb. 4, 2015) ("[A] false advertising claim cannot be proved on 'lack of substantiation' grounds.").  Because SPI failed to adequately allege *either* literal falsity *or* that the 66% HAI Statement is misleading (*see* Mot. at 9–10), FIGS is entitled to judgment on the pleadings on this claim.

### 2.    Silver Statement

Neither can SPI salvage its Lanham Act claim based on a statement on Nurse.org that FIGS' scrubs are "literally made of silver."  SPI devotes substantial space to arguing that just because the Complaint alleges that particles of silver were detected *on* FIGS' fabric, this does not mean the Silver Statement is literally true. (Opp. at 12 ("[I]f an item is 'literally made of silver,' one expects that [sic] the item to contain silver particles *within* the fabric itself.").)  But SPI's proposed distinction, between particles *on* a piece of fabric and *within* a piece of fabric, makes no sense. A dress spun out of silk and studded with diamonds is made of silk and diamonds, irrespective of whether the diamonds are sewn *onto* the silk or *into* the silk.  The same is true of FIGS' scrubs.  That SPI was able to detect particles of silver on FIGS' scrubs and included those allegations in the Complaint only demonstrates that the Silver Statement is *true* and not the proper subject of a Lanham Act claim.

Similarly, SPI acknowledges that third-party statements are not actionable under the Lanham Act absent allegations that a defendant controlled, monitored, or encouraged the false advertising.  (*Id*. at 13–14.)  The Complaint alleges *none* of these circumstances.  At most, SPI alleges that "FIGS paid Nurse.org for referrals generated by Nurse.org."  (Dkt. No. 152 ¶ 64.)  But mere referral payments from a third-party website do not support an inference that FIGS controlled, monitored, or encouraged Nurse.org to make the Silver Statement.  That is simply not enough to survive a motion for judgment on the pleadings.[4]  *See, e.g.*, *In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1084 (S.D. Cal. 2020).

---

[4] In any event, the Silver Statement is "inactionable puffery."  (*See* Mot. at 11.)

### 3.   Fluid Barrier Claim

SPI does not dispute that it fails to allege any instance when FIGS claimed its scrubs provided a "fluid barrier," offering instead to amend its pleadings.  (Opp. at 14–15.)  As discussed in FIGS' motion, however (Mot. at 24–25), SPI should not be able to amend yet again after squandering its many prior chances to do so.

### 4.   One-for-One Claim

With respect to its One-for-One Claim, SPI all but abandons any claim under the Lanham Act on the supposed basis that FIGS donated scrubs of lower cost. Instead, SPI acknowledges that "the crux of SPI's Lanham Act claim [is] based on [the allegation that] FIGS did not donate a set of scrubs for every set of scrubs sold." (Opp. at 16 (emphasis omitted).)  SPI also does not dispute that a lack of substantiation is insufficient to survive a motion for judgment on the pleadings, offering again to amend its pleadings to allege with greater particularity why FIGS' One-for-One Claim is false.  (*See id.* at 17.)  These concessions alone warrant judgment on the pleadings in FIGS' favor on this particular Lanham Act claim.

SPI's efforts to salvage the claim fail for an additional reason: the Complaint plainly does not meet Rule 9(b)'s heightened pleading standard for allegations of fraudulent conduct.  (*See* Mot. at 13.)  SPI asserts, wrongly and against the law of the case, that Rule 9(b)'s heightened pleading standard does not apply to its Lanham Act claim.  (Opp. at 16.)  Countless courts within this Circuit, *including Judge Wu in this case*,[5] have held, however, that the heightened pleading standard applies to Lanham Act claims "grounded in fraud, such as misrepresentation claims."  *E.g.*,

---

[5] Because Judge Wu previously concluded that "SPI's claims sound in fraud and . . . must therefore meet the heightened pleading standard" (Dkt. No. 42 at 9), SPI's arguments to the contrary are barred by the law of the case.  *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court." (internal quotation marks omitted)).

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010).  That rule applies with particular force here, where SPI *itself* alleges in its First Cause of Action under the Lanham Act that FIGS' allegedly false advertising statements were "unlawful, *fraudulent*, and unfair."[6]  (Dkt. No. 152 ¶ 106 (emphasis added).)  Because SPI has failed to satisfy Rule 9(b)'s heightened pleading standards (*see* Mot. at 13), this claim fails as well.

