1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   STRATEGIC PARTNERS, INC.,              Case No. 2:19-cv-02286-JWH-KSx

12                    Plaintiff,
                                            **ORDER GRANTING IN PART,**
13          v.                              **AND DENYING IN PART,**
                                            **DEFENDANTS' MOTION FOR**
14   FIGS, INC.;                            **JUDGMENT ON THE PLEADINGS**
     CATHERINE SPEAR; and                   **[ECF No. 260]**
15   HEATHER HASSON,

16                    Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is the Motion of Defendants FIGS, Inc., Catherine Spear, and Heather Hasson for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition to the Motion,[2] the Court **GRANTS** the Motion, in part, and **DENIES** the Motion, in part, as set forth herein.

# I.  BACKGROUND

On February 22, 2019, Plaintiff Strategic Partners, Inc. ("SPI") filed its complaint commencing this action in the Los Angeles County Superior Court.[3] On March 27,2019, FIGS removed the action to this court, asserting jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367.[4]  SPI filed the operative Amended Complaint on August 17, 2020, asserting the following eight claims for relief against Defendants:  (1) False Advertising, 15 U.S.C. § 1125(a); (2) Unfair Business Practices (against FIGS); (3) Unfair Business Practices (against all Defendants); (4) Untrue and Misleading Advertising; (5) Intentional Interference with Prospective Economic Relationship; (6) Conversion; (7) Breach of Fiduciary Duty; and (8) Aiding and Abetting Breach of Fiduciary Duty.

SPI's claims are generally premised upon two categories of factual allegations.  First, SPI alleges that FIGS, a competitor, engages in false advertising of FIGS' products.  Second, SPI alleges that Spear, who was

---

[1]     Defs.' Mot. for J. on the Pleadings (the "Motion") [ECF No. 260].

[2]     The Court considered the following papers in connection with the Motion:  (1) Pl.'s Fifth Am. Compl. (the "Amended Complaint") [ECF No. 152]; (2) the Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (including its attachments) (the "Opposition") [ECF No. 269]; and (4) Defs.' Reply in Supp. of the Motion (the "Reply") [ECF No. 270].

[3]     *See* Def.'s Notice of Removal (the "Notice") [ECF No. 1] ¶ 1.

[4]     *See id.*

formerly an employee of Blackstone Group Holdings, L.P., accessed SPI's confidential information that was then in the possession of Blackstone and subsequently shared that information with Hasson in order to form FIGS.

Defendants filed the instant Motion on February 19, 2021; SPI opposed on February 26; and Defendants replied on March 5.

## II.  LEGAL STANDARD

### A.    Judgment on the Pleadings

The Federal Rules of Civil Procedure provide that a party may move for judgment on the pleadings after the pleadings are closed, but before trial. Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Accordingly, a motion under Rule 12(c) tests the legal sufficiency of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cafasso, U.S.* ex rel. *v. General Dynamics C4 Systems, Inc.* 637 F.3d 1047, 1063 n.4 (9th Cir. 2011).  The analysis is "substantially identical" to that of a motion to dismiss under Rule 12(b)(6):  a court must determine whether, crediting the factual allegations as true, the moving party is entitled to judgment as a matter of law.  *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  The principal difference between the two motions is the timing of the filing.  *Dworkin v. Hustler Magazine*, 687 F.2d 1188, 1192 (9th Cir. 1989).  Under both standards, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  In other words, the complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

Allegations of fraud require more detail.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Under this standard, the complaint "must

identify the who, what, when, where and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso*, 637 F.3d at 1055).

## B. Leave to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a district court "should freely give leave when justice so requires." The purpose underlying the amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)). Nevertheless, a district court has "particularly broad" discretion to deny leave to amend when the plaintiff has previously amended its pleading. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

## III. DISCUSSION

### A. SPI's Claims for False Advertising in Violation of the Lanham Act

In its First Claim for Relief, SPI alleges that FIGS engaged in false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). That statute "authorizes suit against persons who make false and deceptive statements in a commercial advertisement about their own or the plaintiff's product." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). A claim for false advertising under § 43(a) has five elements:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused

its false statement to enter interstate commerce; and (5) the plaintiff
has been or is likely to be injured as a result of the false statement,
either by direct diversion of sales from itself to defendant or by a
lessening of the goodwill associated with its products.

*Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citing 15
U.S.C. § 1125(a)(1)(B)).

