Jacob S. Kreilkamp (State Bar No. 248210)
    jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
    adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
    sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
    james.salzmann@mto.com
Hunter V. Armour (State Bar No. 334874)
    hunter.armour@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Ekwan E. Rhow (State Bar No. 174604)
    erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
    jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
    fwang@birdmarella.com
Kate S. Shin (State Bar No. 279867)
    kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br> Defendants. | Case No. 2:19-cv-02286-JWH-KS <br><br> Judge: Hon. John W. Holcomb <br> Crtrm: 9D <br><br> **DEFENDANTS' TRIAL BRIEF** <br><br> Trial Date:    October 17, 2022 |

Additional Counsel

Xiaonan April Hu (State Bar No. 321354)
  april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Sara H. Worth (State Bar No. 341088)
  sara.worth@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Miri E. Gold (State Bar No. 319060)
  mgold@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendants

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 2

    A. There is no presumption of materiality in a Lanham Act case. ............... 2

    B. SPI's IIPER claims fail as a matter of law. .............................................. 7

    C. SPI recently clarified in open court the scope of its Lanham Act claim and disavowed the factual predicate upon which this Court relied to deny FIGS' Motion *in Limine* No. 2 ......................................... 10

III. CONCLUSION ....................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*AECOM Energy & Constr., Inc v. Ripley*,
 348 F.Supp.3d 1038 (C.D. Cal. 2018) ................................................................. 5

*Align Tech., Inc. v. Orthoclear, Inc.*,
 2006 WL 2374608 (N.D. Cal. Aug. 16, 2006) ..................................................... 5

*Broadcom Corp. v. SiRF Tech., Inc.*,
 2009 WL 10672287 (C.D. Cal. Oct. 8, 2009) ...................................................... 4

*Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*,
 284 F.3d 302 (1st Cir. 2002) ................................................................................ 6

*Damabeh v. 7-Eleven, Inc.*,
 2013 WL 1915867 (N.D. Cal. May 8, 2013) ....................................................... 8

*Guzman v. Polaris Indus. Inc.*,
 __ F.4th __, 2022 WL 4543709 (9th Cir. Sept. 29, 2022) ................................. 11

*Harper House, Inc. v. Thomas Nelson, Inc.*,
 889 F.2d 197 (9th Cir. 1989) ............................................................................ 4, 5

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*,
 299 F.3d 1242 (11th Cir. 2002) ........................................................................ 4, 6

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
 227 F.3d 489 (5th Cir. 2000) ............................................................................ 4, 6

*Pro Water Sol., Inc. v. Angie's List, Inc.*,
 457 F. Supp. 3d 845 (C.D. Cal. 2020) ................................................................. 7

*Rice v. Fox Broad. Co.*,
 330 F.3d 1170 (9th Cir. 2003) ............................................................................. 3

*Russell v. Walmart Inc.*,
 2020 WL 9073046 (C.D. Cal. Oct. 16, 2020) ..................................................... 5

*S.C. Johnson & Son, Inc. v. Clorox Co.*,
 241 F.3d 232 (2d Cir. 2001) ................................................................................ 6

*Select Comfort Corp. v. Baxter*,
    996 F.3d 925 (8th Cir. 2021) .................................................................... 3, 4, 6

*Standard Furniture Mfg. Co. v. LF Prods. Pte Ltd.*,
    2017 WL 3082221 (C.D. Cal. June 13, 2017) ..................................................... 9

*U-Haul Int'l Inc. v. Jartran, Inc.*,
    793 F.2d 1034 (9th Cir. 1986) ............................................................................. 5

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015) ............................................................... 8

*William H. Morris Co. v. Group W, Inc.*,
    66 F.3d 255 (9th Cir. 1995) .................................................................................. 3

**STATE CASES**

*George v. eBay, Inc.*,
    71 Cal. App. 5th 620 (2021) ................................................................................. 9

*Muddy Waters, LLC v. Superior Court*,
    62 Cal. App. 5th 905 (2021) ................................................................................. 7

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*,
    42 Cal. App. 4th 507 (1996) ................................................................................. 7

**RULES - OTHER**

Local Rule 16-10 ................................................................................... 1, 2, 10

**OTHER AUTHORITIES**

Judicial Council of California Civil Jury Instructions (CACI) § 2202 ....................... 8

