Jacob S. Kreilkamp (State Bar No. 248210)
jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
james.salzmann@mto.com
Hunter V. Armour (State Bar No. 334874)
hunter.armour@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Ekwan E. Rhow (State Bar No. 174604)
erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
fwang@birdmarella.com
Kate S. Shin (State Bar No. 279867)
kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Additional Counsel on Next Page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STRATEGIC PARTNERS, INC.,

Plaintiff,

vs.

FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON,

Defendants.

Case No. 2:19-cv-02286-JWH-KS

**DEFENDANTS' BRIEF RE THE DECLARATION OF SEH WON CHUN**

Judge: Hon. John W. Holcomb
Date: October 19, 2022
Time: 8:30 a.m.
Crtrm.: 9D

*Additional Counsel*

Xiaonan April Hu (State Bar No. 321354)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Sara H. Worth (State Bar No. 341088)
sara.worth@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Miri E. Gold (State Bar No. 319060)
mgold@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants

## I. Introduction

Defendants FIGS, Inc., Catherine Spear, and Heather Hasson (collectively, FIGS) respectfully submit this brief to renew their objection to SPI's designation of excerpts from the Declaration of Seh Won Chun (Declaration). The Court previously ruled that the Declaration was admissible as a foreign deposition, due to the Court's apparent misunderstanding that FIGS had an opportunity to cross-examine Mr. Chun. As detailed below, FIGS had no such opportunity: FIGS had advance notice only of four specific authentication questions, and it could not possibly have anticipated that Mr. Chun would be asked to addressed a range of topics at an unnoticed hearing, long after the point at which FIGS could have taken further discovery. This means that the Declaration memorializes not a legal deposition but is instead inadmissible hearsay not subject to any exception; the jury should not be permitted to hear it. *See Clark v. City of L.A.*, 650 F.2d 1033, 1038 (9th Cir. 1981) (admission of prejudicial hearsay may constitute reversible error).

## II. Background

On November 3, 2021, the Court issued a Letter of Request pursuant to the Hague Convention on the Taking of Evidence Abroad. Dkt. 462. The Letter authorized SPI to seek documents from the Hyosung Corporation in South Korea and to compel answers to *four* limited questions "to authenticate the documents produced" and to "confirm that the documents accurately reflect transactions between Hyosung and FIGS." *Id.* at 4; *see also* Fig. 1. Instead, in May 2022, FIGS received a copy of a March 3, 2022 examination that far exceeded the authorized scope. Dkt. 513; *see also* Ex. A.[1] At a hearing that took place in Seoul, and about which FIGS received *no* notice, a Hyosung executive answered more than *70*

[1] Exhibit A hereto is the Declaration marked with Plaintiff's designations (yellow), Defendants' counter-designations and objections (violet), and Plaintiff's reply designations and objections (green).

questions posed by a local judge, including as to numerous topics unrelated to document authentication. *See* Ex. A at 8–19. SPI seeks to admit 29 of these.

## III. Argument

Rule 802 of the Federal Rules of Evidence generally bars the admission of out-of-court statements when offered "to prove the truth of the matter asserted." *See* Fed. R. Evid. 801, 802; *see also Crawford v. Washington*, 541 U.S. 36, 53–54 (2004) (Scalia, J.) "[T]he Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."

When it previously considered FIGS' *in limine* motion on this topic, Court relied upon SPI's citations to a district court decision, *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6575550 (N.D. Cal. Dec. 12, 2018), to conclude that the examination of Mr. Chun was admissible here because (a) Defendants had an opportunity to cross-examine him but did not, and (b) that any deficiencies in that opportunity "arose from the procedures under South Korean law" yet remained proper under American law. Dkt. 826 at 30. But SPI's citations and arguments—to which FIGS had no opportunity to respond because the Court does not allow reply briefs for *in limine* motions—warrant reconsideration on two grounds.

### A. The Examination of Mr. Chun Was Not a Lawful Deposition

A necessary precondition of a "deposition" is that there be an opportunity to cross-examine the out-of-court declarant. *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966, n.2 (9th Cir. 1981). FIGS had no such opportunity—and *Qualcomm* is not to the contrary. *Qualcomm* considered South Korean testimony to be admissible under Fed. R. Evid. 804(b)(1) and Fed. R. Civ. P. 32 only insofar as it comprised a lawful deposition. *Id.* at *1. But in *Qualcomm, that opportunity was not in dispute*. 2018 WL 6575550, at *2 ("Qualcomm concedes that the Huawei witnesses provided testimony under oath and subject to cross-examination.")

