MONA Z. HANNA (SBN 131439)
  mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
  jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
  kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
  aaguirre@mrllp.com
AMANDA V. ANDERSON (SBN 306903)
  aanderson@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:    (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
  smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
  mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
  jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
  jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
  akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90024
Telephone: (310) 299-5500
Facsimile: (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No. : 2:19-cv-02286-JWH-KSx |
| Plaintiff, | District Judge: Hon. John W. Holcomb |
| v. | Magistrate Judge: Hon. Karen Stevenson |
| FIGS, INC. , CATHERINE ("TRINA") SPEAR, HEATHER HASSON, | **STRATEGIC PARTNERS, INC. 'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 10 TO EXCLUDE THE RECORDED EXAMINATION OF SEH WON CHUN** |
| Defendants. | **Trial Date:  October 17, 2022** **Crtrm.:       9D** |
| | Complaint Filed:  February 22, 2019 |

1   *Additional Counsel:*

2

3   KRISTIN J. ACHTERHOF
    (*Admitted Pro Hac Vice*)
      kristin.achterhof@katten.com
4   KATTEN MUCHIN ROSENMAN LLP
    525 W. Monroe Street
5   Chicago, IL 60661-3693
    T: (312) 902-5296
6   F: (312) 902-1061

7   RICHARD H. ZELICHOV (SBN 193858)
      richard.zelichov@katten.com
8   KATTEN MUCHIN ROSENMAN LLP
    2029 Century Park East, Suite 2600
9   Los Angeles, CA 90067-3012
    T: (310) 788-4680
10  F: (310) 788-4471

11  TIMOTHY H. GRAY
    (*Admitted Pro Hac Vice*)
12    timothy.gray@katten.com
    KATTEN MUCHIN ROSENMAN LLP
13  2900 K Street NW, North Tower, Suite 200
    Washington, DC 20007-5118
14  T: (202) 625-3608
    F: (202) 298-7570
15

16  *Attorneys for Plaintiff, STRATEGIC PARTNERS*

17

18

19

20

21

22

23

24

25

26

27

**STRATEGIC PARTNERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION IN LIMINE #10**

# I.     **INTRODUCTION.**

Defendants FIGS, Inc., Catherine "Trina" Spear, and Heather Hasson's (collectively, "FIGS") pocket brief resubmits FIGS' Motion *in Limine* #10 to exclude the March 3, 2022 examination of Se-Won Cheon[1], an executive at Hyosung Corporation (the "MIL"). Given there was no intervening change in law or fact since this Court denied the Motion last month, and the context in which the evidence will be introduced at trial remains the same, Plaintiff Strategic Partners, Inc. ("SPI") again asks the Court to deny FIGS' Motion for the same reasons it did so in the first instance. SPI properly obtained Mr. Cheon's testimony through the legal procedure outlined in the Hague Convention. SPI prepared Letters of Request, submitted requests for issuance to the Special Master and the Court, successfully opposed FIGS' objections, served one of the Letters of Request in South Korea, and obtained Mr. Cheon's sworn testimony for use at trial.

FIGS now argues that SPI cannot introduce Mr. Cheon's testimony because FIGS allegedly never had an opportunity to cross-examine Mr. Cheon. FIGS disregards this Court's order denying FIGS' MIL ("Order"), which discussed FIGS' numerous opportunities to cross examine Mr. Cheon. FIGS could have (1) added its own questions to the letters of request; (2) issued its own letter of request; or (3) independently contacted Mr. Cheon to develop helpful testimony given FIGS' relationship with Hyosung; yet, it did not. As discussed *infra*, FIGS was on constructive notice that judges in South Korea may rephrase, restructure, or strike out the questions posed in letters of request, yet still chose not to include its questions. As stated on the examination transcript, FIGS also could have objected to the testimony and made its arguments about the impropriety of certain questions in the transcript before Judge Jo. Instead, FIGS continuously elected to sit on its rights. As such, SPI respectfully requests the Court to deny FIGS' motion for reconsideration.

---

[1] It appears the deponent's name was inadvertently misspelled by the parties in the briefing on the MIL. The deponent's name is spelled Se-Won Cheon in the designated transcript. SPI's opposition will refer to the deponent as "Mr. Cheon."

## II.   ARGUMENT.

### A.   The Examination of Mr. Cheon Pursuant to a Letter of Request is Admissible Under Federal Rules of Civil Procedure 28 and 32 and Federal Rule of Evidence 804.

