# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                   (WESTERN DIVISION - LOS ANGELES)




STRATEGIC PARTNERS, INC,      ) CASE NO: 2:19-CV-02286-JWH-KSx
                              )
            Plaintiff,        )             CIVIL
                              )
      vs.                     )      Riverside, California
                              )
FIGS, INC, ET AL,             )       Friday, August 5, 2022
                              )      ( 8:59 a.m. to 10:52 a.m.)
            Defendants.       )      (11:39 a.m. to 12:52 p.m.)


                          MOTIONS HEARING


            BEFORE THE HONORABLE JOHN W. HOLCOMB,
                  UNITED STATES DISTRICT JUDGE




CALENDARED MOTIONS:        SEE PAGE 2


APPEARANCES:               SEE PAGE 3


Court Reporter:            Recorded; CourtSmart


Courtroom Deputy:          Deborah Lewman


Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 8365
                           Corpus Christi, TX 78468
                           361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1    hurdle for us.  And at the end of the day --

2            **THE COURT:**  So what I'm hearing you say is there's a

3    discovery dispute.  And there were a ton of discovery disputes

4    before Judge Stevenson.  I think she did a magnificent job

5    plowing through all that.

6            I know you may not agree with how she ruled on

7    various --

8            **MR. JACOBS:**  Sure.

9            **THE COURT:**  -- things, but --

10           **MR. JACOBS:**  Sure.

11           **THE COURT:**  -- she had a monumental task there, which

12   drove me to appoint a special master.  And I think Judge Segal

13   has likewise done a ton of work.  And, again, you may not agree

14   with any particular decision.

15           Anyway, where I'm going is if you had this discovery

16   dispute, why didn't you raise it?  And --

17           **MR. JACOBS:**  I --

18           **THE COURT:**  -- the way you're framing it, seems like

19   a no brainer that that 300-page report should have been turned

20   over, the way you're framing it.

21           **MR. JACOBS:**  Right.  Well Defendants have claimed

22   that they don't have the 300-page report.  At the end of the

23   day, you can't squeeze blood out of a turnip.  I -- you know,

24   Your Honor knows that.  And we had --

25           **THE COURT:**  And did we talk about this at the 12(c)

14

1  motion stage?

2         **MR. JACOBS:**  I believe this was raised at the 12(c)

3  motion --

4         **THE COURT:**  Okay.

5         **MR. JACOBS:**  -- stage.  And what we had indicated was

6  we believed that there were sufficient inferences based on the

7  evidence that we do have in the admissions that we do have to

8  pursue this claim and let a jury decide if they in fact took

9  something and what they took; because they are uniquely

10 positioned with that information.  But the Court --

11        **THE COURT:**  Right.  So why --

12        **MR. JACOBS:**  -- didn't agree at that time --

13        **THE COURT:**  -- didn't you do it?  I mean, you're

14 saying there were challenges.  You may face a -- you may have

15 faced a 12(b)(6) or summary judgment challenge.  But you didn't

16 even try that.

17        **MR. JACOBS:**  We did not have any new evidence the

18 Court had not already seen.  And while we may disagree with how

19 that turned out on the motion for judgment on the pleadings

20 previously on that particular issue, we weren't going to re-

21 argue when the evidence had not materially changed.  We didn't

22 come into possession of the 300-page document.

23        And, you know, while it's odd that Ms. Spear admits

24 multiple times to having taken it, brags about it, we didn't

25 have more at the summary judgment phase.

1           And the reality is, the crux of this case is the
2    false advertising.  And so we focused this Court where we
3    thought its attention needed to be; not that we don't believe
4    that there's merit to what we've alleged.  But, you know, we
5    would like the opportunity to and would have liked the
6    opportunity to let a jury make that decision.
7           But at the end of the day, this case is about false
8    advertising.  That's where the largest wrong has occurred.  And
9    I think that's where the marketplace is affected, that's where
10   consumers are affected, that's what I think this Court should
11   be most concerned with, and that's what we focused on.
12          **THE COURT:**  So on the intentional interference claim,
13   you have argued I think eloquently that the so-called
14   independent wrong need not be a standalone claim for relief,
15   right?
16          **MR. JACOBS:**  Correct, Your Honor.  We do believe that
17   it --
18          **THE COURT:**  Okay.
19          **MR. JACOBS:**  -- need not be --
20          **THE COURT:**  I understand that --
21          **MR. JACOBS:**  -- pled as a separate cause of action.
22          **THE COURT:**  -- argument.  Where I'm going is, why are
23   you not saying -- I have not seen the argument, maybe I missed
24   it.  Why are you not saying that your trade secret
25   misappropriation claim, which for complicated reasons you're

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____           August 11, 2022
        Signed                                               Dated

*TONI HUDSON, TRANSCRIBER*

EXCEPTIONAL REPORTING SERVICES, INC