MONA Z. HANNA (SBN 131439)
  mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
  jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
  kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
  aaguirre@mrllp.com
AMANDA V. ANDERSON (SBN 306903)
  aanderson@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:   (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
  smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
  mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
  jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
  jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
  akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90024
Telephone: (310) 299-5500
Facsimile:  (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No. : 2:19-cv-02286-JWH-KSx |
| Plaintiff, | District Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Karen Stevenson |
| v. | |
| FIGS, INC. , CATHERINE ("TRINA") SPEAR, HEATHER HASSON, | **PLAINTIFF STRATEGIC PARTNERS, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ADMISSION OF EVIDENCE IMPEACHING DEFENDANT TRINA SPEAR'S TESTIMONY** |
| Defendants. | **Trial Date: October 17, 2022**<br>**Crtrm.:        9D** |
| | Complaint Filed:  February 22, 2019 |

-1-

**STRATEGIC PARTNERS, INC.'S SUPPLEMENTAL BRIEF RE: ADMISSION OF EVIDENCE IMPEACHING DEFENDANT TRINA SPEAR'S TESTIMONY**

1 | *Additional Counsel:*

2

3 | KRISTIN J. ACHTERHOF
*(Admitted Pro Hac Vice)*
  kristin.achterhof@katten.com
4 | KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
5 | Chicago, IL 60661-3693
T: (312) 902-5296
6 | F: (312) 902-1061

7 | RICHARD H. ZELICHOV (SBN 193858)
  richard.zelichov@katten.com
8 | KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
9 | Los Angeles, CA 90067-3012
T: (310) 788-4680
10 | F: (310) 788-4471

11 | TIMOTHY H. GRAY
*(Admitted Pro Hac Vice)*
12 |   timothy.gray@katten.com
KATTEN MUCHIN ROSENMAN LLP
13 | 2900 K Street NW, North Tower, Suite 200
Washington, DC 20007-5118
14 | T: (202) 625-3608
F: (202) 298-7570
15

16 | *Attorneys for Plaintiff, STRATEGIC PARTNERS*

17

18

19

20

21

22

23

24

25

26

27

**STRATEGIC PARTNERS, INC.'S SUPPLEMENTAL BRIEF RE: ADMISSION OF EVIDENCE IMPEACHING DEFENDANT TRINA SPEAR'S TESTIMONY**

## I.      **INTRODUCTION**

Plaintiff Strategic Partners, Inc. ("SPI") submits its supplemental brief respectfully requesting that the Court allow SPI to use and admit evidence that directly impeaches the testimony of Defendant Catherine "Trina" Spear ("Spear") regarding when and how she learned of the medical apparel industry prior to starting at FIGS, Inc. ("FIGS").  During her testimony, Ms. Spear denied any knowledge of the medical apparel industry through her work on a financing deal for SPI.  SPI is entitled to impeach this testimony with extrinsic evidence which reflect that Ms. Spear learned of the medical apparel industry through her prior work on a financing deal involving SPI.

Ninth Circuit case law is clear that extrinsic evidence is admissible under Federal Rules of Evidence (FRE) 607 to impeach **specific testimony** by contradiction.  *United States v. Castillo,* 181 F.3d 1129, 1133 (9th Cir. 1999). Moreover, the probative value of the impeachment evidence is not outweighed by ***unfair*** prejudice as SPI does not seek to use extrinsic evidence to establish a trade secret claim or suggest any illegal conduct on the part of Ms. Spear. In fact, Defendants have opened the door to this line of questioning by conceiving a defense narrative premised on allegedly altruistic origins of FIGS, *i.e.*, that Ms. Hasson came up with the idea to start FIGS over a coffee meeting with a nurse and through countless conversations and "organic research" with healthcare professionals who were begging them to redefine and revolutionize the industry.  Indeed, the only party that stands to incur any prejudice is SPI if stripped of its ability to present evidence to rebut Ms. Spear's testimony and this defense narrative.

