MONA Z. HANNA (SBN 131439)
  mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
  jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
  kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
  aaguirre@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990
Facsimile:  (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
  smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
  mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
  jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
  jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
  akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90024
Telephone: (310) 299-5500
Facsimile:  (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br> Defendants. | Case No.: 2:19-cv-02286-JWH-KSx <br><br> District Judge:  Hon. John W. Holcomb <br> Magistrate Judge:  Hon. Karen Stevenson <br><br> **PLAINTIFF STRATEGIC PARTNERS, INC.'S BRIEF REGARDING EVIDENCE OF MOTIVE FOR LAWSUIT** <br><br> **Trial Date: October 17, 2022** <br> **Time:      9:00 a.m.** <br> **Crtrm.:     9D** <br><br> Complaint Filed:  February 22, 2019 <br> Trial Date:  October 17, 2022 |

1  *Additional Counsel:*

2

3  KRISTIN J. ACHTERHOF
   (*Admitted Pro Hac Vice*)
     kristin.achterhof@katten.com
4  KATTEN MUCHIN ROSENMAN LLP
   525 W. Monroe Street
5  Chicago, IL 60661-3693
   T: (312) 902-5296
6  F: (312) 902-1061

7  RICHARD H. ZELICHOV (SBN 193858)
     richard.zelichov@katten.com
8  KATTEN MUCHIN ROSENMAN LLP
   2029 Century Park East, Suite 2600
9  Los Angeles, CA 90067-3012
   T: (310) 788-4680
10 F: (310) 788-4471

11 TIMOTHY H. GRAY
   (*Admitted Pro Hac Vice*)
12   timothy.gray@katten.com
   KATTEN MUCHIN ROSENMAN LLP
13 2900 K Street NW, North Tower, Suite 200
   Washington, DC 20007-5118
14 T: (202) 625-3608
   F: (202) 298-7570
15

16 *Attorneys for Plaintiff, STRATEGIC PARTNERS, INC.*

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF STRATEGIC PARTNERS, INC.'S BRIEF REGARDING EVIDENCE OF MOTIVE FOR LAWSUIT

## I. INTRODUCTION

The Court should exclude any evidence, testimony, and argument purporting to establish SPI's alleged motive for bringing this lawsuit. FIGS' opening statement made clear that it intends to make its smear-and-innuendo campaign—SPI filed suit only to "attack" FIGS, and therefore its case has no merit—a centerpiece of its case and in particular its examination of SPI's former CEO, Mike Singer. That is improper. SPI's motive for filing suit has no bearing on the merits of this case, which involves FIGS' false advertisements and the resulting damages suffered by SPI. This is not a malicious prosecution case. FIGS has brought no counterclaims placing SPI's motives at issue, nor do its equitable defenses implicate SPI's motive *for filing suit*—at most, they implicate SPI's motive in previously making *allegedly similar statements*. Moreover, any marginal probative value of FIGS' speculative evidence regarding SPI's purported reasons for bringing this action would be substantially outweighed by the unfair prejudice of the evidence and argument. It serves only to confuse the jury, waste time, cause unfair prejudice, distract from the issues, and suggest a decision on an improper basis. All evidence and argument regarding SPI's purported motive for bringing the instant lawsuit should be excluded under Federal Rules of Evidence 401, 402, and 403.

## II. ARGUMENT

### A. SPI's Motive is Irrelevant to SPI's Claims.

Evidence and argument regarding SPI's alleged motives for bringing this lawsuit should be excluded because it is irrelevant. Rule 402 bars the admission of "[e]vidence which is not relevant." Fed. R. Evid. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. And it is the exception, not the rule, that a plaintiff's motive is relevant to that plaintiff's cause of action. "Normally courts will not look behind an action that states a valid legal claim on its face in order to try to determine the comparative weight a litigant places on various subjective reasons for bringing the claim. An antitrust complaint or

