MONA Z. HANNA (SBN 131439)
  mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
  jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
  kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
  aaguirre@mrllp.com
AMANDA V. ANDERSON (SBN 306903)
  aanderson@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:   (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
  smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
  mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
  jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
  jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
  akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90024
Telephone: (310) 299-5500
Facsimile:  (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON,<br><br>Defendants. | Case No.: 2:19-cv-02286-JWH-KSx<br><br>District Judge:  Hon. John W. Holcomb<br>Magistrate Judge:  Hon. Karen Stevenson<br>Special Discovery Master: Hon. Suzanne Segal<br><br>**PLAINTIFF STRATEGIC PARTNERS, INC.'S TRIAL BRIEF REGARDING EXCLUDING BRIAN KIM**<br><br>Complaint Filed:  February 22, 2019<br>Trial Date: October 17, 2022 |

**PLAINTIFF STRATEGIC PARTNERS, INC.'S TRIAL BRIEF REGARDING EXCLUDING BRIAN KIM**

*Additional Counsel:*

KRISTIN J. ACHTERHOF
(*Admitted Pro Hac Vice*)
  kristin.achterhof@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
T: (312) 902-5296
F: (312) 902-1061

RICHARD H. ZELICHOV (SBN 193858)
  richard.zelichov@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
T: (310) 788-4680
F: (310) 788-4471

TIMOTHY H. GRAY
(*Admitted Pro Hac Vice*)
  timothy.gray@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2900 K Street NW, North Tower, Suite 200
Washington, DC 20007-5118
T: (202) 625-3608
F: (202) 298-7570

*Attorneys for Plaintiff, STRATEGIC PARTNERS, INC.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

FIGS, Inc., Catherine Spear, and Heather Hasson's (collectively, "FIGS" or "Defendants") untimely disclosure of Brian Kim mandates that his testimony be excluded. Mr. Kim is currently an employee for FIGS (Mr. Kim is the Vice President of Data). Yet, he was only disclosed for the first time on August 24, 2022 – approximately a month and a half before trial and nearly a year after discovery had closed. Over the weekend of October 29, 2022, FIGS did not disclose Brian Kim as a witness and stated they planned to rest their case without calling him. The next day, on October 30, 2022, FIGS "clarified" that it intended to move three exhibits into evidence based upon Brian Kim's Custodian of Records Declaration. Mr. Kim's Declaration was signed and dated on October 30, 2022. When Plaintiff Strategic Partners, Inc. ("SPI") sought to confirm that FIGS would not be calling Mr. Kim as a witness, FIGS explained that their withdrawal of Mr. Kim as a witness was based upon SPI's agreement that Mr. Kim's Custodian of Records Declaration could be used to establish admissibility of certain exhibits. Pursuant to Fed. R. Civ. P. 37, the Court should exclude Mr. Kim's testimony and his declaration as FIGS' untimely disclosure is not substantially justified or harmless to Plaintiff.

First, FIGS' untimely disclosure is not substantially justified as FIGS has known about Mr. Kim for years. Indeed, Mr. Kim has worked for FIGS since October 2018 (i.e. prior to the lawsuit). Even though FIGS knew of Mr. Kim, they never listed him in discovery responses, disclosed him as witnesses (prior to August 24, 2022), nor produced documents referring to him. As such, FIGS untimely disclosure is without substantial justification.

Second, FIGS' late disclosure is not harmless as Mr. Kim has not been deposed nor has any discovery been conducted regarding his potential testimony. As such, the untimely disclosure has forestalled Plaintiff's opportunity to conduct necessary discovery in preparation for trial. Clearly, FIGS' untimely disclosure is meant to ambush Plaintiff at trial with surprise testimony, and thus, is not harmless.

Third, FIGS cannot avoid their untimely disclosure of Mr. Kim by submitting a Custodian

1

of Records Declaration for him. Mr. Kim is not a custodian of a third-party business – he is an employee of FIGS since October 2018. To the extent FIGS intended to rely on Mr. Kim to admit evidence, he should have been timely disclosed. To that end, FIGS cannot produce Mr. Kim's Custodian of Records Declaration two weeks into trial for purposes of avoiding the fact that he was untimely disclosed. FIGS' tactics are akin to trial by ambush and demonstrate that Mr. Kim's testimony and Custodian of Records Declaration should be excluded.

Mr. Kim's testimony and declaration should be excluded.

## II. THE COURT SHOULD EXCLUDE MR. KIM'S TESTIMONY AND CUSTODIAN OF RECORDS DECLARATION.

Pursuant to Fed. R. Civ. P. 37(c), "a party [who] fails to … identify a witness as required by Fed. R. Civ. P. 26(a) or (e) … is not allowed to use that … witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Compliance with Rule 26's disclosure requirements is "mandatory." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). As such, the remedy for such violation is an automatic exclusion. *Kempf v. Barrett Business Services, Inc.* (9th Cir. 2009) 336 Fed.Appx. 658, 661 ("Sanctions for the failure to disclose a witness in accordance with Rule 26(a) are automatic under Rule 37(c) unless the non-disclosing party can show its failure was substantially justified or harmless."); *see also* Fed. R. Civ. P. 37 Advisory Committee Note.

