MONA Z. HANNA (SBN 131439)
 mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
 jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
 kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
 aaguirre@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:   (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
 smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
 mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
 jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
 jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
 akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone: (310) 299-5500
Facsimile: (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br> Defendants. | Case No. 2:19-cv-02286-JWH-KS <br><br> **JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS** <br><br> Date: October 17, 2022 <br> Time: 9:00 a.m. <br> Crtrm: 9D <br><br> Complaint Filed: February 22, 2019 <br> Trial Date: October 17, 2022 |

1   *Additional Counsel*

2   Jacob S. Kreilkamp (State Bar No. 248210)
      jacob.kreilkamp@mto.com
3   Adam B. Weiss (State Bar No. 296381)
      adam.weiss@mto.com
4   Sara A. McDermott (State Bar No. 307564)
      sara.mcdermott@mto.com
5   James R. Salzmann (State Bar No. 324527)
      james.salzmann@mto.com
6   Hunter V. Armour (State Bar No. 334874)
      hunter.armour@mto.com
7   Sara H. Worth (State Bar No. 341088)
      sara.worth@mto.com
8   MUNGER, TOLLES & OLSON LLP
    350 South Grand Avenue
9   Fiftieth Floor
    Los Angeles, California 90071-3426
10  Telephone: (213) 683-9100
    Facsimile: (213) 687-3702

11
    Xiaonan April Hu (State Bar No. 321354)
12    april.hu@mto.com
    MUNGER, TOLLES & OLSON LLP
13  601 Massachusetts Ave. NW, Suite 500E
    Washington, D.C. 20001-5369
14  Telephone: (202) 220-1100
    Facsimile: (202) 220-2300

15
    Ekwan E. Rhow (State Bar No. 174604)
16    erhow@birdmarella.com
    Julia B. Cherlow (State Bar No. 290538)
17    jcherlow@birdmarella.com
    Fanxi Wang (State Bar No. 287584)
18    fwang@birdmarella.com
    Miri E. Gold (State Bar No. 319060)
19    mgold@birdmarella.com
    Kate S. Shin (State Bar No. 279867)
20    kshin@birdmarella.com
    BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
21  DROOKS, LINCENBERG & RHOW, P.C.
    1875 Century Park East, 23rd Floor
22  Los Angeles, California 90067-2561
    Telephone: (310) 201-2100
23  Facsimile: (310) 201-2110

24  Attorneys for Defendants

25

26

27

28

Plaintiff STRATEGIC PARTNERS, INC. ("Plaintiff") and Defendants FIGS, INC., CATHERINE ("TRINA") SPEAR, and HEATHER HASSON (collectively "Defendants"), jointly submit the following set of proposed Lanham Act verdict forms in dispute.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

1

**PLAINTIFF'S PROPOSED VERDICT FORM 1**

2

3
We answer the questions submitted to us as follows:

4

5
1.      Do you find that FIGS made the statement that FIGS' scrubs kill bacteria

6
and infection immediately upon contact through interstate commerce in commercial

7
advertising?

8
                    Yes _____ No _____

9

10
If you answered no stop here, and proceed to Verdict Form 2. If you answered

11
yes, proceed to Question 2.

12

13
2.  Do you find that FIGS' statement that FIGS' scrubs kill bacteria and infection

14
immediately upon contact is literally false and had a tendency to deceive or actually

15
deceived a substantial segment of FIGS' audience of consumers?

16
                    Yes _____ No _____

17

18
If you answered no, please answer Question 3. If you answered yes, proceed to

19
Question 4.

20

21
3.  Do you find that FIGS' statement that FIGS' scrubs kill bacteria and infection

22
immediately on contact was misleading and actually deceived FIGS' consumers?

23
                    Yes _____ No _____

24

25
If you answered no, stop here and proceed to Verdict Form 2. If you answered

26
yes, please proceed to Question 4.

27

28

4

4.  If you answered yes to Question 2 or 3, do you find that FIGS made the statement that FIGS' scrubs kill bacteria and infection immediately on contact with the intention to deceive or mislead its consumers?

Yes _____ No _____

Please proceed to Question 5.

5.  Do you find that FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 2. If you answered yes, please proceed to Question 6.

