MONA Z. HANNA (SBN 131439)
 mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
 jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
 kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
 aaguirre@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:  (714) 557-7990
Facsimile:   (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
 smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
 mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
 jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
 jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
 akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90024
Telephone: (310) 299-5500
Facsimile:  (310) 201-2110

*Attorneys for Plaintiff*
*STRATEGIC PARTNERS, INC.*

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON,<br><br>　　　　Defendants. | Case No.: 2:19-cv-02286-JWH-KSx<br><br>District Judge:  Hon. John W. Holcomb<br>Magistrate Judge:  Hon. Karen Stevenson<br><br>**JOINT SUPPLEMENTAL SET OF UNDISPUTED VERDICT FORMS**<br><br>Date: October 17, 2022<br>Time: 9:00 a.m.<br>Crtrm: 9D<br><br>Complaint Filed:  February 22, 2019<br>Trial Date:  October 17, 2022 |

*Additional Counsel*

KRISTIN J. ACHTERHOF
(*Admitted Pro Hac Vice*)
 kristin.achterhof@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
T: (312) 902-5296
F: (312) 902-1061

RICHARD H. ZELICHOV (SBN 193858)
 richard.zelichov@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
T: (310) 788-4680
F: (310) 788-4471

TIMOTHY H. GRAY
(*Admitted Pro Hac Vice*)
 timothy.gray@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2900 K Street NW, North Tower, Suite 200
Washington, DC 20007-5118
T: (202) 625-3608
F: (202) 298-7570

*Attorneys for Plaintiff, Strategic Partners, Inc.*

Jacob S. Kreilkamp (State Bar No. 248210)
 jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
 adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
 sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
 james.salzmann@mto.com
Hunter V. Armour (State Bar No. 334874)
 hunter.armour@mto.com
Sara H. Worth (State Bar No. 341088)
 sara.worth@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Xiaonan April Hu (State Bar No. 321354)
 april.hu@mto.com
MUNGER, TOLLES & OLSON LLP


601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Ekwan E. Rhow (State Bar No. 174604)
  erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
  jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
  fwang@birdmarella.com
Miri E. Gold (State Bar No. 319060)
  mgold@birdmarella.com
Kate S. Shin (State Bar No. 279867)
  kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants

Plaintiff STRATEGIC PARTNERS, INC. ("Plaintiff") and Defendants FIGS, INC., CATHERINE ("TRINA") SPEAR, and HEATHER HASSON (collectively "Defendants"), jointly submit the following set of proposed undisputed verdict forms.

# INDEX

| No. | Title. | Source | Pages |
|---|---|---|---|
| VF5 | International Interference with Prospective Economic Relations as to FIGS, Inc. | CACI No. VF-2202 | 6 |
| VF6 | International Interference with Prospective Economic Relations as to Catherine ("Trina") Spear | CACI No. VF-2202 | 9 |
| VF7 | International Interference with Prospective Economic Relations as to Heather Hasson | CACI No. VF-2202 | 12 |
| VF8 | Statute of Limitations | Special Form | 15 |

**JOINT SUPPLEMENTAL SET OF UNDISPUTED VERDICT FORMS**

# JOINT PROPOSED VERDICT FORM 5: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS (AS TO FIGS)

1. Did SPI prove by a preponderance of the evidence that it and one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 had an economic relationship that probably would have resulted in an economic benefit to SPI?

   Yes _____     No _____

   If you answered "yes," proceed to Question 2. If you answered "no," stop here and proceed to Verdict Form 8.

2. Did FIGS know of the relationship?

   Yes _____     No _____

   If you answered "yes," proceed to Question 3. If you answered "no," stop here and proceed to Verdict Form 6.

3. Did FIGS engage in false advertising?

   Yes _____     No _____

   If you answered "yes," please proceed to Question 4. If you answered "no," stop here and proceed to Verdict Form 6.

    4.    By engaging in false advertising, did FIGS intend to disrupt SPI's relationship with one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 or know that disruption of that relationship was certain or substantially certain to occur?

