MONA Z. HANNA (SBN 131439)
mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
aaguirre@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:    (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone: (310) 299-5500
Facsimile: (310) 201-2110

*Attorneys for Plaintiff*
*STRATEGIC PARTNERS, INC.*
*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br> Defendants. | Case No. 2:19-cv-02286-JWH-KS <br><br> **JOINT AMENDED SET OF DISPUTED JURY INSTRUCTIONS** <br><br> Date: October 17, 2022 <br> Time: 9:00 a.m. <br> Crtrm: 9D <br><br> Complaint Filed: February 22, 2019 <br> Trial Date: October 17, 2022 |

*Additional Counsel*

KRISTIN J. ACHTERHOF
(*Admitted Pro Hac Vice*)
 kristin.achterhof@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
T: (312) 902-5296
F: (312) 902-1061

RICHARD H. ZELICHOV (SBN 193858)
 richard.zelichov@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
T: (310) 788-4680
F: (310) 788-4471

TIMOTHY H. GRAY
(*Admitted Pro Hac Vice*)
 timothy.gray@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2900 K Street NW, North Tower, Suite 200
Washington, DC 20007-5118
T: (202) 625-3608
F: (202) 298-7570

*Attorneys for Plaintiff, STRATEGIC PARTNERS, INC.*

Jacob S. Kreilkamp (State Bar No. 248210)
 jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
 adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
 sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
 james.salzmann@mto.com
Hunter V. Armour (State Bar No. 334874)
 hunter.armour@mto.com
Sara H. Worth (State Bar No. 341088)
 sara.worth@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Xiaonan April Hu (State Bar No. 321354)
 april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E

**JOINT AMENDED SET OF DISPUTED JURY INSTRUCTIONS**

Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Ekwan E. Rhow (State Bar No. 174604)
  erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
  jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
  fwang@birdmarella.com
Miri E. Gold (State Bar No. 319060)
  mgold@birdmarella.com
Kate S. Shin (State Bar No. 279867)
  kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants

Pursuant to the Court's Civil Trial Scheduling Order, Plaintiff STRATEGIC PARTNERS, INC. ("SPI") and Defendants FIGS, INC., CATHERINE ("TRINA") SPEAR, and HEATHER HASSON, jointly submit the following set of proposed jury instructions in dispute.

# INDEX

| Number | Title | Source | Page |
|---|---|---|---|
| 33. | False Advertising Under Lanham Act--Falsity | Special Instruction | 6 |
| 35. | False Advertising Under Lanham Act – Testing Statements | Special Instruction | 10 |
| 36. | False Advertising Under Lanham Act—Materiality | Special Instruction | 11 |
| 47. | Statute of Limitations – Delayed Discovery | CACI No. 455 | 13 |

# PLAINTIFF'S PROPOSED JURY INSTRUCTION # 33[1]

## False Advertising Under Lanham Act – Falsity

To establish the first element of a false advertising claim under the Lanham Act, SPI must show that FIGS made a statement of fact about its product in commercial advertising that is false or misleading.

A statement is literally false when it explicitly and unambiguously, or by necessary implication, states something that is untrue. If the statement is ambiguous, meaning it is susceptible to more than one reasonable interpretation the statement cannot be literally false. A misleading statement is one that is literally true or ambiguous, but has misled, confused, or deceived a substantial segment of the consuming public.

SPI must prove that a statement was false or misleading in one of the following ways:

(1) By proving that a statement in FIGS' advertising is literally false on its face.

(2) By proving that a statement in FIGS' advertising is literally false by necessary implication. A statement is literally false by necessary implication when it does not explicitly state something that is untrue but, considering the advertisement in its entirety, the audience would perceive the untrue claim as readily as if it had been explicitly stated.

(3) By proving that a statement in FIGS' advertising is literally false because it:

a.    makes an implicit or explicit reference to testing, but

b.    the tests do not establish the statement asserted by FIGS; or

c.    the tests are not sufficiently reliable to permit one to conclude with reasonable certainty that the tests establish the statement at issue.

(4)    By proving that FIGS's advertising contains a misleading statement.

---

[1] The parties hereby incorporate their respective statements of support and objections to this disputed instruction, as set forth in Dkt. 833 at 14–17.

In determining whether a statement in an advertisement is false or misleading, you must consider it in the context of the entire advertisement.

