MONA Z. HANNA (SBN 131439)
  mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
  jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
  kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
  aaguirre@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:   (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
  smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
  mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
  jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)
  jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
  akorn@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone: (310) 299-5500
Facsimile: (310) 201-2110

*Attorneys for Plaintiff*
*STRATEGIC PARTNERS, INC.*
*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No. 2:19-cv-02286-JWH-KS |
| Plaintiff, | District Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Karen Stevenson |
| vs. | **JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES** |
| FIGS, INC, CATHERINE ("TRINA") SPEAR, HEATHER HASSON, | |
| Defendants. | Date: October 17, 2022<br>Time: 9:00 a.m.<br>Crtrm: 9D |
| | Complaint Filed: February 22, 2019 |

*Additional Counsel*

KRISTIN J. ACHTERHOF
(*Admitted Pro Hac Vice*)
 kristin.achterhof@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
T: (312) 902-5296
F: (312) 902-1061

RICHARD H. ZELICHOV (SBN 193858)
 richard.zelichov@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
T: (310) 788-4680
F: (310) 788-4471

TIMOTHY H. GRAY
(*Admitted Pro Hac Vice*)
 timothy.gray@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2900 K Street NW, North Tower, Suite 200
Washington, DC 20007-5118
T: (202) 625-3608
F: (202) 298-7570

*Attorneys for Plaintiff, STRATEGIC PARTNERS, INC.*

Jacob S. Kreilkamp (State Bar No. 248210)
 jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
 adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
 sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
 james.salzmann@mto.com
Hunter V. Armour (State Bar No. 334874)
 hunter.armour@mto.com
Sara H. Worth (State Bar No. 341088)
 sara.worth@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Xiaonan April Hu (State Bar No. 321354)
 april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E

Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Ekwan E. Rhow (State Bar No. 174604)
  erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
  jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
  fwang@birdmarella.com
Miri E. Gold (State Bar No. 319060)
  mgold@birdmarella.com
Kate S. Shin (State Bar No. 279867)
  kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants

Pursuant to the Court's Civil Trial Scheduling Order, Plaintiff STRATEGIC PARTNERS, INC. ("SPI") and Defendants FIGS, INC., CATHERINE ("TRINA") SPEAR, and HEATHER HASSON, jointly submit the following supplemental set of proposed jury instructions agreed to by the parties.

# INDEX

| Parties' No. | Title. | Source | Page |
|---|---|---|---|
| 32. | False Advertising Under Lanham Act - Commercial Advertising | Special Instruction | 7 |
| 33. | False Advertising Under Lanham Act – Falsity – Puffery | Special Instruction | 8 |
| 35. | False Advertising Under Lanham Act - Deception | Special Instruction | 9 |
| 37. | False Advertising Under Lanham Act – Interstate Commerce | Special Instruction | 10 |
| 38. | False Advertising Under Lanham Act – Injury | Special Instruction | 11 |
| 39. | Essential Factual Elements for Intentional Interference with Prospective Economic Relations - FIGS, Inc. | CACI No. 2202 | 12 |
| 40. | Essential Factual Elements for Intentional Interference with Prospective Economic Relations – Catherine "Trina" Spear | CACI No. 2202 | 13 |
| 41. | Essential Factual Elements for Intentional Interference with Prospective | CACI No. 2202 | 14 |

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

|  | Economic Relations – Heather Hasson |  |  |
|---|---|---|---|
| 42. | Lost Profits (Economic Damage) | CACI No. 3903A | 15 |
| 48. | Statute of Limitations | CACI No. 338 | 16 |

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

## DEFENDANTS' PROPOSED JURY INSTRUCTION # 32

<u>False Advertising Under Lanham Act – Commercial Advertising</u>

SPI must prove that FIGS' statement, which SPI claims is false or misleading, constitutes commercial advertising. Commercial advertising requires proof that the statement is each of the following three things:

(1) The statement is commercial speech, which is speech that does no more than propose a commercial transaction. In deciding whether something is commercial speech, you may consider:

(a) whether FIGS' statements were made in advertising as a matter of common-sense; (b) whether FIGS' statement referred to a specific product; and (c) whether FIGS had an economic motivation in making the statement.

(2) The statement was made for the economic purpose of influencing consumers to buy FIGS' goods; and

(3) The statement was sufficiently disseminated by FIGS to the relevant purchasing public. To be sufficiently disseminated, the actions must be part of an organized campaign by FIGS to penetrate the relevant market, which typically involves widespread dissemination of a statement by FIGS within the relevant industry. In considering whether a statement has been sufficiently disseminated, you may consider the number of potential consumers who viewed and actually received the statement relative to the total number of potential consumers in the market.