### D.   SPI Effectively Concedes Application of CUTSA

Despite bringing claims clearly premised on allegations of trade secret misappropriation, SPI argues that they are not preempted by the California Uniform Trade Secrets Act ("CUTSA").  But "California courts have ruled that 'CUTSA's "comprehensive structure and breadth" suggests a legislative intent to occupy the field,' and that CUTSA preempts common law claims 'based on the same nucleus of facts as [a] misappropriation of trade secrets claim for relief.'"  *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 839 (N.D. Cal. 2014) (quoting *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*, 171 Cal. App. 4th 939, 954–58 (2009)).  Indeed, "CUTSA provides the *exclusive* civil remedy for conduct falling within its terms."  *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010), *disapproved of on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) (emphasis added).  As "the same nucleus of facts" necessarily encompasses claims *beyond* trade secret misappropriation, "*[e]very district court* in our circuit to consider this aspect of *Silvaco* has held that CUTSA supersedes claims based on the misappropriation of *non*-trade secret information, except where there is some other provision of positive law granting a property right in that information."  *Total Recall Techs. v. Luckey*, 2016 WL 199796, at *7 (N.D. Cal. Jan. 16, 2016) (emphasis added).  SPI's contrary arguments fly in the face of this established law.

To begin, SPI's assertion that "CUTSA only preempts a claim that is 'based

---

[6] SPI even reasserts *in its opposition* that it is alleging fraud.  (Opp. at 4.)

1  on the *identical* nucleus of facts' as a trade secrets misappropriation claim"[7] is

2  misleading.  (Opp. at 18 (quoting *Norsat Int'l, Inc. v. B.I.P. Corp.*, 2013 WL

3  5530771, at *7 (S.D. Cal. Oct. 3, 2013)).)  *Norsat* found simply that preemption

4  applies when the facts are identical; the "only" is SPI's addition.[8]  Moreover, *Norsat*

5  addressed CUTSA in the context of claims arising out of contract.  That is not the

6  case here, where SPI cannot—as the law requires—identify any separate provision

7  of positive law giving it a property right in the information at issue.  *See Mattel, Inc.*

8  *v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 996–97 (C.D. Cal. 2011) (a plaintiff "cannot

9  'identify any property right' in its confidential information 'outside of trade secrets

10 law,' because no such property right exists under California law" (citation omitted)).

11         SPI also contends that CUTSA preemption is unwarranted because "SPI does

12 not even allege a trade secret claim, let alone, a CUTSA claim."  (Opp. at 19.)  If

13 preemption applied only where a plaintiff brings a CUTSA claim in parallel, it

14 indeed would be easy to avoid.  But it is well-settled that because CUTSA's

15 language "implicitly preempts alternative civil remedies based on trade secret

16 misappropriation," a "different theory of liability" does not "survive the [C]UTSA's

17 supersessive effect."  *Mattel, Inc.*, 782 F. Supp. 2d at 985 (citations omitted).[9]

18         SPI's attempts to distinguish *SunPower* and *Total Recall* are unavailing—and

19

---

20 [7] SPI argues—without citation—that judgment should be denied because Ms. Spear
21 has not *produced* the allegedly converted information.  Ms. Spear cannot, of course,
   produce what does not exist, but SPI's proposal also would "put[] parties in the
22 uncomfortable position of conceding CUTSA liability in order to prevail on another
23 claim."  *Bryant v. Mattel, Inc.*, 2010 WL 3705668, at *21 (C.D. Cal. Aug. 2, 2010).
   [8] As Judge Stevenson found, SPI "selectively quotes" and "cherry-picks quotations"
24 from inapposite law.  (Dkt. No. 268 at 9.)  The opposition is no exception.
25 [9] SPI's limited, unpublished support for any contrary proposition dates
   contemporaneously with, or prior to, the definitive state-law cases on the topic, *K.C.*
26 *Multimedia* and *Silvaco*.  (*See* Opp. at 19.)  Since *Silvaco*, courts have roundly
27 rejected narrow interpretations of CUTSA.  *See, e.g.*, *SunPower Corp. v. SolarCity*
   *Corp.*, 2012 WL 6160472, at *6 (N.D. Cal. Dec. 11, 2012) (collecting cases); *Total*
28 *Recall*, 2016 WL 199796, at *8.

indeed only strengthen the argument in favor of preemption, because SPI makes two critical concessions. *First*, SPI reaffirms that any allegedly converted information concerns "SPI's 'customers,' 'customer preferences,' 'suppliers,' 'sales,' and 'inventory,' which hold inherent value to SPI's business strategy and enterprise." (Opp. at 20 (quoting Dkt. No. 152 ¶ 161).) *Second*, SPI confirms that this material was valuable *because* it was unknown to competitors. (*Id.*) Thus, SPI *all but admits that the alleged "Confidential Information" is in fact a trade secret*. A trade secret is any information that is (1) valuable because it is unknown to "persons who can obtain economic value from its disclosure or use," and (2) has been subject to reasonable efforts to maintain its secrecy. Cal. Civ. Code § 3426.1(d). SPI had explicitly alleged the second element. (Dkt. No. 152 ¶ 163.) Now SPI has *conceded* the first. Accordingly, the conversion claim is preempted by CUTSA.[10]