Defendants contend that judgment on the pleadings is warranted with
respect to the following four alleged statements (or categories of statements),
because SPI has not alleged sufficient facts to show that the statements are
literally false or misleading:

- the "66% HAI statement"—that FIGS' scrubs reduce hospital-acquired infections by 66%;[5]

- the "Silver Statement" on the website Nurse.org—claiming that FIGS' "scrub fabric is literally made of silver;"[6]

- the "fluid barrier statement"—that FIGS' product creates an effective fluid barrier;[7] and

- the "one-for-one claim"—that FIGS donated one set of scrubs for every set of scrubs purchased.[8]

SPI responds that Defendants' request for partial dismissal of the Lanham
Act claim is improper under Rule 12(c).[9]  In addition, SPI contends that it
alleges sufficient facts to state a plausible Lanham Act claim with respect to each
of the statements that Defendants challenge.[10]

---

[5]    *See* Motion 7:9–10:24; Amended Complaint ¶¶ 42, 45, 53, & 60–62.
[6]    *See* Motion 10:25–12:6; Amended Complaint ¶¶ 63 & 67.
[7]    *See* Motion 12:7–23; Amended Complaint ¶¶ 49, 51, 71, 78, & 79.
[8]    *See* Motion 12:24–15:3; Amended Complaint ¶¶ 54 & 56.
[9]    *See* Opposition 1:24–2:9 & 9:1–20.
[10]   *See id.* at 9:21–17:17.

The Court concludes that in the context of a motion under Rule 12(c), it is not appropriate to grant judgment on the pleadings with respect to less than a full claim for relief; in this instance, SPI's Lanham Act claim.  The analysis of a motion under Rule 12(c) is substantially identical to that for a motion to dismiss under Rule 12(b)(6).  Thus, the relevant question is whether the complaint contains "sufficient factual matter, accepted as true, ***to state a claim for relief*** that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (emphasis added).  Here, as SPI pleads it, the "claim for relief" is a single claim for violation of the Lanham Act based upon several alleged false statements by FIGS.  At this stage of the litigation, the question before the Court is whether SPI states ***any*** plausible claim for violation of the Lanham Act, not whether each alleged false statement itself violates the Lanham Act.  In contrast with a motion for partial summary judgment under Rule 56(a)—which provides that a party may move for summary judgment with respect to "part of [a] claim"—Rule 12(c) does not provide any process for granting judgment with respect to less than a full claim for relief.  Thus, the question of whether the alleged false statements, individually or together, violate the Lanham Act is properly reserved for a motion under Rule 56(a).

Accordingly, the Court **DENIES** the Motion with respect to SPI's First Claim for Relief.

**B.**   **SPI's State Law Claims for Unfair Business Practices and False Advertising**

SPI also asserts two claims for relief under California's unfair competition law ("UCL") related to FIGS' alleged false and misleading representations about FIGS' products.  SPI's Second Claim for Relief is for unfair business practices under California Business and Professions Code § 17200, and SPI's Fourth Claim for Relief is for untrue and misleading advertising under California

Business and Professions Code § 17500.  SPI seeks restitution and injunctive relief in connection with these claims.[11]

Defendants contend that SPI's claims under Cal. Bus. & Prof. Code §§ 17200 & 17500 fail because SPI has not alleged any facts to show that it is entitled to restitution or injunctive relief.[12]  SPI responds that, in making that argument, Defendants improperly rely on material outside of the pleadings.  Specifically, Defendants refer to evidence that they submitted in support of their opposition to SPI's now-withdrawn[13] motion for a preliminary injunction to show that FIGS "never made or ceased to make"[14] the alleged false statements before SPI filed the Amended Complaint.[15]

Courts deciding a motion under Rule 12(c) credit the well-pleaded allegations of the complaint as true.  *See Chavez*, 683 F.3d at 1108; *Iqbal*, 556 U.S. at 678.  In other words, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue," in which case the court must instead treat the motion as a motion for summary judgment.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  Accordingly, in evaluating the sufficiency of SPI's claim for injunctive relief, the Court will not consider the self-serving statement that Defendants made in their opposition to a separate motion—which SPI has since withdrawn—upon which Defendants' argument in the instant Motion is based.[16]

---

[11]    *See* Amended Complaint ¶¶ 125–126 & 145–146.

[12]    *See* Motion 15:12–18.

[13]    *See* Pl.'s Notice of Withdrawal of Motion for Prelim. Inj. [ECF No. 361].