Thomas M. Williams, *False Advertising and the Lanham Act* § 3:01 .................... 5, 6

## I. INTRODUCTION

Trial is set to begin on October 17, 2022, and is expected to last 8-10 days. As discussed in each party's corresponding Memorandum of Contentions of Fact and Law, the Court has yet to resolve several key issues of law that are likely to affect the scope of the claims and evidence to be presented to the jury. Defendants Figs, Inc. (FIGS), Catherine Spear, and Heather Hasson (collectively, Defendants) thus respectfully submit this trial brief in response to Plaintiff Strategic Partners, Inc.'s (SPI) Memorandum of Contentions of Fact and Law (Memorandum) pursuant to Local Rule 16-10, to elucidate its position on these issues and to request that the Court decide them with the appropriate expediency. These issues are as follows:

- First, as discussed in SPI's Memorandum, the parties disagree as to the applicability of a presumption of materiality for either literally false or intentionally false claims. For the reasons set forth in this trial brief, the Court should clarify, both in the jury instructions and otherwise, that the law does *not* recognize a presumption of materiality for intentionally or literally false claims, and that SPI may *not* argue to the jury that it is entitled to such a presumption.[1] Trial courts that have previously erred in applying such an improper presumption of materiality have swiftly been reversed on appeal, and the Court should ensure that does not happen here.
- Second, SPI's Memorandum (and its subsequent filings) have confirmed that SPI intends to pursue its intentional interference with prospective economic relations (IIPER) claims based on a theory that Defendants' purportedly false advertisements disrupted SPI's relationship with its "consumers/retailers/distributors." SPI Mem. at 9–10. That is not a

---

[1] As discussed at length in Defendants' Memorandum of Contentions of Fact and Law, the evidence reflects that each of the four challenged claims is true. Dkt. 798 at 15–16.

cognizable theory under California law, which requires SPI to name or otherwise identify a *specific* third party whose relationship with SPI was (purportedly) disrupted by Defendants, as countless courts have held. Because the Court did not address this argument in its summary judgment order (despite FIGS moving on this ground), Defendants renew their arguments in this brief and urge the Court to resolve this issue before trial or after opening arguments, especially since SPI's Memorandum, proposed jury instructions, *and* verdict forms make clear that it has no intention of *ever* identifying a third-party whose relationship with SPI Defendants purportedly disrupted.

- Third, SPI's recent representations in open court regarding the scope of its claims have disavowed the underlying factual premise and reasoning of this Court's order denying FIGS' Motion *in Limine* No. 2 to exclude evidence and argument of the EPA and FDA regulations and guidelines at trial. This is a new and material development that could not have been included in FIGS' Memorandum of Contentions of Fact and Law.

With only days until trial, the window to resolve these critical questions is narrowing. Because these legal issues implicate serious errors of law and are likely to imperil the finality of any verdict on appeal if wrongly decided, Defendants submit this trial brief pursuant to Local Rule 16-10 to respond to SPI's Memorandum and urge this Court to resolve the aforementioned issues in a manner that obviates the risk of a retrial on remand.

**II.    ARGUMENT**

   **A.    There is no presumption of materiality in a Lanham Act case.**

As discussed in SPI's Memorandum, the parties disagree as to whether "a showing of intentional deception entitles a Lanham Act plaintiff to a presumption of materiality." SPI Mem. at 17. SPI's position is that it does. Defendants' position is that it plainly does not. This Court should clarify in advance of the trial that SPI

cannot meet its burden of proving materiality under the Lanham Act by relying on (1) a presumption of materiality for intentionally false claims *that has never been recognized by the Ninth Circuit or any other circuit court of appeals*; or (2) a presumption of materiality for literally false claims that likewise has never been recognized by the Ninth Circuit and that, in fact, has been *rejected* by all but one of the circuit courts of appeals to have addressed the issue.[2]

Put simply, no such presumption exists, and the application of any such presumption of materiality at trial is likely to lead to reversal on appeal, and potentially a retrial of SPI's Lanham Act claims. Consistent with its sister circuits, the Ninth Circuit has *never* recognized or applied such a presumption. *See, e.g.*, *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003) ("[B]ecause there is no evidence that a potential consumer could view the offending videotape jacket prior to purchase, any deception relating to advertisement of the videos must be immaterial."); *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 257 (9th Cir. 1995) (analyzing and rejecting materiality when claim was literally false). Indeed, it is a matter of simple common sense that a statement could, of course, be literally false but nevertheless immaterial, as numerous courts have observed. *See, e.g.*, *Select Comfort Corp. v. Baxter*, 996 F.3d 925 (8th Cir. 2021) ("A statement that is literally false . . . does not appear to suggest in any direct manner that the statement is material.")