Here, however, FIGS learned of the examination months *after* Mr. Chun was examined in Seoul, outside the presence of FIGS' counsel. *See* Dkt. 513. Most importantly, FIGS never had any way of knowing that the examining officer in Korean would *far exceed* this Court's order authorizing the examination to cover only authentication. SPI now seeks to use colloquy entirely unrelated to the permitted authentication inquiry—colloquy that, at the time the Letter of Request was issued, was not contemplated by this Court or by the parties. FIGS could not possibly have developed cross-questions to these surprise topics in advance of a hearing of which it had no notice. *Compare* Fig. 1 *with* Fig. 2

***Fig. 1 (Dkt. 462 at 5–6)***

| 10. | **Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Art. 3(f))***<br>*Questions à poser ou faits sur lesquels les personnes susvisées doivent être entendues (art. 3(f))* | The following questions should be put to an authorized representative of Hyosung with respect to each purchase order produced:<br><br>1. Did Hyosung receive this purchase order from an intermediary acting on behalf of FIGS on or about the date stated in the document?<br><br>Did Hyosung sell goods conforming to the purchase order from the intermediary acting on behalf of FIGS<br><br>The following question should be put to the authorized representative of Hyosung with respect to each Inspection Report produced:<br><br>1. Did Hyosung treat the scrubs referenced in the related purchase order with the antimicrobial treatment referenced in the Inspection Report?<br><br>The following question should be put to the authorized representative of Hyosung with respect to each testing report produced:<br><br>1. Did Hyosung manufacture products for FIGS made of the same materials as those tested in the testing report? |
|---|---|---|

***Fig. 2 (Ex. A at 17):***

Q: So there was no agreement on the goods to be delivered to FIGS, designating antibacterial textiles such as Silvadur manufactured by Dow Chemical, etc.?

A: Correct. There was none.

Q: Any relation between [Silvadur] and Hyosung?

A: "Dow Chemical" is a producer and seller of antibacterial chemicals. We, Hyosung, were the business section that sold textiles in connection with this case, and we, given that we sell/produce textiles, at times would buy the chemicals from Dow Chemical on our own or depending on the customer. However, we had never purchased [the chemicals] in connection with this case or applied [such chemicals on our products] shipped.

In short, beginning at page 17 of Exhibit A,[2] Mr. Chun testified not just about "each report produced," but about material *not* produced. Because it was impossible for FIGS to have anticipated that the South Korean examiner would pose questions *other* than the authentication questions authorized by this Court, FIGS had no opportunity to develop or test Mr. Chun's statements. The result is inadmissible hearsay, plain and simple. *See In re Feagins*, 439 B.R. 165, 173 (Bankr. D. Haw. 2010) (excluding deposition as hearsay not falling under Rule 804(b)(1) where there was "no evidence" that party "was given the requisite notice of the deposition" and did not have an opportunity to cross examine").[3] The Declaration is thus not a deposition pursuant to Fed. R. Civ. P. 32, and it is further inadmissible under Fed. R. Evid. 804(b)(1)(B). *See Chuck Olsen Co., Inc. v. FPD, Inc.*, 2015 WL 12791409 at *2 (C.D. Cal. Aug. 11, 2015) (excluding declaration as hearsay where plaintiff had no opportunity to depose the witness or to cross-examine him at trial).

---

[2] I.e., the page marked "11/13," and beginning "The lawsuit in the U.S.…"

[3] The Court also adopted SPI's unsupported allegation that because "FIGS had an independent business relationship with Hyosung, [] it could have independently reached out to question Chun." Dkt. 826 at 30–31. FIGS learned of the unauthorized expansion of the examination *months* after the close of fact depositions, and it is unclear what sort of informal questioning either the Court or SPI would have accepted as a "cross-examination."

### B. Mr. Chun Lacks Knowledge

Second, Defendants respectfully disagree with the SPI's argument, preliminarily adopted by the Court, that notwithstanding Mr. Chun's acknowledgement that he lacked personal knowledge of certain inquiries, any "discrepancies an[d] inaccuracies of Chun's testimony go to its weight rather than its admissibility." Dkt. 826 at 32. The weight-not-admissibility rationale applies only when the opposing party is able to attack and display the discrepancies and inaccuracies before the trier of fact through cross-examination. *See Mobile Hi-Tech Wheels v. Direct Tire & Wheel, Inc.*, 2011 WL 13213894 at *1 (C.D. Cal. Feb. 22, 2011); *see also GSI Tech., Inc. v. Cypress Semiconductor Corp.*, 2015 WL 364796 (N.D. Cal. Jan. 27, 2015). And not only does Fed. R. Evid. 602 require that a witness have personal knowledge of the matter on which he testifies, but Mr. Chun *actively disclaimed* personal knowledge of the subject of his examination. He testified that he "was not" "the person responsible for the business transactions of the subject case; that "Dept. Manager Sang-Doo Choi was in charge at the time," but "is no longer with the company;" and that to prepare Mr. Chun consulted not with Mr. Choi or any other knowledgeable person, but instead reviewed company documents. Ex. A at 9. Mr. Chun's knowledge was so limited that, when asked about the source of a document, he asked the magistrate, "[c]ould I make a phone call?," *made the call*, and only then answered the question. *Id.* at 12.

SPI wants the trier of fact to "weigh" not just untested out-of-court statements, but statements made by a witness with neither knowledge nor preparation. The effect of admission would be to put before the jury statements the declarant had no ability to make truthfully, and which Defendants have never had any opportunity to probe. Such an outcome is flatly inconsistent with the Federal Rules of Evidence. FIGS respectfully requests that the Court exclude Mr. Chun's testimony on unauthorized topics as inadmissible hearsay.

DATED: October 18, 2022 MUNGER, TOLLES & OLSON LLP

By: */s/ Jacob S. Kreilkamp*
JACOB S. KREILKAMP
Attorneys for Defendants