As this Court ruled in its Order, Mr. Cheon's testimony is admissible pursuant to Federal Rules of Civil Procedure 28 and 32 and Federal Rule of Evidence 804. Dkt. 826 at 29:15-31:2. Rule 28 permits the admission into evidence of foreign depositions taken pursuant to a letter of request, even if those depositions depart from the requirements for depositions taken within the United States. Fed. R. Civ. P. 28(b)(4). Rule 32 permits the use of deposition testimony at trial if a witness is outside the United States. Fed. R. Civ. P. 32(a)(4)(B). Rule 804 admits, as an exception to the hearsay rule, former testimony that:

(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

(B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1). As this Court acknowledged in its Order, "Courts in this Circuit have… concluded that depositions taken pursuant to foreign law but in accordance with Rule 28 satisfied Rule 804(b)(1)." Dkt. 826 at 30:16-19 (citing *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6575550 (N.D. Cal. Dec. 12, 2018) ("*Qualcomm*")).

Neither party disputes that Mr. Cheon's deposition was taken pursuant to South Korean law and in accordance with the provisions of Rule 28. Judge Young-Eun Jo of the Seoul Western District Court administered a witness examination pursuant to provisions set forth in "Article 159, Paragraph 1 of the Civil Procedure Act" of South Korea. Dkt. 866-1 at 4. He did so in response to the Letter of Request issued by this Court, pursuant to Rule 28. Dkt. 826 at 30:12 & Dkt. 866-1 at 4. Together, those two facts satisfy Rule 804(b)(1) and establish that Mr. Cheon's testimony is not hearsay. As contemplated by Rule 32(a)(4)(B),

2

**STRATEGIC PARTNERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION IN LIMINE #10**

Mr. Cheon is unavailable because he resides in South Korea. Dkt. 826 at 30:12-13. Consequently, Mr. Cheon's deposition can be played for all purposes at trial.

As it argued in its MIL, *compare* Dkt. 717-5 at 3:10-23 *with* Dkt. 866 at 3:2-5, FIGS contends that Mr. Cheon's testimony is not an exception to Rule 804(b)(1) because it was not provided in a lawful deposition. Specifically, FIGS argues it did not have an opportunity to cross examine Mr. Cheon given that Judge Jo asked questions beyond the scope of the Letter of Request. *Id.* But, as this Court previously ruled, "this circumstance arose from procedures of South Korean law." Dkt. 826 at 30:13-16. FIGS had constructive notice of these procedures. The Korean Central Authority's publicly-available guidance on sending letters of request through the Hague Convention notes that, "…According to Article 292 of the Korean Civil Procedure Code, the judicial authorities may ex-officio conduct the examination of evidence" and "'blue-pencil' Letters of Requests (i.e. rephrase, restructure and / or strike out objectionable questions or offensive wording so that a Letter of Request may be executed under the laws of the requested State)[.]"[2]

FIGS knew that Judge Jo had broad latitude to convey the Letters of Request, and had an opportunity to cross examine Mr. Cheon, but repeatedly chose not to exercise it. In this Court's words:

> Although FIGS objected to SPI's initial Application—which this Court issued over FIGS's objections—FIGS made no effort to add questions to the Letter of Request or to issue its own Application. Furthermore, there are no indications that SPI took actions to prohibit FIGS from pursuing its own line of questioning with Chun. FIGS had an independent business relationship with Hyosung, and

---

[2] *See* Exhibit A, https://www.hcch.net/en/states/authorities/details3/?aid=846 (last visited Oct. 18, 2022), which SPI hereby requests the Court take judicial notice of pursuant to Fed. R. Evid. 201(b)(2). *See Monagas v. Samsung Electronics America, Inc.*, 2013 WL 5970977, at *2 (D. Conn., Nov. 8, 2013) ("I take judicial notice of the fact that the destination country in this case, South Korea, objected to Article 10 via declaration. The text of that declaration is available on the Hague Convention's website, www.hcch.net. (exact link: http://www.hcch.net/index en.php?act=status.comment & csid=408 & disp=resdn))[.]").

**STRATEGIC PARTNERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION IN LIMINE #10**

it could have independently reached out to question Chun or to develop testimony in support of its case… it could have taken steps to obtain discovery from Hyosung in parallel.

Dkt. 826 at 30:20-31:2 & 31:9. Even after receiving the transcript, FIGS failed to object to Mr. Cheon's testimony. As the abstract notes:

> The parties to the case, witnesses, etc., may object to the information indicated in this stenographic record. When an objection is filed, the court must indicate the gist of the objection on this stenographic record or a separate document or correct the corresponding portions of this stenographic record.