The Court's ruling on Defendants' Motion in *Limine* (MIL) No. 7 preliminarily excluding two audio recordings in which Ms. Spear acknowledges her access and use of SPI's confidential information does not preclude admission of impeachment evidence. Here, SPI does not intend to introduce evidence to establish a trade secret claim or suggest illegal conduct by Ms. Spear; rather SPI seeks to directly impeach by contradiction testimony offered by Ms. Spear.   Notably, the Court's ruling did not (and could not) analyze

1

admissibility of extrinsic evidence for ***impeachment by contradiction under FRE 607*** because the specific testimony to be contradicted had yet to be offered at trial. As such, the Court correctly reserved its discretion to revisit its "preliminary ruling" based on "FIGS's or Spear's testimony" or if "FIGS opens the door to the Blackstone Claims in its origin story…." Dkt No. 826 at 23. Now that Ms. Spear's testimony (and Defendants' opening statement and examination of Ms. Hasson at trial to date) has opened the door to how and when she learned about the medical apparel industry, SPI is entitled to present evidence to impeach her testimony.

Simply put, Defendants cannot open the door to this line of questioning by making FIGS' origin story the central theme of their defense and insulate themselves from impeachment by arguing prejudice. The Court should permit use of and admit extrinsic evidence to impeach Ms. Spear's testimony.

## II.   ARGUMENT

### A.   FRE 607 Permits Impeachment by Contradiction Through Extrinsic Evidence.

Under FRE 607, extrinsic evidence is admissible to impeach by contradiction ***specific testimony*** of a witness. *United States v. Castillo,* 181 F.3d 1129, 1133 (9th Cir. 1999) (finding that impeachment by contradiction is governed under FRE 607 and extrinsic evidence may be admitted to "impeach specific errors or falsehoods in a witness' direct testimony, subject to Rule 403 considerations."); *Copart, Inc. v. Sparta Consulting, Inc.,* 2018 WL 1871414, at *9 (E.D. Cal. Apr. 19, 2018) (denying a motion in *limine* to exclude a termination letter as the letter may be used, in part, to impeach by contradiction); *U.S.A. v. Boyajian*, 2016 WL 225724, at *11 (C.D. Cal. Jan. 19, 2016) (admitting recording of phone call for purpose of impeachment by contradiction). The "impeachment by contradiction" doctrine applies to both direct testimony or cross-examination. *Copart*, 2018 WL 1871414, at *9.

The Ninth Circuit decision in *United States v. Castillo,* 181 F.3d 1129 (9th Cir. 1999)

is directly on point. In *Castillo*, the defendant appealed his drug conviction based on a trial court ruling allowing extrinsic evidence about defendant's prior drug arrest that contradicted his testimony that "he had never used drugs and would not touch them" and "portrayed himself as an anti-drug counselor who taught kids to 'stay away from drugs.'" *Id.* at 1132. Specifically, the defendant argued that FRE 608(b) "expressly precludes admission of all extrinsic evidence used to attack a witness' credibility." *Id.* The Ninth Circuit found that, while FRE 608 prohibits the use of extrinsic evidence of conduct to impeach a witness' credibility in terms of his ***general veracity***, in contrast, the concept of impeachment by contradiction is governed by FRE 607 and "permits courts to admit extrinsic evidence that ***specific testimony*** is false, because contradicted by other evidence." *Id.* (emphasis added). Accordingly, the Ninth Circuit determined that the evidence of the drug arrest was properly admitted as impeachment by contradiction as the defendant had denied his involvement with drugs on direct examination. *Id.* at 1134. In particular, the Ninth Circuit reasoned that admitting the extrinsic evidence for purposes of impeachment was "justified on the grounds that the witness ***should not be permitted to engage in perjury***, ***mislead the trier of fact***, and then ***shield himself from impeachment by asserting the collateral-fact doctrine***." *Id.* at 1133 (emphasis added).

Like *Castillo*, here, SPI seeks to introduce evidence to impeach Ms. Spear's ***specific testimony*** that she did not learn of the medical apparel industry through her prior involvement in a transaction concerning SPI:

> Q. Ms. Spear, is it true that you learned of the medical apparel industry while working at Citigroup on a transaction involving Strategic Partners?
> A. No.

*See* October 20, 2022, Daily Transcript 180:21-24.