environmental action, for example, does not suddenly become invalid simply because the litigant is subjectively indifferent about receiving the requested equitable relief, but instead primarily wants to please his or her family or obtain revenge." *Lonchar v. Thomas*, 517 U.S. 314, 332 (1996); *see, e.g.*, *Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162 (10th Cir. 2000) ("Absent some evidence of fraud on Caldwell's part (and none was proffered), evidence of his financial motivation to bring the suit was not relevant to any of the issues in this case"); *Hill v. MacMillan/McGraw-Hill Sch. Co.*, 164 F.3d 630 (9th Cir. 1998) (district court did not abuse its discretion by excluding motive evidence because "[plaintiff]'s motivation for bringing the suit is irrelevant—the merits of her claims stand independent from her reasons for asserting them"); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 1991 WL 183842, at *2 (E.D. Pa. Sept. 16, 1991) ("Courts . . . have held that the motive behind the institution of an action has been deemed not relevant to the subject matter involved").

This general rule is no less true in Lanham Act cases. *See Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 542 (6th Cir. 2014) ("Defendants assert that they should have been permitted to introduce evidence about Plaintiff's business strategy of protecting its trademark and trade dress through litigation . . . [but] Plaintiff's motive in bringing this case was all but irrelevant—what mattered what whether Defendants' products were confusingly similar to FHE."); *Nat'l Football League Properties, Inc. v. ProStyle, Inc.*, 16 F. Supp. 2d 1012, 1021 (E.D. Wis. 1998) ("plaintiffs' possible improper motive . . . is not relevant to consumer confusion, however, as not one of the seven factors to be considered in that analysis bears any relation to a trademark holder's motive in bringing suit"). Accordingly, evidence and argument regarding SPI's alleged motives for initiating the lawsuit should be excluded because they do not make FIGS' liability for making false claims or SPI's incurring of damages from those false claims any more or less probable. *See Collins v. Del Taco, Inc.*, 2005 WL 3789357, at *3 (C.D. Cal. Feb 24, 2005) (plaintiff's motive irrelevant because "[o]ne can have a bad motive to sue and still file a case with legal and factual merit, just as surely as one may have a good motive in

STRATEGIC PARTNERS, INC.'S OBJECTION TO EVIDENCE OF MOTIVE FOR LAWSUIT

bringing a case, but yet file one that lacks legal or factual merit"; courts "do[] not decide cases on account of the subjective motives of the litigants, but according to law"); *Aleman v. Volvo Cars of N. Am., LLC*, No. CV1900831DSFASX, 2020 WL 4742814, at *1 (C.D. Cal. Apr. 15, 2020) (granting motion to exclude evidence offered to demonstrate plaintiff's motive for filing suit, since "Plaintiff's 'motive for bringing suit' is not relevant to the merits").

### B.   SPI's Motive is Irrelevant to FIGS' Defenses.

Nor can FIGS properly seek to admit this otherwise inadmissible evidence in connection with its equitable defenses, or to somehow impeach the "credibility" of SPI's claims for damages. First, evidence of SPI's purported motives *for filing suit* is irrelevant to FIGS' unclean hands equitable defense because the motive and intent relevant to that inquiry concerns the plaintiff's *prior acts*, not the *instant lawsuit*. "Bad intent is the essence of the defense of unclean hands," *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 173 (9th Cir. 1989), and the focus in a Lanham Act case is on the plaintiff's knowledge or intent when it made its allegedly similar statements. *See, e.g.*, *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, 821 F. App'x 701, 703 (9th Cir. 2020) (fact that plaintiff "knowingly made false statements" on the same advertising topic "satisf[ied] the requisite bad faith and inequitable conduct necessary for an unclean hands finding"); *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 834 (9th Cir. 2011) (no unclean hands where "review of the record reveals no evidence of actual deception caused by plaintiffs' advertising"); *Nat'l Football League*, 16 F. Supp. 2d at 1021 (motive evidence irrelevant to equitable issues because "the conduct to be weighed would involve plaintiffs' unlawful activity (their 'unclean hands'), not their motive in asking for injunctive relief"). This makes sense: "While bringing a lawsuit brings the contested issue before the court, the act of bringing suit is not, itself, the matter concerning which a plaintiff seeks relief. Thus, the Court must focus on alleged inequitable conduct in the gaining or the use of the right being contested, not alleged inequitable conduct in the bringing of the lawsuit." *Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1310 (D. Del. 1990).