The purpose of Fed. R. Civ. P. 26 is to prevent trial by ambush and surprise and encourage the parties to try cases on the merits. *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000) ("[O]ne of the principal goals of the discovery rules [is] preventing trial by ambush and surprise."). Indeed, it is not the responsibility of a party to "guess" which undisclosed witnesses may be called to testify. *Ollier v. Sweetwater Union High School Dist., supra*, 768 F.3d at 863; *Guzman v. Bridgepoint Education, Inc.*, 305 F.R.D. 594, 604 (S.D. Cal. 2015) (finding that a belatedly developed intent to use a known witness is not an exception from the Rule 26 disclosure requirement.)

Mr. Kim's untimely disclosure is particularly unjustified as FIGS employs Mr. Kim. *Ollier v. Sweetwater Union High School Dist., supra,* 768 F.3d at 863; *Markson v. CRST Int'l,*

*Inc.*, No. 517CV1261SBSPX, 2021 WL 5969519, at *4 (C.D. Cal. Nov. 23, 2021) (excluding four new witnesses, who were the employees of defendant, who would testify about new topics that were not explored during discovery); *see also Neman Brothers & Associates, Inc. v. One Step Up, Ltd.*, 2019 WL 8135437, at *2 (C.D. Cal., Dec. 19, 2019, No. CV184297DMGAGRX) ("It strains credulity that Plaintiff, given a year within which to conduct discovery, could be substantially justified in failing to timely disclose its own employee as a trial witness despite its demonstrated ability to expeditiously contact and obtain information from.")

In *Ollier v. Sweetwater Union High School District*, the Ninth Circuit affirmed the exclusion of defendant's 38 witnesses who "were identified 15 months after the discovery cutoff and only ten months before trial." 768 F.3d at 861. The Court found that there was no reason why defendant did not disclose any of the 38 witnesses as "[a]t least 19 of the 38 witnesses were [defendant's] employees." *Id.* at 862. The Court further noted that even though some of the witnesses became employed *after* the discovery cutoff, this still did not justify their untimely disclosure. *Id.* at 862

In *Markson v. CRST Int'l, Inc.*, the Court excluded four of defendant's employee fact witnesses who were disclosed on the last day of discovery. No. 517CV1261SBSPX, 2021 WL at *4. The Court found that the witness disclosure was untimely and that such delay was neither substantially justified nor harmless because:

> "[D]efendant has made no showing it could not have discovered these witnesses (its employees) earlier. Instead, defendant simply points to a belated realization that these witnesses might prove useful, which does not justify its failure to disclose these witnesses until the close of discovery. This is particularly so where, as here, plaintiffs had no reason to anticipate from other discovery or litigation actions that defendant might call these witnesses. Defendant's contention that plaintiffs "cannot legitimately claim surprise" is undermined by its attempt to introduce new witnesses who would testify about new topics defendant admits plaintiffs did not explore during discovery."
>
> *Id.*

3
**PLAINTIFF STRATEGIC PARTNERS, INC.'S TRIAL BRIEF REGARDING EXCLUDING BRIAN KIM**

   Here, Mr. Kim's August 24, 2022 disclosure was not substantially justified as he has been an employee of FIGS since October 2018. (Declaration of Jesse Contreras, ¶ 7 and Exhibit C.) As such, Mr. Kim is not a newly discovered witness, but rather, someone who has been known to FIGS since the inception of the lawsuit and is currently their Vice President of Data. (*Id*.) Thus, as done in *Ollier* and *Markson,* the Court should not permit FIGS to untimely disclose its own employee.

   While FIGS has known of Mr. Kim for years, FIGS never: (1) disclosed Mr. Kim in any discovery responses (or disclosures), (2) submitted his declaration prior to trial,[1] nor (3) produced a single document during the entirety of discovery with his name on it. (Declaration of Jesse Contreras, ¶ 5.) Indeed, the only mention of Mr. Kim is in three of the approximately 39 depositions in this matter as the "data" person at FIGS. (Declaration of Jesse Contreras, ¶ 6.) Such passing reference in a deposition to a person with knowledge of FIGS' data does not satisfy a party's disclosure obligations. *Ollier v. Sweetwater Union High School District*, *supra*, 768 F.3d at 862 ("That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations.") In addition, Mr. Kim's late disclosure is not harmless as Plaintiff was not afforded an opportunity to depose Mr. Kim or conduct discovery regarding his position at FIGS. Accordingly, FIGS' untimely disclosure of Mr. Kim is not substantially justified or harmless, and thus, his testimony should be excluded.