6.  Do you find that SPI was injured by FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 2. If you answered yes, please proceed to Question 7.

7.  What profits did SPI lose that are attributable to FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact:

$ _____

**Please proceed to Verdict Form 2.**

JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS

# PLAINTIFF'S PROPOSED VERDICT FORM 2

We answer the questions submitted to us as follows:

1. Do you find that FIGS made the statement that FIGS' scrubs reduce hospital acquired infection rates by 66% through interstate commerce in commercial advertising?

    Yes _____ No _____

If you answered no stop here, and proceed to Verdict Form 3. If you answered yes, proceed to Question 2.

2. Do you find that FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66% is literally false and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

    Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3. Do you find that FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66% was misleading and actually deceived FIGS' consumers?

    Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, please proceed to Question 4.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

==4.  If you answered yes to Question 2 or 3, do you find that FIGS made the statement that FIGS' scrubs reduce hospital acquired infection rates by 66% with the intention to deceive or mislead its consumers?==

==Yes _____  No _____==

Please proceed to Question 5.

5.  Do you find that FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66% was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____  No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, please proceed to Question 6.

6.  Do you find that SPI was injured by FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66%?

Yes _____  No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, please proceed to Question 7.

7.  What profits did SPI lose that are attributable to FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66%:

$ _____

**<u>Please proceed to Verdict Form 3.</u>**

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

**PLAINTIFF'S PROPOSED VERDICT FORM 3**

We answer the questions submitted to us as follows:

1.  Do you find that FIGS made the statement that FIGS' scrubs are liquid or fluid repellent through interstate commerce in commercial advertising?

Yes _____ No _____

If you answered no stop here, and proceed to Verdict Form 4. If you answered yes, proceed to Question 2.

2.  Do you find that FIGS' statement that FIGS' scrubs are liquid or fluid repellent is literally false and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3.  Do you find that FIGS' statement that FIGS' scrubs are liquid or fluid repellent was misleading and actually deceived FIGS' consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, please proceed to Question 4.

8

4.  If you answered yes to Question 2 or 3, do you find that FIGS made the statement that FIGS' scrubs are liquid or fluid repellent with the intention to deceive or mislead its consumers?

Yes _____ No _____

Please proceed to Question 5.

5.  Do you find that FIGS' statement that FIGS' scrubs are liquid or fluid repellent was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, please proceed to Question 6.

6.  Do you find that SPI was injured by FIGS' statement that FIGS' scrubs are liquid or fluid repellent?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, please proceed to Question 7.

7.  What profits did SPI lose that are attributable to FIGS' statement that FIGS' scrubs are liquid or fluid repellent:

$ _____

**Please proceed to Verdict Form 4.**

JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS

**PLAINTIFF'S PROPOSED VERDICT FORM 4**

We answer the questions submitted to us as follows:

1. Do you find that FIGS made the statement that FIGS donates one set of scrubs for every set sold through interstate commerce in commercial advertising?

    Yes _____ No _____

If you answered no stop here, and proceed to Verdict Form 5. If you answered yes, proceed to Question 2.

2. Do you find that FIGS' statement that FIGS donates one set of scrubs for every set sold is literally false and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

    Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3. Do you find that FIGS' statement FIGS donates one set of scrubs for every set sold was misleading and actually deceived FIGS' consumers?

    Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, please proceed to Question 4.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

4.  If you answered yes to Question 2 or 3, do you find that FIGS made the statement that FIGS donates one set of scrubs for every set sold with the intention to deceive or mislead its consumers?

Yes _____ No _____

Please proceed to Question 5.

5.  Do you find that FIGS' statement that FIGS donates one set of scrubs for every set sold was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, please proceed to Question 6.

6.  Do you find that SPI was injured by FIGS' statement that FIGS donates one set of scrubs for every set sold?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, please proceed to Question 7.

7.   What profits did SPI lose that are attributable to FIGS' statement that FIGS donates one set of scrubs for every set sold:

$ _____

**Please proceed to Verdict Form 5.**

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

1

## PLAINTIFF'S STATEMENT REGARDING VERDICT FORM

2    The parties overwhelmingly agree on the content of their proposed Lanham Act

3 verdict forms—only two differences remain.