        Yes _____        No _____

If you answered "yes," please proceed to Question 5. If you answered "no," stop here and proceed to Verdict Form 6.

    5.    Was SPI's relationship with one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 actually disrupted?

        Yes _____        No _____

If you answered "yes," please proceed to Question 6. If you answered "no," stop here and proceed to Verdict Form 6.

    6.    Was FIGS' false advertising a substantial factor in causing that harm to SPI?

        Yes _____        No _____

If you answered "yes," please proceed to Question 7. If you answered "no," stop here and proceed to Verdict Form 6.

    7.    What are SPI's damages?

        a.    Past economic loss

            lost profits                $ \_\_\_\_

                Total Past Economic Damages:  $ \_\_\_\_

        b.    Future economic loss

    lost profits          $ \_\_\_\_

    Total Future Economic Damages: $ \_\_\_\_

           **TOTAL**: $ _____

If you awarded damages in response to Question 7, please proceed to Question 8. If not, please proceed to Verdict Form 6.

  8.  Did SPI prove by clear and convincing evidence that FIGS' false advertising was malicious, oppressive, or in reckless disregard of SPI's rights?

  Yes _____      No _____

**PLEASE PROCEED TO VERDICT FORM 6.**

# JOINT PROPOSED VERDICT FORM 6 – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
## (AS TO CATHERINE ("TRINA") SPEAR)

1. Did Catherine ("Trina") Spear know of the relationship between SPI and one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187?

   Yes _____     No _____

   If you answered "yes," please proceed to Question 2. If you answered "no," stop here and proceed to Verdict Form 7.

2. Did Catherine ("Trina") Spear engage in false advertising?

   Yes _____     No _____

   If you answered "yes," please proceed to Question 3. If you answered "no," stop here and proceed to Verdict Form 7.

3. By engaging in false advertising, did Catherine ("Trina") Spear intend to disrupt SPI's relationship with one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 or know that disruption of the relationships was certain or substantially certain to occur?

   Yes _____     No _____

   If you answered "yes," please proceed to Question 4. If you answered "no," stop here and proceed to Verdict Form 7.

JOINT SUPPLEMENTAL SET OF UNDISPUTED VERDICT FORMS

4. Was SPI's relationship with one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 disrupted?

Yes _____       No _____

If you answered "yes," please proceed to Question 5. If you answered "no," stop here and proceed to Verdict Form 7.

5. Was Catherine ("Trina") Spear's conduct a substantial factor in causing that harm to SPI?

Yes _____       No _____

If you answered "yes," please proceed to Question 6. If you answered "no," stop here and proceed to Verdict Form 7.

6. What are SPI's damages?

    a. Past economic loss

       lost profits                           $ \_\_\_\_

           Total Past Economic Damages: $ \_\_\_\_

    b. Future economic loss

       lost profits                           $ \_\_\_\_

           Total Future Economic Damages: $ \_\_\_\_

                      **TOTAL**: $ _____

If you awarded damages in response to Question 6, please proceed to Question 7. If not, please proceed to Verdict Form 7.

7. Did SPI prove by clear and convincing evidence that Catherine ("Trina") Spear's false advertising was malicious, oppressive, or in reckless disregard of SPI's rights?

Yes _____  No _____

**<u>PLEASE PROCEED TO VERDICT FORM 7.</u>**

# JOINT PROPOSED VERDICT FORM 7 – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS (AS TO HEATHER HASSON)

1. Did Heather Hasson know of the relationship between SPI and one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187?

    Yes _____        No _____

If you answered "yes," please proceed to Question 2. If you answered "no," stop here and proceed to Verdict Form 8.

2. Did Heather Hasson engage in false advertising?

    Yes _____        No _____

If you answered "yes," please proceed to Question 3. If you answered "no," stop here and proceed to Verdict Form 8.

3. By engaging in false advertising, did Heather Hasson intend to disrupt SPI's relationship with one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 or know that disruption of the relationships was certain or substantially certain to occur?