**Authority**:

Jury Instruction No. 10 in *Strategic Partners, Inc. v. Vestagen Protective Technologies, Inc.*, 16-cv-05900-RGK-PLA, Dkt. 215 (C.D. Cal. Sept. 22, 2017); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997); *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 257-58 (9th Cir. 1995); *McNeil-P.P.C., Inc. v. Bristol-Myers-Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir. 1991); *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1091 (7th Cir. 1994); *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62-63 (2d Cir. 1992); *Pamlab, L.L.C. v. Macoven Pharms., L.L.C.*, 881 F. Supp. 2d 470, 478 (S.D.N.Y. 2012).

**DEFENDANTS' PROPOSED JURY INSTRUCTION # 33[2]**

<u>False Advertising Under Lanham Act – Falsity</u>

To establish the first element of a false advertising claim under the Lanham Act, SPI must show that FIGS made a statement of fact about its product in commercial advertising that is false or misleading.

A statement is literally false or false on its face when it explicitly and unambiguously, or by necessary implication, states something that is untrue. If the statement is ambiguous, meaning it is susceptible to more than one reasonable interpretation, the statement cannot be literally false. A misleading statement is one that is literally true or ambiguous, but has misled, confused, or deceived a substantial segment of the consuming public.

SPI must prove that a statement was false or misleading in one of the following ways:

(1) By proving that a statement in FIGS' advertising is literally false on its face.

(2) By proving that a statement in FIGS' advertising is literally false by necessary implication. A statement is literally false by necessary implication when it does not explicitly state something that is untrue but, considering the advertisement in its entirety, the audience would perceive the untrue claim as readily as if it had been explicitly stated.

(3) By proving that FIGS's advertising contains a misleading statement.

**Authority**:

Jury Instruction No. 10 in *Strategic Partners, Inc. v. Vestagen Protective Technologies, Inc.*, 16-cv-05900-RGK-PLA, Dkt. 215 (C.D. Cal. Sept. 22, 2017); *Strategic Partners, Inc. v. Vestagen Protective Techs., Inc.*, No. 16-cv-059000-RGK-PLA, 2017 WL

---

[2] The parties hereby incorporate their respective statements of support and objections to this disputed instruction, as set forth in Dkt. 833 at 14–17.

5897711, at *2 (C.D. Cal. July 31, 2017); *Aussie Nads U.S. Corp. v. Sivan*, 41 F. App'x 977, 977–78 (9th Cir. 2002); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997); *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 257-58 (9th Cir. 1995); *McNeil-P.P.C., Inc. v. Bristol-Myers-Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir. 1991); *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1091 (7th Cir. 1994); *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62-63 (2d Cir. 1992); *Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1139 (C.D. Cal. 2005); *In re Century 21-RE/MAX Real Estate Advertis. Claims*, 882 F. Supp. 915, 923 (C.D. Cal. 1994).

**DEFENDANTS' PROPOSED JURY INSTRUCTION # 35[3]**

<u>False Advertising Under Lanham Act – Falsity – Testing Statements</u>

The Lanham Act applies a different rule on falsity with respect to a category of statements known as testing statements. There are three types of testing statements:

(1) The statement itself explicitly represents to consumers that it is the product of testing, for example, by saying "tests show that . . ." or "studies have shown that . . . ."

(2) The statement specifically and expressly compares FIGS' product to SPI's product.

(3) The statement is accompanied by a visual graphic that implies the existence of testing.

If you find that SPI has established by a preponderance of the evidence that one or more of FIGS' statements qualifies as a testing statement, SPI can establish literal falsity for that statement (and only that statement) by proving that FIGS' tests do not establish the statement asserted by FIGS or that the tests are not sufficiently reliable to permit one to conclude with reasonable certainty that the tests establish the statement at issue. This rule does not apply to any non-testing statements.

---

[3] The parties hereby incorporate their respective statements of support and objections to this disputed instruction, as set forth in Dkt. 833 at 19–21.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 36[4]**

False Advertising Under Lanham Act – Materiality

To establish the third element of a false advertising claim under the Lanham Act, that any deception is material, SPI must prove that the statement at issue was likely to influence the purchasing decisions of FIGS' audience. SPI can also establish materiality by showing that FIGS misrepresented an inherent quality or characteristic of the products at issue.