Statements made to investors are not commercial advertising statements.

1

**JOINT PROPOSED JURY INSTRUCTION # 33**

2

<u>False Advertising Under Lanham Act – Falsity – Puffery</u>

3

4       The term "puffing" or "puffery" means exaggerated advertising, blustering, and

5   boasting upon which a reasonable member of the audience of consumers would not rely.

6   This typically includes vague or highly subjective claims of product superiority. Such

7   claims are non-actionable under the Lanham Act and are neither literally false nor

8   misleading. Puffery does not extend to a specific and measurable claim, capable of being

9   proven false or of being reasonably interpreted as a statement of objective fact.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

## JOINT PROPOSED JURY INSTRUCTION # 35

### False Advertising Under Lanham Act – Deception

To establish the second element of a false advertising claim under the Lanham Act, SPI must prove that FIGS' statement in commercial advertising actually deceived or had the tendency to deceive a substantial segment of FIGS' audience.

SPI must prove deception by showing that:

(1) FIGS' statement in commercial advertising was literally false; or

(2) FIGS' statement in commercial advertising was intentionally or deliberately false or misleading; or

(3) FIGS' statement in commercial advertising actually deceived, or had the tendency to deceive, a substantial segment of its audience.

If you determine that the advertising was literally false, either on its face or by necessary implication, then you should consider this second element to be satisfied unless FIGS proves by a preponderance of the evidence that its advertisements did not deceive or have a tendency to deceive a substantial segment of its audience.

Similarly, if you determine that the advertising was intentionally or deliberately deceptive or misleading, then you should consider this second element to be satisfied unless FIGS proves by a preponderance of the evidence that its advertisements did not deceive or have a tendency to deceive a substantial segment of its audience.

**JOINT PROPOSED JURY INSTRUCTION # 37**

<u>False Advertising Under Lanham Act – Interstate Commerce</u>

To establish the fourth element of a false advertising claim under the Lanham Act, SPI must prove that the advertising statement in question was made in interstate commerce, or in such a way as to substantially affect interstate commerce. SPI must therefore prove either that (1) FIGS made the advertising statement across state lines or (2) that FIGS made the advertising statement within a single state but that the statement substantially affected sales of the advertised product across state lines.

Proof that FIGS made the advertising statement on a website is generally sufficient to establish that the statement was made in interstate commerce.

## JOINT PROPOSED JURY INSTRUCTION # 38

<u>False Advertising Under Lanham Act – Injury</u>

To establish the fifth element of a false advertising claim under the Lanham Act, SPI must prove that it was actually injured or is likely to be injured in the future by FIGS' statement by showing:

(1) that SPI has been injured or is likely to be injured in the future by the direct diversion of sales from itself to FIGS, and/or that it has been injured or is likely to be injured in the future by the lessening of the goodwill that it and its products enjoy with the buying public; and

(2) that SPI's injury is the result of the challenged advertising statement.

**JOINT PROPOSED JURY INSTRUCTION # 39**

<u>Essential Factual Elements for Intentional Interference with Prospective Economic Relations - FIGS, Inc.</u>

SPI claims that FIGS intentionally interfered with an economic relationship between SPI and one or more of the persons or retailers identified in Exhibits 104 and/or 2187 that probably would have resulted in an economic benefit to SPI. To establish this claim, SPI must prove by a preponderance of the evidence all of the following:

1. That SPI and one or more of the persons identified in Exhibits 104 and/or 2187 were in an economic relationship that probably would have resulted in an economic benefit to SPI;

2. That FIGS knew of the relationship;

3. That FIGS engaged in false advertising concerning FIGS' products;

4. That by engaging in this conduct, FIGS intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

5. That the relationship was disrupted;

6. That SPI was harmed; and

7. That FIGS' conduct was a substantial factor in causing SPI harm.

**JOINT PROPOSED JURY INSTRUCTION # 40**

<u>Essential Factual Elements for Intentional Interference with Prospective Economic Relations – Catherine "Trina" Spear</u>

SPI claims that Catherine ("Trina") Spear intentionally interfered with an economic relationship between SPI and one or more of the persons or retailers identified in Exhibits 104 and/or 2187 that probably would have resulted in an economic benefit to SPI. To establish this claim, SPI must prove by a preponderance of the evidence all of the following:

1. That SPI and one or more of the persons identified in Exhibits 104 and/or 2187 were in an economic relationship that probably would have resulted in an economic benefit to SPI;

2. That Catherine ("Trina") Spear knew of the relationship;

3. That Catherine ("Trina") Spear engaged in false advertising concerning FIGS' products;

4. That by engaging in this conduct, Catherine ("Trina") Spear intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

5. That the relationship was disrupted;

6. That SPI was harmed; and

7. That Catherine ("Trina") Spear's conduct was a substantial factor in causing SPI's harm.

-13-

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

**JOINT PROPOSED JURY INSTRUCTION # 41**

Essential Factual Elements for Intentional Interference with Prospective Economic Relations – Heather Hasson

SPI claims that Heather Hasson intentionally interfered with an economic relationship between SPI and one or more of the persons or retailers identified in Exhibits 104 and/or 2187 that probably would have resulted in an economic benefit to SPI. To establish this claim, SPI must prove by a preponderance of the evidence all of the following:

1. That SPI and one or more of the persons identified in Exhibits 104 and/or 2187 were in an economic relationship that probably would have resulted in an economic benefit to SPI;

2. That Heather Hasson knew of the relationship;

3. That Heather Hasson engaged in false advertising concerning FIGS' products;

4. That by engaging in this conduct, Heather Hasson intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

5. That the relationship was disrupted;

6. That SPI was harmed; and

7. That Heather Hasson's conduct was a substantial factor in causing SPI's harm.

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT PROPOSED JURY INSTRUCTION # 42

Lost Profits (Economic Damage)

To recover damages for lost profits, SPI must prove it is reasonably certain it would have earned profits but for the conduct of defendants FIGS, Catherine ("Trina") Spear, and Heather Hasson.

To decide the amount of damages for lost profits, you must determine the additional revenue that SPI would have received but for the conduct of defendants FIGS, Spear, and/or Hasson, and then subtract from that additional revenue the additional costs that SPI would have incurred, including the value of labor, materials, rents, and other expenses, if any, if the conduct of defendants FIGS, Spear, and/or Hasson had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION # 48**

Statute of Limitations – Intentional Interference with Prospective Economic Relations

Defendants FIGS, Inc., Catherine "Trina" Spear, and Heather Hasson contend that SPI's Intentional Interference with Prospective Economic Relations claim was not filed within the time set by law. To succeed on this defense, FIGS, Spear, and Hasson must prove that SPI's claimed harm occurred before February 22, 2017.

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

1    DATED:  October 31, 2022       **MICHELMAN & ROBINSON, LLP**

2

3

4                                  By:  */s/ Jennifer S. Goldstein*

5                                        Sanford L. Michelman, Esq.
                                       Mona Z. Hanna, Esq.

6                                        Jeff D. Farrow, Esq.

7                                        Marc R. Jacobs, Esq.
                                       Jesse J. Contreras, Esq.

8                                        Kevin S, Kim, Esq.

9                                        Allison C. Aguirre, Esq.
                                       Jennifer S. Goldstein, Esq.

10                                       Adam M. Korn, Esq.

11                                        Attorneys for Plaintiff

12                                        STRATEGIC PARTNERS, INC.

13

14

15

16    DATED:  October 31, 2022       **KATTEN MICHIN ROSENMAN LLP**

17

18

19                                    By:  */s/ Kristin J. Achterhof*
                                       Richard H. Zelichov, Esq.

20                                       Kristin J. Achterhof, Esq.

21                                       Timothy H. Gray, Esq.

22                                        Attorneys for Plaintiff

23                                        STRATEGIC PARTNERS, INC.

24

25

26

27

28

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**

1  DATED:  October 31, 2022          **MUNGER, TOLLES & OLSON LLP**

2

3

4                                    By:  _/s/ Jacob S. Kreillkamp_

5                                         Jacob S. Kreilkamp
                                          Attorneys for Defendants
6

7  DATED:  October 31, 2022          **BIRD, MARELLA, BOXER, WOLPERT,
                                      NESSIM, DROOKS, LINCENBERG &**
8                                    **RHOW, P.C.**

9

10

11                                   By:  _/s/ Ekwan E. Rhow_

12                                        Ekwan E. Rhow
                                          Attorneys for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT SUPPLEMENTAL SET OF PROPOSED JURY INSTRUCTIONS AGREED TO BY THE PARTIES**