Finally, SPI argues that its information *ceased* to be valuable upon the alleged conversion, because FIGS is a competitor and "[i]f a competitor takes such property, it essentially wipes out any value that information has." (Opp. at 20.) That is absurd. If so, CUTSA would not apply to the very harm it purports to address.[11]

## E.   SPI's Fiduciary Duty Claims Fail on Multiple Grounds

SPI also cannot escape its failure to allege a legally plausible claim for breach of fiduciary duty, the first element of which is, of course, the existence of a fiduciary relationship. *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1599 (2008). Having alleged that such a relationship arose through a legal impossibility, SPI now bemoans that Defendants are "fixating on the specific wording of [the] allegations." (Opp. at 24.) But the specific wording of allegations is *precisely* the standard by which pleadings are assessed. *See Fajardo v. Cty. of Los Angeles*, 179

---

[10] Even if SPI had *not* made this concession, judgment would still be proper: there is no daylight between "confidential information" and trade secrets. (Mot. at 18–19.)
[11] In any event, SPI did not allege that "FIGS stole" its information. It alleged that Ms. Spear did, *before* joining FIGS, meaning even under SPI's theory the material would have been a trade secret at the time of conversion. (Dkt. No. 152 ¶ 167.)

1   F.3d 698, 699 (9th Cir. 1999).  SPI did not allege that Blackstone appointed a

2   "representative to SPI's board"—even now, it apparently cannot name one.  Rather,

3   SPI alleged that *Blackstone* sat on its board, and that "*Blackstone* owed a fiduciary

4   duty [to] Plaintiff and its stockholders."  (Dkt. No. 152 ¶ 178 (emphasis added).)

5   SPI now contends that its allegation that Blackstone operated through employees

6   like Ms. Spear should be interpreted to mean that Blackstone also operated through

7   employee members of external boards of directors.  (Opp. at 24.)  But there is

8   simply no legal support, and SPI provides none, for the proposition that an employer

9   like Blackstone shares the *fiduciary duty* its employees undertake in the course of

10  board service.  More absurd still is SPI's baseless assumption that such a duty would

11  then *also* be imparted to all of the employer's *other employees*, such as Ms. Spear.[12]

12       Equally meritless is SPI's argument that *separate* fiduciary duties arose

13  because Blackstone was an "investor" in or "lender" to SPI.  (Opp. at 24.)  Fiduciary

14  duties are "imposed . . . as a matter of law," or when a party "knowingly agree[s] to

15  act on behalf and for the benefit of" another.  *World Surveillance Grp. Inc. v. La*

16  *Jolla Cove Invs., Inc.*, 66 F. Supp. 3d 1233, 1235 (N.D. Cal. 2014).  An investor is

17  *not* a fiduciary as a matter of law; "the exceptional duties" of a fiduciary are not

18  established by an investee's mere "hopes and dreams."  *Id.* at 1236.  The same is

19  true of a lender.  In fact, the only case SPI cites, (*see* Opp. at 24), *rejects* the notion

20  that there can be a "fiduciary relationship between the borrower and lender" absent

21  "special circumstances," which SPI does not allege. *Spencer v. DHI Mortg. Co.*, 642

22  F. Supp. 2d 1153, 1161 (E.D. Cal. 2009).  These claims thus fail as a matter of law.

23       Furthermore, even if SPI's fiduciary duty claims were not legally impossible,

24  they would still be barred by CUTSA.  SPI's contrary argument relies on a single,

25  non-precedential memorandum decision, *Integral Dev. Corp. v. Tolat*, 675 F. App'x

26

27  ─────────────────────────
    [12] California law is clear that "employees owe no independent fiduciary duty to a
28  third party with whom they deal on behalf of their employer."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1139 (C.D. Cal. 2003) (citation omitted).

700, 702 (9th Cir. 2017), that district courts have since questioned. *See Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1159 (E.D. Cal. 2017) (observing that *Integral Development* does "not appear to provide helpful guidance" on preemption because it is at odds with the very authority it cites). The law is clear: CUTSA preemption applies *unless* a plaintiff either alleges that a fiduciary duty would have been breached "regardless of whether Defendants used any trade secrets to do so," *or* identifies a "material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged" in the breach. *Arthur J. Gallagher & Co. v. Tarantino*, -- F. Supp. 3d --, 2020 WL 6415272, at *13 (N.D. Cal. Nov. 2, 2020) (citations omitted). SPI does neither. The *only* relevant allegation is that Ms. Spear breached a fiduciary duty "by converting and using Plaintiff's Confidential Information." (Dkt. No. 152 ¶ 185.) Since any such information would be a trade secret, its alleged taking cannot form the basis of a separate common-law claim.