[14]    *Id.* at 16:13–14.

[15]    *See* Opposition 22:26–23:13.

[16]    *See* Motion 16:10–16.

Putting that point aside, the Court finds that SPI adequately alleges that FIGS made false statements in connection with the sale of FIGS' products.[17] SPI's allegations are sufficient to support a plausible claim for injunctive relief. And, for the reasons stated in the preceding section, because SPI adequately alleges claims for injunctive relief, Defendants are not entitled to partial judgment on the pleadings with respect to SPI's prayer for restitution.

Accordingly, the Court **DENIES** the Motion with respect to SPI's Second and Fourth Claims for Relief.

## C.     Preemption by the California Uniform Trade Secrets Act

SPI's Third and Sixth through Eighth Claims for Relief are premised upon allegations that Spear, while employed by Blackstone, improperly accessed SPI's confidential information and shared that information with Hasson in order to form FIGS.[18]  Defendants contend that although these claims are nominally pleaded as non-trade secret claims, in substance the claims are premised upon a theory of trade secret misappropriation.[19]  Therefore, according to Defendants, SPI's claims are preempted by the California Uniform Trade Secrets Act ("CUTSA").[20]  The Court first addresses the legal standard for preemption under CUTSA and then addresses each of SPI's claims in turn.

### 1.     Legal Framework

California's legislature enacted CUTSA in 1984 "to provide unitary definitions of trade secret and trade secret misappropriation, and a single statute of limitations for the various property, quasi-contractual, and violation of

---

[17]      *See, e.g.*, Amended Complaint ¶¶ 42, 45, 49, 51, 53, 56, 60–62, 71, 78, 111–124, & 137–144.

[18]      *See id.* at ¶¶ 127–135 (Third Claim for Relief), 159–176 (Sixth Claim for Relief), 177–199 (Seventh Claim for Relief), & 200–214 (Eighth Claim for Relief).

[19]      *See* Motion 17:18–18:12.

[20]      *See id.* at 18:13–20:18.

-8-

fiduciary relationship theories of noncontractual liability utilized at common law." *American Credit Indem. Co. v. Sacks*, 213 Cal. App. 3d 622, 630 (1989) (internal quotation marks omitted).  That statute defines a "trade secret" as:

> [I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> > (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
> >
> > (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

"CUTSA has been characterized as having a comprehensive structure and breadth . . . ." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 954 (2009) (internal quotation marks omitted).  CUTSA does, however, exempt certain claims from its scope:  it "does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret."  Cal. Civ. Code § 3426.7(b).  Otherwise, "CUTSA preempts common law claims that are based on misappropriation of a trade secret." *Ali v. Fasteners for Retail, Inc.*, 544 F. Supp. 2d 1064, 1070 (E.D. Cal. 2008) (internal quotation marks omitted).  This includes "[i]nformation that does not fit [the] definition [of a trade secret], and is not otherwise made property by some provision of positive law . . . ." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 n.22 (2010), *as modified* (May 27, 2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011) (addressing the *Silvaco* decision's treatment of standing under

the UCL).  Under California law, "the determination of whether a claim is based on trade secret misappropriation is largely factual."  *K.C. Multimedia*, 171 Cal. App. 4th at 954.

### 2. Conversion

SPI's Sixth Claim for Relief is for conversion.  To state a claim for conversion under California law, a plaintiff must allege that:  (1) it owned or had a right to possess a specific item of property; (2) the defendant wrongfully dispossessed it of that property; and (3) it suffered damages as a result.  *G.S. Rasmussen & Associates v. Kalitta Flying Services, Inc.*, 958 F.2d 896, 906 (9th Cir. 1992).

In support of its conversion claim, SPI alleges that it provided Blackstone with certain confidential information that Spear obtained while she was employed by Blackstone and later shared with Hasson to form FIGS.[21]  SPI avers that its confidential information included:  SPI's financial information, including its sales, revenue, costs, and inventory, and monthly financial reports; SPI's business plans and marketing strategies; information regarding SPI's suppliers; competitive analysis and market data; analysis of the preferences of SPI's consumers; SPI's market distribution data; supply chain strategy; trend analysis; and fabric composition data (the "Confidential Information").[22]  According to SPI, it incurred significant costs and expended resources to develop and aggregate its Confidential Information, and it took reasonable steps to protect the Confidential Information,[23] including by restricting access to individuals subject to strict confidentiality agreements.[24]

---

[21]     *See* Amended Complaint ¶¶ 160–167.
[22]     *See id.* at ¶¶ 161(1)–(9).
[23]     *See id.* at ¶ 162.
[24]     *See id.* at ¶ 163.