---

[2] It is particularly important the Court clarify the law because the Court seemingly accepted in its summary judgment order (in passing) the flawed premise—urged by SPI—that the jury may apply a presumption of materiality where a claim is literally or intentionally false. Dkt. 701 at 25–26. SPI since has repeatedly relied on this Court's summary judgment order to demand the inclusion of these (non-existent) presumptions in its proposed jury instructions and other pre-trial filings. *See, e.g.*, Dkt. 833 at 40 (citing summary judgment order in support of presumption of materiality in proposed jury instructions); Dkt. 820 at 7 (citing summary judgment order in support of presumption of materiality in final pretrial conference order).

The district court decisions cited by SPI in its Memorandum do not support the application of a presumption of materiality because they all commit the same mistake of conflating materiality with deception, *see infra*—a mistake that courts of appeals have regularly reversed on appeal. SPI Mem. at 17–18 (citing cases). In *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002), for example, the Eleventh Circuit reversed a district court's decision granting preliminary injunctive relief to the plaintiff because the court wrongly applied a presumption of materiality. In so doing, the Eleventh Circuit specifically observed that "[t]he district court appears to have conflated the element of consumer deception with the element of materiality," which was contrary to the established legal principle that "[t]he plaintiff *must* establish materiality even when . . . the court finds that the defendant's advertisement is literally false." *Id.* (emphasis added). In *Select Comfort*, the Eighth Circuit reversed a jury verdict in the plaintiff's favor and *remanded for a new trial* because the district court wrongly instructed the jury to apply a presumption of materiality for literally false advertising claims—the precise presumption SPI urges the Court to adopt here. 996 F.3d at 939–40.

The Court should decline SPI's invitation to go down this well-trod path of legal error by committing the same mistakes as the district court decisions SPI cites in its Memorandum. In *Broadcom Corp. v. SiRF Tech., Inc.*, 2009 WL 10672287 (C.D. Cal. Oct. 8, 2009), for example, the district court stated in passing that the Ninth Circuit "has held that materiality may be presumed if the defendant is shown to have intentionally deceive[d] consumers." *Id.* at *4. Setting aside the fact that neither the Ninth Circuit nor *any other* circuit court of appeals has ever recognized a presumption of materiality for intentionally false claims, *see Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 503 (5th Cir. 2000) ("Pizza Hut provides no precedent, and we are aware of none, that stands for the proposition that the subjective intent of the defendant's corporate executives to convey a particular message is evidence of the fact that consumers in fact relied on the message to make

their purchases."), the *Broadcom* decision fails to support SPI's position because it, similar to the district courts in *Johnson & Johnson* and *Select Comfort*, mistook a Ninth Circuit decision about deception for a decision about materiality. The Ninth Circuit's decision in *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197 (9th Cir. 1989), upon which *Broadcom* exclusively relied, is a decision that exclusively discusses the presumption of *deception* for intentionally false claims and does not discuss materiality *at all* (indeed, the word "materiality" appears nowhere in the *Harper House* decision). *See Harper House*, 889 F.2d at 209 (affirming jury instruction stating that "the expenditure by a competitor of substantial funds in an effort to deceive consumers and influence their purchasing decisions justifies the existence of a presumption that the consumers are, in fact, being *deceived*" (emphasis added)). Accordingly, neither *Harper House* nor *Broadcom* provide *any* support for SPI's position that the jury may presume materiality for intentionally or literally false claims.