Dkt. 866-1 at 7. FIGS had every opportunity to avail itself of its ability to object to the deposition and at least argue to remove offending testimony or seek additional testimony. It declined to do so.

FIGS argues the Court should revisit its decision because its reliance on *Qualcomm* was misplaced; FIGS represents that, unlike here, Defendant Qualcomm conceded it had the opportunity to cross-examine the witnesses at issue. Dkt. 866 at 2:25-27. Not so. FIGS quotes from the analysis in *Qualcomm* that does not pertain to a letter of request. With respect to Qualcomm's motion *in limine* to exclude a written deposition conducted in South Korea and provided in response to a letter of request, Qualcomm alleged that its submission of written questions in the letter of request propounded by the FTC "does not qualify as cross-examination under FRE 804(b)(1)." *Qualcomm* at *3. The Court found that "Qualcomm's opportunity to propound 146 written questions *necessarily constitutes cross-examination*." *Id.* (emphasis added). FIGS had the opportunity, like Qualcomm, to submit questions with SPI's Letter of Request. It chose not to cross-examine Mr. Cheon.[3]

---

[3] FIGS remaining authorities do not involve letters of request or foreign depositions and stand for the unremarkable proposition that domestic depositions of which a party never had notice cannot be introduced into evidence. In re Feagins, 439 B.R. 165, 173 (Bankr. D. Haw. 2010) ("There is no evidence that Ms. Domogma was given notice of the deposition as rule 30(b)(1) requires"); *Chuck Olsen Co. v. FPD, Inc.*, 2015 WL 12791409, at *2 (C.D. Cal. Aug. 11, 2015) (Excluding a declaration from evidence when the declarant was never deposed and did not intend to appear at trial).

**STRATEGIC PARTNERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION IN LIMINE #10**

**B. Mr. Cheon Demonstrated the Personal Knowledge Required of a Corporate Representative.**

FIGS *again* argues that Mr. Cheon's testimony must be excluded under Federal Rule of Evidence 602 because he was not the person responsible for Hyosung's business transaction with FIGS. *Compare* Dkt. 717-5 at 5:4-6:7 *with* Dkt 866 at 5:2-27. As this Court acknowledged in its Order, however, Mr. Cheon "served as the equivalent of a Rule 30(b)(6) witness" and "reviewed the necessary records, made the necessary inquiries, and acted in the role of a representative of Hyosung." Dkt. 826 at 31:14-32:1. SPI contends Mr. Cheon's phone call during deposition demonstrates his diligence; as this Court stated in its Order, FIGS' argument that it shows he was unprepared or lacked knowledge raises an issue of weight. Dkt. 826 at 32:1-2. FIGS now argues that Mr. Cheon's knowledge is not an issue of weight because it was not able to cross-examine Mr. Cheon. Dkt. 866 at 5:6-11. However, FIGS' cases again do not concern letters of request or any of the facts at issue here.[4] FIGS disregards this Court's determination that FIGS could have, but chose not to, explore these issues on cross examination by asking its own questions in SPI's Letters of Request or propounding its own. FIGS elected not to do so.

**III.  CONCLUSION.**

FIGS has not provided a new reason to revisit the Court's Order and SPI respectfully requests that the Court deny FIGS' motion for reconsideration of its Motion *in Limine* #10.

Date: October 19, 2022                    **MICHELMAN & ROBINSON, LLP**

                                          By:    */s/ Jennifer S. Goldstein*
                                                 Sanford L. Michelman, Esq.
                                                 Mona Z. Hanna, Esq.

---

[4] *Mobile Hi-Tech Wheels v. Direct Tire & Wheel, Inc.*, 2011 WL 13213894, at *1 (C.D. Cal. Feb. 22, 2011) (denying motions to exclude plaintiff's executives from a domestic trial, even though they were undisclosed); *GSI Tech., Inc. v. Cypress Semiconductor Corp.*, 2015 WL 364796, at *2 (N.D. Cal. Jan. 27, 2015) (denying *Daubert* motions in a domestic case).

5

**STRATEGIC PARTNERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION IN LIMINE #10**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Jeff D. Farrow, Esq.
Marc R. Jacobs, Esq.
Jennifer S. Goldstein
Attorneys for Plaintiff
STRATEGIC PARTNERS, INC.

**KATTEN MUCHIN ROSENMAN LLP**

By:   */s/  Kristin J. Achterhof*
Richard H. Zelichov, Esq.
Kristin J. Achterhof, Esq.
Timothy H. Gray, Esq.

Attorneys for Plaintiff

**STRATEGIC PARTNERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER DENYING DEFENDANTS' MOTION IN LIMINE #10**