Ms. Spear's response is verifiably false and subject to impeachment through evidence that she learned of the medical apparel industry through prior employment at Blackstone and Citigroup working on a financial deal involving SPI.  Indeed, the trial exhibits are replete

3

with examples of Ms. Spear acknowledging her work in transaction involving SPI while employed at both Blackstone and Citigroup, and attributing her knowledge of the medical apparel industry to those transactions. This is precisely the type of extrinsic evidence that the Ninth Circuit in *Castillo* determined was proper and admissible to impeach by contradiction.

Like in *Castillo*, Defendants have opened the door to this line of questioning. For example, in his opening statement, Defense Counsel devoted significant time touting the altruistic origins of FIGS and cast Ms. Hasson as a selfless visionary who developed the idea to start FIGS through "organic research" with countless medical professionals and a serendipitous coffee meeting with her mystery nurse friend. *See* October 18, 2022, Daily Transcript 130:16-18;131:10-16. Along the same narrative, Defense Counsel elicited testimony from Ms. Hasson concerning the origins of FIGS which she claimed was rooted in her desire "to help healthcare professionals in a different environment" and that "coming up with the idea [for] FIGS" originated from her many conversations with healthcare professionals.  *See* October 20, 2022, Daily Transcript 81:6-14; 81:19-21.  Because Ms. Spear has categorically denied that she had any knowledge of the medical apparel industry through her work on an SPI transaction, SPI is entitled to present evidence that directly impeaches Ms. Spear to show her knowledge of the medical apparel industry is attributed to her work on an SPI deal.

**B.    There is No Risk of Unfair Prejudice or Collateral Distraction that Outweighs the Highly Probative Value of the Impeachment Evidence.**

As the Ninth Circuit provides, because relevant evidence is inherently prejudicial, the test in determining exclusion under FRE 403 is whether admission of evidence constitutes ***unfair*** prejudice.  "Undue prejudice . . . means an 'undue tendency to suggest decision on an ***improper*** basis, commonly, though not necessarily, an emotional one.'" *Ohio Six Ltd. v. Motel 6 Operating L.P.*, 2013 WL 12125747, at *7 (C.D. Cal. Aug. 7, 2013).

Here, Defendants cannot demonstrate any ***unfair*** prejudice arising from admission of

4

**STRATEGIC PARTNERS, INC.'S SUPPLEMENTAL BRIEF RE: ADMISSION OF EVIDENCE IMPEACHING DEFENDANT TRINA SPEAR'S TESTIMONY**

the impeachment evidence. As the Court correctly observed, the introduction of extrinsic evidence would be unnecessary if Ms. Spear answered truthfully to SPI's Counsel's question regarding when and how she learned of the medical apparel industry. *See* October 20, 2022, Daily Transcript 174:14-19.  However, Ms. Spear's categorical denial that she learned of the medical apparel industry while working on a transaction involving SPI has opened herself for impeachment by providing testimony that is verifiably contradicted by evidence. *Id.* Therefore, there is nothing unfair about SPI's use of extrinsic evidence to impeach by contradiction.  On the other hand, the probative value of the impeachment evidence is compelling as it not only directly impeaches Ms. Spear's testimony, but it also rebuts Defendants' narrative that Ms. Spear and Ms. Hasson were pioneers of the medical apparel industry through their original innovation and creativity.

Defendants' reliance on the collateral-fact doctrine also does not preclude impeachment evidence. As the Ninth Circuit reasoned in *Castillo*, a party cannot "mislead the trier of fact, and then ***shield himself from impeachment by asserting the collateral-fact doctrine***." *Castillo*, 181 F.3d at 1133 (emphasis added).  Likewise, Defendants cannot argue that the impeachment evidence relates to a collateral matter when they have devoted the majority of their defense and witness examination to touting FIGS' original innovation and altruistic origins.

In short, exclusion of impeachment evidence would be highly prejudicial to SPI as it would immunize Ms. Spear from impeachment of her verifiably false testimony and allow Defendants to spin a defense narrative that is insulated from challenge. The balance of FRE 403 weighs in favor of admission.

## C.   The Court's Order on Defendants' MIL No. 7 Does Not Preclude Impeachment by Contradiction.

The Court's Order on Defendants' MIL No. 7 does not exclude evidence impeaching Ms. Spear.