Second, FIGS cannot present evidence of SPI's purported motives on the basis of "credibility." FIGS has previously asserted that analogous evidence—evidence of SPI's previous lawsuits—may "'cast[] doubt on the credibility of [SPI]'s claim for damages' as well as falsity." Dkt. No. 751-6 at 5 (quoting *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 495 (7th Cir. 1998)). But that argument, drawn from inapposite authority, makes no sense. *Gastineau* involved evidence of a plaintiff "creating false documents in anticipation of litigation." *Gastineau*, 137 F.3d at 495. There is no such allegation here. The "credibility" of SPI's claims for damages will be determined by the jury on the basis of the numerous experts the parties have retained to assess whether FIGS' false and misleading statements caused injury to SPI, and the quantum of SPI's damages. Evidence of SPI's "motive" is not evidence of the "credibility" of SPI's valid claims. It is irrelevant evidence intended to urge the jury to forgive Defendants' violations of the Lanham Act and look past Defendants' persistent inability to tell the truth because Mike Singer has been mean to them. That is not a defense to liability for false advertising.

### C. Arguments Regarding SPI's Motive for Bringing Suit Are Unfairly Prejudicial and Would Substantially Outweigh Any Relevance.

Even if the Court concludes that SPI's motivation for bringing meritorious claims *does* have some probative value—which it does not—that value would be substantially outweighed by the unfair prejudice of the evidence and argument. *See, e.g.*, *Reiner v. Eringer*, 2020 WL 1172726, at *4 (C.D. Cal. Jan. 2, 2020) (granting motion in limine to exclude motive evidence since "[i]t is well-established that in ordinary litigation . . . the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation," and any "probative value is substantially outweighed by the danger of unfair prejudice"); *Samsung Elecs. Co. v. NVIDIA Corp.*, 2016 WL 754547, at *4 (E.D. Va. Feb. 24, 2016) ("[A]dmitting motive evidence would of necessity open the door to countervailing evidence that would necessarily detract from the real issues, that would cause delay and waste of time, and that would confuse the jury. All of that would be unfairly prejudicial and would substantially outweigh any marginal relevance of the motive evidence offered

here."); *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 367 F. Supp. 3d 487, 527–28 (D.S.C. 2019) (plaintiff's "motive for bringing an infringement action is irrelevant to the liability issue in the case . . . the probative value of such evidence is substantially outweighed by the risk of unfair prejudice"), *aff'd,* 790 F. App'x 208 (Fed. Cir. 2020). SPI's claims are now before the jury. Those claims will be decided by the jury on the merits—the parties' evidence going to falsity, materiality, and injury. Allowing FIGS to argue SPI brought this lawsuit for reasons other than rectifying the effects of FIGS' false advertisements and preventing their further propagation would confuse the jury, be unfairly prejudicial to SPI, and would invite the jury to render a verdict on an improper basis. *See Samsung Elecs. Co.*, 2016 WL 754547, at *4. This Court should preclude such arguments and evidence under Federal Rule of Evidence 403.

## III.  CONCLUSION

For the foregoing reasons, SPI respectfully requests that the Court exclude any evidence, argument, or suggestion concerning any purported motive of SPI in filing this lawsuit.

Date: October 25, 2022  **MICHELMAN & ROBINSON, LLP**

By: */s/ Jesse J. Contreras*
Sanford L. Michelman, Esq.
Mona Z. Hanna, Esq.
Jeff D. Farrow, Esq.
Marc R. Jacobs, Esq.
Jesse J. Contreras, Esq.

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Kristin J. Achterhof*
Richard H. Zelichov, Esq.
Kristin J. Achterhof, Esq.
Timothy H. Gray, Esq.

Attorneys for Plaintiff
STRATEGIC PARTNERS, INC.