   Lastly, FIGS cannot attempt to avoid their untimely disclosure by submitting Mr. Kim's Custodian of Records Declaration. Indeed, SPI informed FIGS on October 26, 2022 that SPI intended to object to Mr. Kim's testimony as he was untimely disclosed. (Declaration of Jesse Contreras, ¶ 8.) In an effort to avoid their untimely disclosure, FIGS has now submitted Mr. Kim's Custodian of Records Declaration for purposes of admitting Trial Exhibit Nos. 2156, 2275 and 2283. Mr. Kim is not a custodian of a third party, but rather an employee of FIGS. If FIGS needed Mr. Kim to authenticate its own records, FIGS should have timely disclosed Mr.

---

[1] Notably, FIGS did provide a declaration for Mr. Kim on October 30, 2022 at approximately 1:18 pm. (Declaration of Jesse Contreras, ¶¶ 9-11.)

Kim. Even if Mr. Kim's Custodian of Records Declaration could be used, FIGS has not timely provided written notice of its intent to offer the Declaration. See Fed. R. Evid. 902 ("The following items of evidence are self-authenticating … The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."). Not only did FIGS not provide the Declaration "before the trial," Mr. Kim did not even sign the Declaration until October 30, 2022. Accordingly, FIGS should not be permitted to submit Mr. Kim's Custodian of Records Declaration.

### III. THE COURT'S ORDER ON FIGS' MOTION IN LIMINE NO. 9 HAS NO BEARING ON THE INSTANT MOTION TO EXCLUDE.

It is anticipated that FIGS will improperly draw parallels between the Court's order denying FIGS' Motion in Limine No. 9 (which sought to exclude FIGS' consumers, Aleisha Orr and Deborah New, from testifying at trial due to their alleged untimely disclosure)[2] and SPI's current request to exclude Mr. Kim. Such parallels are a red herring.

In reaching its order on FIGS' Motion in Limine No. 9, the Court, in part, relied upon *Kelly v. MTS Inc.* (9th Cir. 2001) 5 Fed.Appx. 755. The Court cited to *Kelly* as an example wherein the Ninth Circuit upheld a district court's order declining to impose sanctions (i.e. excluding witness testimony) as both parties failed to properly disclose. (See Dkt. No. 826, 27:14-21.) FIGS' untimely disclosure of Mr. Kim is distinguishable from *Kelly*. In *Kelly*, the plaintiff sought Ninth Circuit review of the district court's order permitting testimony of defendant's rebuttal expert on the basis the rebuttal expert was disclosed approximately a month late. *Id*. at 756-57. The Ninth Circuit noted that the disclosure was substantially justified and harmless as the rebuttal expert was deposed for two days, the disclosure was only slightly

---

[2] The Court granted Motion in Limine No. 9 in part with regard to Deborah New as SPI representation it did not intend to call Ms. New.

delayed, and plaintiff did not "completely disclose" its expert (who the rebuttal expert planned to rebut) timely. *Id*. at 757.

Unlike *Kelly*, FIGS is unable to provide any substantial justification for its untimely disclosure of Mr. Kim who FIGS has known about since the inception of the lawsuit. In contrast and as outlined in SPI's Opposition to FIGS' Motion in Limine No. 9, SPI did establish substantial justification as to Aleisha Orr. Indeed, Ms. Orr was only uncovered by SPI in April of 2022 and her declaration was provided to FIGS in May of 2022. To that end, Ms. Orr was not called as a witness – and thus, FIGS cannot complain of any unfair advantage caused by excluding Mr. Kim. As explained above, FIGS never indicated Mr. Kim would be called as a witness (i.e. FIGS never submitted a declaration for Mr. Kim until October 30, 2022, Mr. Kim was never deposed, and FIGS never referenced Mr. Kim in discovery responses). As such, FIGS' untimely disclosure is not harmless or substantially justified. Accordingly, while FIGS may try to draw parallels from the instant Motion to the Court's Order on its Motion in Limine No. 9, such arguments should be disregarded.

## IV.   CONCLUSION.

For the foregoing reasons, SPI respectfully requests that the Court exclude Mr. Kim from testifying and submitting his Declaration.

Dated: October 30, 2022

**MICHELMAN & ROBINSON, LLP**

By:   /s/ Jesse J. Contreras
Sanford L. Michelman, Esq.
Mona Z. Hanna, Esq.
Jeff D. Farrow, Esq.
Marc R. Jacobs, Esq.
Jesse J. Contreras, Esq.
Kevin S, Kim, Esq.
Allison C. Aguirre, Esq.
Jennifer S. Goldstein, Esq.
Adam M. Korn, Esq.
Amanda Anderson, Esq.

Attorneys for Plaintiff
STRATEGIC PARTNERS, INC.