4    *First*, assuming that the Court adheres to its tentative instruction and adopts a

5 presumption of materiality from intentional or deliberate deception, SPI proposes to

6 place a question concerning intent or deliberateness *before* materiality, where its

7 connection with materiality will be made plain. Placing the question at the end, as

8 FIGS proposes, clouds the relationship between the substantive element of materiality

9 and the equities-driven Ninth Circuit authority permitting that presumption.

10    *Second*, SPI proposes eliminating the characterization of the claims (*e.g.*, "On

11 Contact") given the parties' disagreement over those characterizations. SPI, for

12 example, has used the formulation "Kills Claim" instead of "On Contact," and to

13 forestall any disputes over how best to style the claim SPI has elected to omit the

14 subhead from each Lanham Act form.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

## DEFENDANTS' PROPOSED VERDICT FORM 1
### ***Lanham Act – On Contact Claim***

We answer the questions submitted to us as follows:

1.    Do you find that FIGS made the statement that FIGS' scrubs kill bacteria and infection immediately upon contact through interstate commerce in commercial advertising?

       Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 2. If you answered yes, proceed to Question 2.

2.  Do you find that FIGS' statement that FIGS' scrubs kill bacteria and infection immediately upon contact is literally false, and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

       Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3.  Do you find that FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact was misleading and actually deceived FIGS' consumers?

       Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 2. If you answered yes, please proceed to Question 4.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

4.  Do you find that FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 2. If you answered yes, please proceed to Question 5.

5.  Do you find that SPI was injured by FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 2. If you answered yes, please proceed to Questions 6 and 7.

6.  What profits did SPI lose that are attributable to FIGS' statement that FIGS' scrubs kill bacteria and infection immediately on contact:

$ _____

Please proceed to Question 7.

7.  Do you find that FIGS made the statement that FIGS' scrubs kill bacteria and infection immediately on contact with the intention to deceive or mislead its consumers?

Yes _____ No _____

**<u>Please proceed to Verdict Form 2.</u>**

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED VERDICT FORM 2

### *Lanham Act – 66% Claim*

We answer the questions submitted to us as follows:

1.  Do you find that FIGS made the statement that FIGS' scrubs reduce hospital acquired infection rates by 66% through interstate commerce in commercial advertising?

      Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, proceed to Question 2.

2.  Do you find that FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66% is literally false and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

      Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3.  Do you find that FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66% was misleading and actually deceived FIGS' consumers?

      Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, please proceed to Question 4.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

4.  Do you find that FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66% was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, please proceed to Question 5.

5.  Do you find that SPI was injured by FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66%?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 3. If you answered yes, please proceed to Questions 6 and 7.

6.  What profits did SPI lose that are attributable to FIGS' statement that FIGS' scrubs reduce hospital acquired infection rates by 66%:

$ _____

Please proceed to Question 7.

7.  Do you find that FIGS made the statement that FIGS' scrubs reduce hospital acquired infection rates by 66% with the intention to deceive or mislead its consumers?

Yes _____ No _____

**Please proceed to Verdict Form 3.**

JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS

# DEFENDANTS' PROPOSED VERDICT FORM 3
## *Lanham Act – Liquid Repellency Claim*

We answer the questions submitted to us as follows:

1.  Do you find that FIGS made the statement that FIGS' scrubs are liquid or fluid repellant through interstate commerce in commercial advertising?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, proceed to Question 2.

2.  Do you find that FIGS' statement that FIGS' scrubs are liquid or fluid repellant is literally false and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3.  Do you find that FIGS' statement that FIGS' scrubs are liquid or fluid repellant was misleading and actually deceived FIGS' consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, please proceed to Question 4.

17

4.  Do you find that FIGS' statement that FIGS' scrubs are liquid or fluid repellant was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, please proceed to Question 5.

5.  Do you find that SPI was injured by FIGS' statement that FIGS' scrubs are liquid or fluid repellent?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 4. If you answered yes, please proceed to Questions 6 and 7.

6.  What profits did SPI lose that are attributable to FIGS' statement that FIGS' scrubs are liquid or fluid repellant:

$ _____

Please proceed to Question 7.

7.  Do you find that FIGS made the statement that FIGS' scrubs are liquid or fluid repellant with the intention to deceive or mislead its consumers?