    Yes _____        No _____

If you answered "yes," please proceed to Question 4. If you answered "no," stop here and proceed to Verdict Form 8.

4. Was SPI's relationship with one or more of the persons or retailers listed in Exhibits 104 and/or Exhibit 2187 disrupted?

Yes _____   No _____

If you answered "yes," please proceed to Question 5. If you answered "no," stop here and proceed to Verdict Form 8.

5. Was Heather Hasson's conduct a substantial factor in causing that harm to SPI?

Yes _____   No _____

If you answered "yes," please proceed to Question 6. If you answered "no," stop here and proceed to Verdict Form 8.

6. What are SPI's damages?
   a. Past economic loss
      lost profits                $ \_\_\_\_
            Total Past Economic Damages: $ \_\_\_\_
   b. Future economic loss
      lost profits                $ \_\_\_\_
            Total Future Economic Damages: $ \_\_\_\_

   **TOTAL**: $ _____

If you awarded damages in response to Question 6, please proceed to Question 7. If not, stop here and proceed to Verdict Form 8.

7. Did SPI prove by clear and convincing evidence that Heather Hasson's false advertising was malicious, oppressive, or in reckless disregard of SPI's rights?

Yes _____    No _____

**PLEASE PROCEED TO VERDICT FORM 5.**

# JOINT PROPOSED VERDICT FORM 8

## Statute of Limitations

1. Did SPI timely file its Intentional Interference with Prospective Economic Relations claims with respect to:

    (a) Defendants' statement that FIGS' scrubs kill bacteria and infection immediately upon contact?

    Yes _____    No _____

    (b) Defendants' statement that FIGS' scrubs reduce hospital-acquired infection rates by 66%?

    Yes _____    No _____

    (c) Defendants' statement that FIGS' scrubs are liquid or fluid repellent?

    Yes _____    No _____

    (d) Defendants' statement that FIGS donates one set of scrubs for every set of scrubs sold?

    Yes _____    No _____

Thank you for your service on this jury. Please sign and return the verdict form to the [clerk/bailiff/court attendant].

Signed: _____
        Presiding Juror

Dated: _____

| | | |
|---|---|---|
| DATED: October 31, 2022 | | **MICHELMAN & ROBINSON, LLP** |
| | | |
| | By: | */s/ Jennifer S. Goldstein* |
| | | Sanford L. Michelman, Esq. |
| | | Mona Z. Hanna, Esq. |
| | | Jeff D. Farrow, Esq. |
| | | Marc R. Jacobs, Esq. |
| | | Jesse J. Contreras, Esq. |
| | | Kevin S, Kim, Esq. |
| | | Allison C. Aguirre, Esq. |
| | | Jennifer S. Goldstein, Esq. |
| | | Adam M. Korn, Esq. |
| | | |
| | | Attorneys for Plaintiff |
| | | STRATEGIC PARTNERS, INC. |
| DATED: October 31, 2022 | | **KATTEN MUCHIN ROSENMAN LLP** |
| | | |
| | By: | */s/ Kristin J. Achterhof* |
| | | Richard H. Zelichov, Esq. |
| | | Kristin J. Achterhof, Esq. |
| | | Timothy H. Gray, Esq. |
| | | |
| | | Attorneys for Plaintiff |
| | | STRATEGIC PARTNERS, INC. |

| | | |
|---|---|---|
| 1 | DATED: October 31, 2022 | **MUNGER, TOLLES & OLSON LLP** |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Jacob S. Kreilkamp* |
| 5 | | Jacob S. Kreilkamp |
| | | Attorneys for Defendants |
| 6 | | |
| 7 | DATED: October 31, 2022 | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG &** |
| 8 | | **RHOW, P.C.** |
| 9 | | |
| 10 | | |
| 11 | | By: */s/ Ekwan E. Rhow* |
| | | Ekwan E. Rhow |
| 12 | | Attorneys for Defendants |

17

**JOINT SUPPLEMENTAL SET OF UNDISPUTED VERDICT FORMS**