Intentionally deceptive or misleading statements are presumed to be material. If you determine that the advertising was intentionally or deliberately deceptive or misleading, then you should consider this third element to be satisfied unless FIGS proves that its advertisements were not likely to influence purchasing decisions.

**Authority**:

Jury Instruction No. 12 in *Strategic Partners, Inc. v. Vestagen Protective Technologies, Inc.*, 16-cv-05900-RGK-PLA, Dkt. 215 (C.D. Cal. Sept. 22, 2017)*;* Section 43(a) Lanham Act (15 U.S.C. § 1125(a)); *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 644 (N.D. Cal. 2019); Jury Instruction No. 49 in *Pac. Bioscience Lab'ys, Inc. v. Nutra Luxe MD, LCC*, No. C10-0230JLR, Dkt. 225, 2012 WL 5896023 (Sept. 11, 2012); *Avid Identification Sys., Inc. v. Schering-Plough Corp.*, 33 F. App'x 854, 856 (9th Cir. 2002); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 (9th Cir. 1989); *U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1041 (9th Cir.1986); *AECOM Energy & Constr., Inc. v. Ripley*, 348 F. Supp. 3d 1038, 1056 (C.D. Cal. 2018); Dkt. 701 at 26 (quoting *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 209 (9th Cir. 1989)).

---

[4] The parties hereby incorporate their respective statements of support and objections to this disputed instruction, as set forth in Dkt. 833 at 42–45.

# DEFENDANTS' PROPOSED JURY INSTRUCTION # 36[5]

<u>False Advertising Under Lanham Act – Materiality</u>

To establish the third element of a false advertising claim under the Lanham Act, that any deception is material, SPI must prove that the statement at issue was likely to influence the purchasing decisions of FIGS' audience. Statements seen after purchase are, by definition, immaterial to that purchase. Additionally, SPI cannot prove materiality on the basis of what a company expected to be material. It must prove materiality through evidence of what customers did in fact think.

**Authority**:

Section 43(a) Lanham Act (15 U.S.C. § 1125(a)); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Rice v. Fox Broad. Co.*, 330 F.3d 1170 (9th Cir. 2013); *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1111 (9th Cir. 2012); *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 503 (5th Cir. 2000); *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. 915, 924 (C.D. Cal. 1994).

---

[5] The parties hereby incorporate their respective statements of support and objections to this disputed instruction, as set forth in Dkt. 833 at 47–49.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 47**

Statute of Limitations – Delayed Discovery

If FIGS, Catherine "Trina" Spear, and Heather Hasson prove that SPI's claimed harm occurred before February 22, 2017 for its Intentional Interference with Economic Relations claim, SPI's lawsuit was still filed on time if SPI proves that before that date, SPI did not discover, and did not know of facts that would have caused a reasonable person to suspect, that it had suffered harm that was caused by someone's wrongful conduct.

**Authority**:

Judicial Council of California Civil Jury Instructions, Instruction 455 (2021 Edition); *See Korea Supply Co. v. Lockheed Martin Corp.*, 109 Cal. Rptr. 2d 417, 428 (Ct. App. 2001), *rev'd in part on other grounds*, 29 Cal. 4th 1134 (2003); *Wild Rivers Waterpark Mgmt. LLC v. Katy WP Grp., LLC*, No. 2:18-CV-06522, 2019 WL 6998669, at *8 (C.D. Cal. Feb. 26, 2019); *Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-CV-03778-MMC, 2022 WL 3370795, at *7 (N.D. Cal. Aug. 16, 2022); *Abselet v. Hudson Lab. Sols., Inc.*, 804 F. App'x 448, 450 (9th Cir. 2020); *AWI Builders, Inc. v. Alliant Consulting, Inc.*, 2021 WL 4932307, at *20 (Cal. Ct. App. Oct. 22, 2021) (unpublished), *review denied* (Feb. 9, 2022).