### F. SPI Is Not Entitled to Equitable Relief Under the UCL or FAL

SPI advances three equitable causes of action: the Second and Third, Unfair Competition Law ("UCL") claims regarding, respectively, advertising and "the Blackstone Information"; and the Fourth, a False Advertising Law ("FAL") claim. (Dkt. No. 152 ¶¶ 109–146.) Each fails.

With respect to the Third Cause of Action, SPI does not meaningfully contest that CUTSA preempts UCL claims based on trade secrets. SPI's argument to the contrary relies solely on unpublished case law predating *Silvaco*, the landmark CUTSA preemption case. (Opp. at 21.)

The Second and Fourth Causes of Action separately fail because SPI is entitled to neither restitution nor an injunction. SPI tries again to conflate causes of action it chose to separate, arguing that restitution is proper with respect to "SPI's confidential materials." (Opp. at 23.) But those materials are at issue only in the preempted Third Cause of Action—not the Second or Fourth. SPI also misleadingly argues that *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1147

1  (2003), held that "loss of profits and income are recoverable under the UCL as a

2  form of restitutionary disgorgement of profits."  (Opp. at 23.)  The court actually

3  found that there is "nothing to indicate that the Legislature intended to authorize a

4  court to order a defendant to disgorge all profits to a plaintiff who does not have an

5  ownership interest in those profits," and that profits are recoverable under the UCL

6  only to the extent of such an interest.  29 Cal. 4th at 1147–48.  No ownership

7  interest is at stake in the Second or Fourth Causes of Action.

8          Nor is SPI entitled to injunctive relief.  The only alleged advertising claim not

9  deficiently pled is that FIGS' scrubs "kill bacteria and infection immediately on

10  contact."  (Dkt. No. 152 ¶ 71.)  But SPI does not allege that FIGS continues to make

11  this claim.  (*Compare id.* ¶¶ 45, 54 ("FIGS has made and continues to make"), *with*

12  *id.* ¶ 57.)  Without allegations regarding a "threat of ongoing future conduct," much

13  less that plausibly explain "why the damages it seeks elsewhere in its complaint are

14  not adequate" compensation, SPI's avenues for injunctive relief are foreclosed.

15  *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, 2012 WL 13028094, at *3 (C.D.

16  Cal. Apr. 4, 2012).  Thus too are SPI's UCL and FAL claims.

17          **G.    Leave to Amend Is Unwarranted**

18          SPI begins by arguing that Judge Wu already heard and rejected Defendants'

19  arguments, yet SPI concludes by asserting that leave to amend is warranted because

20  the "pleading 'issues' identified by Defendants are raised for the first time in their

21  Motion."  (Opp. at 25.)  The two do not accord.  Rather, SPI has long had notice of

22  pleading deficiencies that the Court did not need to reach when dismissing on other

23  grounds.  (*See* Dkt. Nos. 42, 144.)  The Court should not provide SPI a *seventh*

24  chance to correct flawed claims that it has had two years to perfect, without success.

25  **III.    CONCLUSION**

26          For reasons stated here and in the Motion, Defendants respectfully request

27  judgment on the pleadings as to SPI's First Cause of Action in part, and as to the

28  Second, Third, Fourth, Sixth, Seventh and Eighth Causes of Action in full.

1   DATED:  March 5, 2021          Jacob S. Kreilkamp
2                                  Munger, Tolles & Olson LLP

3
                                   By:    _/s/ Jacob S. Kreilkamp_
4                                          Jacob S. Kreilkamp
5                                  Attorneys for Defendants

6
7   DATED:  March 5, 2021          Ekwan E. Rhow
                                   Bird, Marella, Boxer, Wolpert, Nessim,
8                                  Drooks, Lincenberg & Rhow, P.C.

9
10                                 By:    _/s/ Ekwan E. Rhow_
11                                         Ekwan E. Rhow
                                   Attorneys for Defendants
12
13  DATED:  March 5, 2021          Pascale Gagnon
                                   ROPERS MAJESKI PC
14
15
                                   By:    _/s/ Pascale Gagnon_
16                                         Pascale Gagnon
17                                 Attorneys for Defendants

18
19
20
21
22
23
24
25
26
27
28