Based upon those allegations, SPI's Confidential Information falls squarely within CUTSA's definition of a trade secret: it is information that derives "independent economic value . . . from not being generally known to the public" and is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). Although most of the cases that Defendants cite involve the preemption of common law claims where the plaintiff alleged those claims *in addition to* a claim for trade secret misappropriation,[25] the rationale underlying CUTSA preemption jurisprudence applies equally here. Indeed, even assuming *arguendo* that none of the Confidential Information constitutes a "trade secret," it remains that CUTSA preempts common law claims premised upon "the misappropriation of non-trade secret information, except where there is some other provision of positive law granting a property right in that information." *Total Recall Techs. v. Luckey*, 2016 WL 199796, at *7 (N.D. Cal. Jan. 16, 2016) (citing cases); *see also Robert Half*, 68 F. Supp. 3d at 1188–1193 (some of the plaintiff's common law claims were preempted by CUTSA notwithstanding that the plaintiff did not allege a claim for trade secret misappropriation). In this regard, SPI responds that it "sufficiently pleads a property interest in its confidential materials based on their *value* to SPI's business operations."[26] The Court is not persuaded. SPI does not allege, or otherwise cite, any other provision of positive law creating a property right in its Confidential Information. Thus, SPI's description of the information (*i.e.*, "Confidential Information" rather than "trade secret") is not

---

[25]     *See, e.g.*, *K.C. Multimedia*, 171 Cal. App. 4th at 945 (plaintiff's complaint alleged trade secret misappropriation and common law claims based upon the same nucleus of facts); *Silvaco*, 184 Cal. App. 4th at 216 (to similar effect); *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 821 (N.D. Cal. 2014); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011). *But see Robert Half Int'l, Inc. v. Ainsworth*, 68 F. Supp. 3d 1178, 1188–1193 (S.D. Cal. 2014) (CUTSA preempted certain claims even though the plaintiff did not allege a claim for trade secret misappropriation).

[26]     Opposition 20:11–12 (emphasis in original).

dispositive.  *See Robert Half*, 68 F. Supp. 3d at 1192 (claim for tortious interference was preempted where the plaintiff failed to identify any "property interest or other non-CUTSA legal authority" for which it could hold the defendant liable for using the plaintiff's confidential information).

As the court in *Silvaco* explained, information that does not fit the definition of a trade secret and "is not otherwise made property by some provision of positive law, belongs to no one, and cannot be converted or stolen." *Silvaco*, 184 Cal. App. 4th at 239 n.22.  To hold otherwise, the court cautioned, would create a new category of intellectual property.  *See id.*  This Court agrees with that reasoning.

Accordingly, the Court **GRANTS** the Motion with respect to SPI's Sixth Claim for Relief.

### 3.    Unfair Business Practices

SPI's Third Claim for Relief is for unfair business practices under Cal. Bus. & Prof. Code § 17200.  In support of that claim, SPI specifically alleges that "[t]he actions of Spear in converting and using the Blackstone Information to form FIGS and compete against Plaintiff, was immoral, unethical, and/or unscrupulous and as such, constitutes a violation of Section 17200's 'unfair' prong."[27]  SPI proceeds to allege that "Defendants have competed unfairly in the medical apparel industry by unlawfully obtaining and using the Blackstone Information in violation California Penal Code § 502 and California's public policy protecting the interception of private data."[28]

Based upon those allegations, for the reasons discussed in the preceding section, SPI's Third Claim for Relief is preempted by CUTSA.  SPI's arguments to the contrary are not persuasive.  SPI's contention that Defendants

---

[27]    Amended Complaint ¶ 129.

[28]    *Id.* at ¶ 130.

improperly seek the partial dismissal of SPI's "unfair competition claim" claim is not correct in the context of SPI's Third Claim for Relief, which is premised entirely upon Spear's alleged conversion of SPI's Confidential Information.[29] Indeed, SPI pleaded a separate claim under Cal. Bus. & Prof. Code § 17200 based upon conduct that does not implicate the Confidential Information or CUTSA preemption principles.[30]  *Cf. Robert Half*, 68 F. Supp. 3d at 1193. Finally, for the reasons explained in the preceding section, the Court is not persuaded by SPI's argument that it "does not allege that Defendants' unfair business practices that arise from Spear's theft of SPI's confidential information constitute 'trade secrets.'"[31]

Accordingly, the Court **GRANTS** the Motion with respect to SPI's Third Claim for Relief.