      SPI's other citations in its Memorandum fare no better. In *AECOM Energy & Constr., Inc v. Ripley*, 348 F.Supp.3d 1038, 1056 (C.D. Cal. 2018), the district court cited to *U-Haul Int'l Inc. v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986), for the proposition that courts may presume materiality for literally false claims. Similar to *Harper House*, however, the Ninth Circuit's opinion in *U-Haul does not discuss materiality at all* (again, the words "materiality" and "material" are conspicuously absent from the decision). Rather, the Ninth Circuit held that "[t]he expenditure by a competitor of substantial funds in an effort to deceive consumers and influence their purchasing decisions justifies the existence of a presumption that consumers are, in fact, being *deceived*." *Id.* at 1041 (emphasis added). The other two cases SPI cites— *Russell v. Walmart Inc.*, 2020 WL 9073046 (C.D. Cal. Oct. 16, 2020) and *Align Tech., Inc. v. Orthoclear, Inc.*, 2006 WL 2374608, at *1 (N.D. Cal. Aug. 16, 2006)—commit similar mistakes (*Russell* simply incorporates *AECOM*'s reasoning).

An error repeated four times is still an error. It is hornbook law that deception and materiality are two *separate* elements of the Lanham Act, with correspondingly different evidentiary requirements. *See* Thomas M. Williams, *False Advertising and the Lanham Act* § 3:01 ("The third [false advertising] factor is materiality. The plaintiff must prove that 'such deception is material, in that it is likely to influence the purchasing decision.' The materiality requirement is based on the premise that *not all deceptions affect consumer decisions*.'" (internal citation and quotation marks omitted, emphasis added)). "Consequently, whether a plaintiff is challenging a literal falsity or an allegedly misleading claim, it *must* establish that the challenged claim is material." *Id.* (emphasis added). In short, the law is clear and has been for decades: There is no presumption of materiality for either intentionally or literally false claims. *See, e.g.*, *Select Comfort Corp.*, 996 F.3d at 940 (rejecting presumption of materiality for literally false claims); *Johnson & Johnson*, 299 F.3d at 1250 (same); *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 312 n.10 (1st Cir. 2002) (rejecting presumption of materiality for intentionally false claims); *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001) (rejecting presumption of materiality for literally false claims); *Pizza Hut*. 227 F.3d at 503 ("[W]e are aware of [no precedent] that stands for the proposition that the subjective intent of the defendant's corporate executives to convey a particular message is evidence of the fact that consumers in fact relied on the message to make their purchases.").

Because an erroneous instruction on this element can (and has) led to retrials on remand, this Court should make clear—consistent with binding and indistinguishable Ninth Circuit precedent—that it will not apply any presumption of materiality here, and that such a presumption may not be included in the jury instructions. To do otherwise may well jeopardize the finality of the forthcoming jury trial in this matter and lead to the unnecessary and wasteful expenditure of the parties' and the Court's time and resources.

### B. SPI's IIPER claims fail as a matter of law.

SPI's description of a purported presumption of materiality is not the only legal error its Memorandum makes. Equally flawed (and consequential) is SPI's description of the elements of its IIPER claims, which suggests that Defendants may be held liable for interfering with SPI's prospective economic relationship with its "consumers/retailers/distributors." SPI Mem. at 9. That is not the law. Indeed, SPI's persistent and ongoing refusal to name a specific third party in lieu of this vague and amorphous amalgamation of "consumers, retailers, or distributors" cannot be squared with California law, which *requires* that a plaintiff identify the *specific* person or entity whose relationship with that plaintiff was disrupted. *See Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 527 (1996) (rejecting plaintiff's IIPER claim because, "[w]ithout an existing relationship with an *identifiable* buyer, WCA's expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit'" (emphasis added)). Indeed, that failure is what led Defendants to seek summary judgment on the IIPER claim five months ago. *See* Dkt. 535 at 35–36. This Court, however, did not address this argument, which is dispositive as to the IIPER claim, in its summary judgment order (and instead addressed only the individual Defendants' separate and distinct arguments for dismissal of the IIPER claim as to them).

By this brief, Defendants respond to SPI's erroneous recitation of the elements of an IIPER claim in its Memorandum, and renew their request for SPI's IIPER claims to be dismissed as to all Defendants due to SPI's failure to identify any *specific* person or entity whose relationship with SPI was disrupted. Because it is well established under California common law that an IIPER claim that fails to identify a third party is no IIPER claim at all, the claims cannot and should not be permitted to proceed to trial.