<u>First</u>, MIL No. 7 sought exclusion of two audio recordings that were transcribed in

Ms. Spear's deposition transcript in which she admits to using SPI's confidential information to launch FIGS. Dkt No. 708, at 7 n. 4. The Court excluded these recording based, among other things, on its finding that SPI has not alleged a trade secret claim and the evidence was not relevant to the remaining false advertising claims at issue.  Dkt No. 826, at 23.  However, SPI does not seek to admit evidence to establish a trade secret claim or suggest unlawful conduct by Ms. Spear – rather, SPI seeks to admit evidence **to directly impeach** testimony offered by Ms. Spear.  In fact, in its Order, the Court expressly stated "that FIGS's or **Spear's testimony could change this preliminary ruling**" and acknowledged that its weighing of the FRE 403 balancing test was conditioned on the fact that FIGS had yet to "**open[] the door to the Blackstone Claims in its origin story**…."  Dkt No. 826 at 23-24 (emphasis added). Defendants have now kicked the door open.  Defense Counsel discussed at length during his opening statement the story behind FIGS and how it  was born from Ms. Hasson and Ms. Spear's "organic research" through "[v]isiting hospitals, visiting clinics, talking to healthcare workers." *See* October 18, 2022, Daily Transcript 132:2-15.  Further, Ms. Spear categorically denied under oath her involvement in any transaction concerning SPI.  SPI is now entitled to impeach Ms. Spear's testimony and challenge Defendants' narrative with extrinsic evidence.

Second, the Court's ruling concerning impeachment was based on its analysis under FRE 608.  However, as detailed above, FRE 608 does ***not*** govern impeachment by contradiction.  Impeachment by contradiction is governed under FRE 607 which the Ninth Circuit held in *Castillo* permits extrinsic evidence to impeach specific testimony.  *United States v. Castillo*, 181 F.3d 1129, 1133 (9th Cir. 1999) ("Impeachment by contradiction is properly considered under Rule 607, not Rule 608(b)."); *Copart*, 2018 WL 1871414, at *9 (determining "Rule 608(b) [] does not preclude defendants from introducing the termination letter to contradict any direct testimony or cross-examination at trial" because "the Ninth Circuit recognizes a limited doctrine of 'impeachment by contradiction,' which 'is properly considered under Rule 607, not Rule 608(b).'" ).  Therefore, FRE 608 does not preclude

**STRATEGIC PARTNERS, INC.'S SUPPLEMENTAL BRIEF RE: ADMISSION OF EVIDENCE IMPEACHING DEFENDANT TRINA SPEAR'S TESTIMONY**

admission of extrinsic evidence.

**D.** **Defendants' Accusations Regarding Improper Motives is a Red Herring.**

Recognizing that Ninth Circuit case authority permits admission of extrinsic evidence, Defendants attempt to distract the Court from the issue at hand by accusing SPI and its counsel of possessing improper motives to admit extrinsic evidence. *See* Dkt No. 876 at 3-4. Specifically, Defendants argue that SPI seeks to admit the impeachment evidence to "fuel its incendiary and false media narrative," rather than to actually impeach Ms. Spear. *Id*. Defendants' false and reckless accusations are undeserving of a response. While Defendants complain about recent media articles that cast them in an unfavorable light, Defendants are remiss to inform the Court that FIGS created and has hosted for **over a year** a website called "Facts and Figs" (*see* https://www.facts-and-figs.com/litigation) where it selectively published discovery documents from this case wage a public relations campaign against SPI. Notwithstanding Defendants' history of questionable public relations practices, media attention to this case has no bearing on the admissibility of impeachment evidence under FRE 607. Defendants cannot use their origin story as a sword and a shield to further their defense narrative while shielding themselves from any impeachment or rebuttal evidence.

**III.** **CONCLUSION**

For the reasons stated herein, SPI respectfully requests that the Court permit use and admission of extrinsic evidence to impeach Ms. Spear's testimony.

Date: October 24, 2022                              **MICHELMAN & ROBINSON, LLP**

                                   By:    */s/ Kevin S. Kim*
                                          Sanford L. Michelman, Esq.
                                          Mona Z. Hanna, Esq.
                                          Jeff D. Farrow, Esq.
                                          Kevin S. Kim, Esq.
                                          Attorneys for Plaintiff
                                          STRATEGIC PARTNERS, INC.