Yes _____ No _____

**Please proceed to Verdict Form 4.**

18

**DEFENDANTS' PROPOSED VERDICT FORM 4**

***Lanham Act – One-for-One Claim***

We answer the questions submitted to us as follows:

1.  Do you find that FIGS made the statement that FIGS donates one set of scrubs for every set sold through interstate commerce in commercial advertising?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, proceed to Question 2.

2.  Do you find that FIGS' statement that FIGS donates one set of scrubs for every set sold is literally false and had a tendency to deceive or actually deceived a substantial segment of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, please answer Question 3. If you answered yes, proceed to Question 4.

3.  Do you find that FIGS' statement FIGS donates one set of scrubs for every set sold was misleading and actually deceived FIGS' consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, please proceed to Question 4.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

4.  Do you find that FIGS' statement that FIGS donates one set of scrubs for every set sold was material, meaning it was likely to influence the purchasing decisions of FIGS' audience of consumers?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, please proceed to Question 5.

5.  Do you find that SPI was injured by FIGS' statement that FIGS donates one set of scrubs for every set sold?

Yes _____ No _____

If you answered no, stop here and proceed to Verdict Form 5. If you answered yes, please proceed to Questions 6 and 7.

6.  What profits did SPI lose that are attributable to FIGS' statement that FIGS donates one set of scrubs for every set sold:

$ _____

Please proceed to Question 7.

7.  Do you find that FIGS made the statement that FIGS donates one set of scrubs for every set sold with the intention to deceive or mislead its consumers?

Yes _____ No _____

**Please proceed to Verdict Form 5.**

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

## **DEFENDANTS' STATEMENT REGARDING VERDICT FORM**

Defendants propose including the question asking jurors to determine whether FIGS intentionally deceived or misled its customers *after* jurors have answered each of the Lanham Act element question. Because intent is not an element of the Lanham Act and the question has been included solely for appellate preservation purposes in the event the Court decides to apply a presumption of materiality for intentionally false claims (which no circuit court has recognized), Defendants believe that the more logical placement for the question is at the end of each Lanham Act form. *See Pom Wonderful LLC v. Purely Juice, Inc.*, 362 F. App'x 577, 579 (9th Cir. 2009) ("It is settled that intent is not an element of a Lanham Act false advertising claim."). Defendants have also proposed adding a heading that briefly summarizes each claim, which will assist the jurors in keeping each of the Lanham Act forms separate.

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

1

2

3      DATED:  October 31, 2022              **MICHELMAN & ROBINSON, LLP**

4

5

6      By: */s/ Jennifer S. Goldstein*

7              Sanford L. Michelman, Esq.
               Mona Z. Hanna, Esq.

8              Jeff D. Farrow, Esq.
               Marc R. Jacobs, Esq.

9              Jesse J. Contreras, Esq.
               Kevin S, Kim, Esq.

10             Allison C. Aguirre, Esq.

11             Jennifer S. Goldstein, Esq.
               Adam M. Korn, Esq.

12

13             Attorneys for Plaintiff
               STRATEGIC PARTNERS, INC.

14

15     DATED:  October 31, 2022              **KATTEN MUCHIN ROSENMAN LLP**

16

17

18     By: */s/ Kristin J. Achterhof*
               Richard H. Zelichov, Esq.

19             Kristin J. Achterhof, Esq.

20             Timothy H. Gray, Esq.

21             Attorneys for Plaintiff

22             STRATEGIC PARTNERS, INC.

23

24

25

26

27

28

22

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**

1    DATED:  October 31, 2022          **MUNGER, TOLLES & OLSON LLP**

2

3

4                                       By: */s/ Jacob S. Kreilkamp*

5                                           Jacob S. Kreilkamp
                                            Attorneys for Defendants
6
     DATED:  October 31, 2022          **BIRD, MARELLA, BOXER, WOLPERT,**
7                                      **NESSIM, DROOKS, LINCENBERG &**
                                       **RHOW, P.C.**
8

9

10

11                                      By: */s/ Ekwan E. Rhow*

12                                          Ekwan E. Rhow
                                            Attorneys for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT SET OF DISPUTED PROPOSED LANHAM ACT VERDICT FORMS**