## DEFENDANTS' OBJECTIONS

Defendants object to SPI's newly proposed instruction on delayed discovery. During the meet and confer process that took place in advance of this Court's Final Pre-Trial Conference, the parties discussed and agreed to dispense with an instruction on delayed discovery for SPI's intentional interference with prospective economic relations (IIPER) claim. SPI's agreement to that proposal forfeits this proposed instruction. But even assuming *arguendo* that the proposed instruction is not forfeited, Defendants object on the ground that the California courts are unlikely to apply the discovery rule to toll accrual for IIPER claims in the absence of evidence that Defendants interfered with SPI's ability to discover or investigate its claim. "California courts have often stated the maxim that in ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. The plaintiff's ignorance of the cause of action does not toll the statute." *April Enters., Inc. v. KTTV*, 147 Cal.App.3d 805, 826 (1983) (alterations adopted). SPI's IIPER claim is no different. SPI cannot identify a "manifestly unjust" consequence that would result from holding them to the standard rule of accrual in California, which "advances the fundamental policy underlying statutes of limitations: protecting potential defendants by affording them an opportunity to gather evidence while facts are still fresh." *Id.* (internal quotation marks omitted).

But even if it could, SPI did not "specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence," as the California Supreme Court requires for a plaintiff "to rely on the discovery rule for delayed accrual of a cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005). Any one of these factors, standing alone, would warrant rejecting SPI's proposed instruction on delayed discovery for its IIPER claim. Combined, the case for rejection is even stronger. This Court should decline SPI's invitation to add an instruction regarding delayed discovery.

### PLAINTIFF'S STATEMENT IN SUPPORT

California Code of Civil Procedure Section 339 (Section 339) governs the cause of action for intentional interference with prospective economic advantage, also known as intentional interference with prospective economic relations ("IIPER")—and Section 339 embodies the so-called "discovery rule." *See Korea Supply Co. v. Lockheed Martin Corp.*, 109 Cal. Rptr. 2d 417, 428 (Ct. App. 2001), *rev'd in part on other grounds*, 29 Cal. 4th 1134 (2003); *Aljamal v. Parsons Corp.*, 2017 WL 11634507, at *5 (C.D. Cal. Aug. 4, 2017). Courts routinely apply the discovery rule to toll IIPEA/IIPER claims. *See, e.g.*, *Wild Rivers Waterpark Mgmt. LLC v. Katy WP Grp., LLC*, 2019 WL 6998669, at *8 (C.D. Cal. Feb. 26, 2019); *Lynwood Invs. CY Ltd. v. Konovalov*, 2022 WL 3370795, at *7 (N.D. Cal. Aug. 16, 2022) (acknowledging Section 339's language regarding discovery in analyzing an IIPER claim); *Abselet v. Hudson Lab. Sols., Inc.*, 804 F. App'x 448, 450 (9th Cir. 2020) (acknowledging the application of the discovery rule to claims for intentional interference with contractual relations claim, principally derived from the same statutory provision).

**JOINT AMENDED SET OF DISPUTED JURY INSTRUCTIONS**

| | | |
|---|---|---|
| DATED: October 31, 2022 | | **MICHELMAN & ROBINSON, LLP** |

By: */s/ Jennifer S. Goldstein*
Sanford L. Michelman, Esq.
Mona Z. Hanna, Esq.
Jeff D. Farrow, Esq.
Marc R. Jacobs, Esq.
Jesse J. Contreras, Esq.
Kevin S, Kim, Esq.
Allison C. Aguirre, Esq.
Jennifer S. Goldstein, Esq.
Adam M. Korn, Esq.

Attorneys for Plaintiff
STRATEGIC PARTNERS, INC.

DATED: October 31, 2022           **KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Kristin J. Achterhof*
Richard H. Zelichov, Esq.
Kristin J. Achterhof, Esq.
Timothy H. Gray, Esq.

Attorneys for Plaintiff
STRATEGIC PARTNERS, INC.

| | | |
|---|---|---|
| 1 | DATED: October 31, 2022 | **MUNGER, TOLLES & OLSON LLP** |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Jacob S. Kreilkamp* |
| 5 | | Jacob S. Kreilkamp |
| | | Attorneys for Defendants |
| 6 | | |
| 7 | DATED: October 31, 2022 | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG &** |
| 8 | | **RHOW, P.C.** |
| 9 | | |
| 10 | | |
| 11 | | By: */s/ Ekwan E. Rhow* |
| | | Ekwan E. Rhow |
| 12 | | Attorneys for Defendants |

**JOINT AMENDED SET OF DISPUTED JURY INSTRUCTIONS**