### 4.  <u>Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty</u>

SPI's Seventh Claim for Relief is for breach of fiduciary duty against Spear, and SPI's Eighth Claim for Relief is for aiding and abetting breach of fiduciary duty against Hasson and FIGS (jointly, the "<u>Fiduciary Duty Claims</u>"). SPI alleges, in pertinent part, that Spear, as an employee of Blackstone, owed a fiduciary duty to SPI to "maintain the confidentiality of the Confidential Information and prevent its use for an improper purpose."[32]  According to SPI, Spear breached her fiduciary duty "by converting and using [SPI's] Confidential Information for her own gain and the benefit of Defendants."[33]  Similarly, SPI alleges that Hasson and FIGS "willingly received and used [SPI's] Confidential

---

[29]    *See* Opposition 20:25–28.

[30]    *See* Amended Complaint ¶¶ 109–126 (Second Claim for Relief).

[31]    Opposition 21:2–4.

[32]    Amended Complaint ¶ 181.

[33]    *Id.* at ¶ 185.

1  Information for their own benefit and advantage,"[34] and, thus, aided and abetted

2  Spear's breach of fiduciary duty.[35]

3       The Court concludes that SPI's Fiduciary Duty Claims are preempted by

4  CUTSA because the alleged breaches of fiduciary duty are premised entirely

5  upon the acquisition or use of SPI's Confidential Information.  Indeed, as SPI

6  alleges, Spear's fiduciary duty arose from her "duty to maintain the

7  confidentiality of the Confidential Information and prevent its use for an

8  improper purpose."[36]  SPI additionally alleges that "Spear knew and understood

9  her fiduciary duties and obligations in connection with her receipt of the

10  Confidential Information."[37]  Based upon those allegations, for the reasons

11  stated in the preceding sections, the Court finds that SPI's Fiduciary Duty

12  Claims are effectively "based upon misappropriation of a trade secret" or are "a

13  transparent attempt to evade the strictures of CUTSA by restating a trade

14  secrets claim as something else."  *Silvaco*, 184 Cal. App. 4th at 236, 240.  SPI

15  has not identified any property interest or other non-CUTSA authority for

16  which it may hold Defendants liable for allegedly using SPI's Confidential

17  Information.  *See SunPower Corp. v. SolarCity Corp.*, 2012 WL 6160472, at *9–

18  *12 (N.D. Cal. Dec. 11, 2012) (to similar effect); *cf. Robert Half*, 68 F. Supp. 3d

19  at 1189–1190 (CUTSA did not preempt fiduciary duty claim where none of the

20  alleged breaches involved "the taking or use of an alleged trade secret or

21  confidential or proprietary information").

22       Accordingly, **GRANTS** the Motion with respect to SPI's Seventh and

23  Eighth Claims for Relief.

---

34   *Id.* at ¶ 204.
35   *See id.* at ¶ 205.
36   *Id.* at ¶ 181.
37   *Id.* at ¶ 183.

-14-

**D.**    <u>Leave to Amend</u>

SPI commenced this action nearly two-and-a-half years ago.  Since then, the parties have engaged in extensive—and heavily litigated—discovery, and SPI has amended its complaint five times.  SPI thus had a more-than-adequate opportunity to plead a trade secret misappropriation claim, yet it chose not to do so.  Indeed, SPI assuredly declares that it "does not allege a CUTSA or trade secret claim, nor does it even allege that its confidential property is a 'trade secret' as defined under the CUTSA."[38]  In view of that remark, at this late stage of the litigation the Court declines to grant SPI leave to amend its pleading a sixth time.  *See Salameh*, 726 F.3d at 1133.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Defendants' instant Motion is **GRANTED in part** with respect to SPI's Third, Sixth, Seventh, and Eighth Claims for relief.  SPI's Third, Sixth, Seventh, and Eighth Claims for relief are **DISMISSED without leave to amend**.

2.    Defendants' instant Motion is **DENIED in part** with respect to SPI's First, Second, and Fourth Claims for Relief.

**IT IS SO ORDERED.**

Dated: August 10, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[38]    Opposition 2:14–16.