In recent years, federal and state courts alike have taken pains to reiterate that a plaintiff who fails to "identif[y] a specific third party with whom plaintiff had an

existing economic relationship" cannot, as a matter of law, prevail on an IIPER claim under California law. *Muddy Waters, LLC v. Superior Court*, 62 Cal. App. 5th 905, 926–27 (2021); *see also Pro Water Sol., Inc. v. Angie's List, Inc.*, 457 F. Supp. 3d 845, 853 (C.D. Cal. 2020) (dismissing IIPER claim because the plaintiff "concedes that it does not know the identities of the prospective customers who were allegedly impacted"); *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1116 (C.D. Cal. 2015) (IIPER requires "a specific economic relationship between the plaintiff and some third person"); *Damabeh v. 7-Eleven, Inc.*, 2013 WL 1915867, *10 (N.D. Cal. May 8, 2013) ("In order to state a claim for intentional interference with prospective business advantage, it is essential that the Plaintiff allege facts showing that Defendant interfered with Plaintiff's relationship with a particular individual.").

   Nowhere is this principle of law more clearly encapsulated than in the Judicial Council of California Civil Jury Instructions ("CACI") themselves, which expressly include in their model instructions and verdict form for IIPER the following language: "[*Name of plaintiff*] claims that [*name of defendant*] intentionally interfered with an economic relationship between [him/her/*nonbinary pronoun*/it] and [**name of third party**] that probably would have resulted in an economic benefit to [*name of plaintiff*]." CACI § 2202 (Intentional Interference with Prospective Economic Relations—Essential Factual Elements) (emphasis added). Unable to name this mysterious third-party whose relationship with SPI was allegedly disrupted, SPI has repeatedly replaced CACI's placeholder reference to a specific third-party with a general reference to "SPI's consumers, retailers, or distributors"—an improper substitution it evidently intends to see through to the end of trial, if permitted to do so. *See, e.g.*, Mem. at 9 ("SPI and its consumers/ retailers/ distributers were in an economic relationship that probably would have resulted in an economic benefit to SPI"); Dkt. 833 at 64 (Plaintiff's Proposed Jury Instruction #39 on IIPER) ("SPI claims that FIGS intentionally interfered with an economic

relationship between SPI and one or more of its customers or retailers or distributors that probably would have resulted in an economic benefit to SPI."), 73 (same), 82 (same); Dkt. 832 at 20 (Plaintiff's Proposed Verdict Form 2 on IIPER) ("Did Strategic Partners, Inc. and its customers or retailers or distributors have economic relationships that probably would have resulted in an economic benefit to Strategic Partners, Inc.?"), 33 (same), 46 (same).

This Court should not allow it. Just last year, the California Court of Appeal dismissed an IIPER claim precisely because the plaintiff had not identified any specific third party and instead alleged only that the defendant interfered with plaintiff's economic relationship with "repeat buyers"—the precise maneuver SPI attempts here. *George v. eBay, Inc.*, 71 Cal. App. 5th 620, 639 (2021). The court concluded that there could be no liability for IIPER where the plaintiff "merely referr[ed] to unidentified repeat buyers," which did not permit a court (or a jury, for that matter) to identify a concrete and non-speculative relationship that was purportedly disrupted—the hallmark of any IIPER claim. *Id.*; *see also Standard Furniture Mfg. Co. v. LF Prods. Pte Ltd.*, 2017 WL 3082221, at *6 (C.D. Cal. June 13, 2017) ("Without identifying specific harm to specific relationships . . . . Plaintiffs have not "ple[]d facts either showing or allowing the inference of actual disruption."). Those principles apply with equal force here, and they mandate the dismissal of SPI's IIPER claims.

It is essential that this issue be resolved before evidence is presented to the jury, because no evidence should be admitted on the basis that it is relevant to the IIPER claim. In the event the Court does not resolve this issue prior to seating a jury, Defendants will file a Motion for Judgment on the Pleadings requesting the dismissal of SPI's IIPER claims for failure to identify a specific third-party whose prospective economic relationship with SPI Defendants purportedly disrupted.

     **C.    SPI recently clarified in open court the scope of its Lanham Act claim and disavowed the factual predicate upon which this Court relied to deny FIGS' Motion *in Limine* No. 2.**

The Court also should revisit its ruling on Defendants' Motion *in Limine* No. 2, because since the Court issued its ruling, SPI has disavowed the factual basis and reasoning upon which the Court relied to deny the motion. Dkt. 826 at 14. This is a new and material development that could not have been included in Defendants' Memorandum of Contentions of Fact and Law, because SPI's disavowal occurred after the Memorandum was submitted.

Defendants previously moved *in limine* to exclude evidence relating to regulatory compliance because, among other things, such evidence relates to pure questions of administrative law regarding regulatory interpretation that cannot be resolved by the jury and that has "nothing to do with whether the specific claims FIGS made about its scrubs were *false advertisements*." Dkt. 703 at 1. In rejecting these arguments, the Court reasoned that because "SPI alleges that FIGS falsely advertised that FIGS's products had FDA and EPA regulatory approval," such "allegations are central to SPI's Lanham Act and UCL claims." Dkt. 826 at 12. Indeed, the Court emphasized that because "the issue is whether FIGS *falsely advertised that its scrubs were certified by the EPA and FDA*," such unlawful advertisements were "central" to both SPI's Lanham Act and UCL claims. *Id.* at 13 (emphasis added). The Court's order makes clear that the key factual predicate for its decision was that it understood SPI to be pursuing a theory of liability based on Defendants' purportedly false advertisements to the public that FIGS' scrubs were EPA and FDA-approved.

Since succeeding in its opposition to Defendants' motion *in limine*, however, SPI has *expressly disavowed* the central premise of the Court's order—a new and material factual development in this case that warrants this Court's attention under Local Rule 16-10. Specifically, during the final pre-trial conference on October 4,

2022, counsel for SPI asserted the following: "[A]nother component of the wrongful conduct with respect to the intentional interference claim is that because they were making certain health claims about their products, they needed to obtain certain approvals from the F[D]A, EPA. *That's not a component of our false advertisement claim*, right? Like, *we don't allege that they advertise that*." Declaration of Xiaonan April Hu (Hu Declaration), Ex. A at 8:23–9:4 (Transcript of Final Pretrial Conference). That admission (*i.e.*, that SPI does *not* allege that Defendants falsely advertised its products were EPA or FDA-approved), which Defendants could not have addressed in its Memorandum, squarely undercuts the foundation for the Court's motion *in limine* ruling and warrants this Court's reconsideration of Defendants' motion. Dkt. 826 at 2 ("Regardless of its initial decision on a motion *in limine*, a court may revisit the issue at trial.")

In light of SPI's recent admissions in open court, which establish that the Court's key rationale for denying the motion no longer exists, Defendants urge the Court to reconsider its ruling and reject SPI's efforts to introduce evidence concerning FIGS' compliance with federal regulations (or lack thereof) before the jury.

  **D.** **The Ninth Circuit's recent ruling in *Guzman* can be addressed in the equitable phase of the trial before the Court.**

As previewed at the final pre-trial conference, a recent Ninth Circuit decision raises serious questions about this Court's equitable jurisdiction to entertain state-law claims for equitable relief. *Guzman v. Polaris Indus. Inc.*, __ F.4th __, 2022 WL 4543709, *3–5 (9th Cir. Sept. 29, 2022). After meeting and conferring with counsel for SPI, Hu Decl. ¶ 2, and as the Court invited during the final pre-trial conference, *id.*, Ex. A at 64:1–10, Defendants intends to raise *Guzman* at an appropriate time in the bench trial phase for the Court's consideration.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court consider the legal principles and positions articulated by Defendants in this trial brief and (1) rule that a presumption of materiality does not exist in a Lanham Act case in the Ninth Circuit and incorporate this determination in the final jury instructions and verdict forms; (2) conclude that SPI's IIPER claims fail as a matter of law and dismiss them from the case, as originally urged in Defendants' motion for summary judgment (and which request this Court did not address at the time); and (3) reconsider its denial of Defendants' Motion in Limine No. 2 in light of SPI's recent representations in open court.

DATED: October 11, 2022         MUNGER, TOLLES & OLSON LLP

By:   */s/ Jacob S. Kreilkamp*
      Jacob S. Kreilkamp
      Attorneys for Defendants


DATED: October 11, 2022         BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
                                DROOKS. LINCENBERG & RHOW. P.C.


By:   */s/ Ekwan E. Rhow*
      Ekwan E. Rhow
      Attorneys for Defendants