Jacob S. Kreilkamp (State Bar No. 248210)
    jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
    adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
    sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
    james.salzmann@mto.com
Hunter V. Armour (State Bar No. 334874)
    hunter.armour@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Ekwan E. Rhow (State Bar No. 174604)
    erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
    jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
    fwang@birdmarella.com
Kate S. Shin (State Bar No. 279867)
    kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br> Defendants. | Case No. 2:19-cv-02286-JWH-KS <br><br> **DEFENDANTS' OPPOSITION RE: PLAINTIFF'S REQUEST TO DESIGNATE DR. AHMED EL-SHAFEI'S DEPOSITION TESTIMONY** <br><br> Judge: Hon. John W. Holcomb <br> Crtrm.: 9D |

1  *Additional Counsel*

2  Xiaonan April Hu (State Bar No. 321354)
   april.hu@mto.com
3  MUNGER, TOLLES & OLSON LLP
   601 Massachusetts Ave. NW, Suite 500E
4  Washington, D.C. 20001-5369
   Telephone: (202) 220-1100
5  Facsimile: (202) 220-2300

6  Sara H. Worth (State Bar No. 341088)
   sara.worth@mto.com
7  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
8  Los Angeles, California 90071-3426
   Telephone: (213) 683-9100
9  Facsimile: (213) 687-3702

10 Miri E. Gold (State Bar No. 319060)
   mgold@birdmarella.com
11 BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
12 1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
13 Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

14

15 Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Earlier today, counsel for SPI declared in open court—for the very first time—that SPI intends to play clips from the deposition of *Defendants'* expert witness, Dr. Ahmed El-Shafei (whom Defendants did not call at trial), as part of their rebuttal case. The clips SPI designated this evening to play to the jury include: (1) testimony from Dr. El-Shafei that he was retained by FIGS to serve as an expert witness in this case; and (2) testimony from Dr. El-Shafei that he had not heard of an antimicrobial agent being applied through an enzyme wash.[1] These clips are outside the proper scope of rebuttal, entirely irrelevant to the claims before the jury, and highly prejudicial to FIGS. The Court should preclude SPI's eleventh hour bid to play any deposition clips from Dr. El-Shafei's testimony.

## II. ARGUMENT

Federal courts across the country have long recognized that permitting a party to call an *opposing* party's expert witness—in particular where, as here, the party that retained the expert chose *not* to call that expert in its case in chief—is both unorthodox and likely to prejudice the retaining party. *See, e.g.*, *House v. Combined Ins. of Am.*, 168 F.R.D. 236, 238 (N.D. Iowa 1996) (describing as "vexing" and "surprisingly little explored" the question of "whether one party should be able to . . . call at trial an expert designated by an opposing party as expected to be call at trial, but whom the designating party has announced it will not call at trial"); *Speaks v. Mazda Motor Corp.*, 2015 WL 12766486, at *2 (D. Mont. June 9, 2015) ("Several authorities discuss the significant dangers and concerns associated with allowing a party to call an opposing party's nontestifying expert witness at trial."). As such, courts typically require either an "*extraordinary circumstance*" or a showing that the proffered testimony is highly probative and/or necessary before allowing it. *See*

---

[1] A copy of the designated excerpts is attached as Exhibit A to the Declaration of Xiaonan April Hu, filed concurrently with Defendants' Opposition.

DEFENDANTS' OPPOSITION RE: PLAINTIFF'S REQUEST TO DESIGNATE DR. AHMED EL-SHAFEI'S DEPOSITION TESTIMONY

*Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996) (emphasis added); *Lehan v. Ambassador Prog., Inc.*, 190 F.R.D. 670, 672 (E.D. Wash. 2000) ("Relying on a combination of Rule 26(b)(4)(B) and Rule 26(b), courts have recognized interests weighing against allowing an opposing party to depose or to call at trial a consultative, non-testifying expert witness and will only allow such testimony in exceptional circumstances." (internal quotation marks omitted)).

Neither circumstance is present here. If anything, the *opposite* is true. Not only are the designated portions of Dr. El-Shafei's deposition completely outside the scope of any proper rebuttal, they are *entirely irrelevant* to the claims and defenses before the jury and have no probative value whatsoever. Under these circumstances, SPI cannot show that Dr. El-Shafei's deposition testimony would satisfy either those "extraordinary circumstances" or the balancing test adopted by federal courts. What is more, SPI's decision to specifically designate the portion of Dr. El-Shafei's testimony where he states that he was retained to serve as an expert witness for FIGS is severely prejudicial and further counsels in favor of exclusion. *See Peterson*, 81 F.3d at 1037. The Court should reject SPI's attempts to play Dr. El-Shafei's deposition testimony during its rebuttal.

### A. No extraordinary circumstance justifies the introduction of Dr. El-Shafei's deposition testimony

Because Defendants did not call Dr. El-Shafei as part of their case-in-chief, he is a non-testifying expert pursuant to Rule 26(b)(4)(B), and may not be called at trial (including through the use of deposition designations) absent the presence of "extraordinary circumstances," which are entirely absent here. *See Fed. Ins. v. St. Paul Fire & Marine Ins.*, 2008 WL 761417, at *3 (N.D. Cal. Mar. 19, 2008); *see also FMC Corp. v. Vendo Co.*, 196 F.Supp.2d 1023, 1046 (E.D. Cal. 2002).

"Under Rule 26(b)(4)(B), a party 'carries a heavy burden in demonstrating the existence of exceptional circumstances.'" *FMC Corp.*, 196 F.Supp.2d at 1046 (quoting *Spearman Indus. v. St. Paul Fire & Marine Ins.*, 128 F.Supp.2d 1148, 1151

(N.D. Ill. 2001)). Courts have recognized exceptional or extraordinary circumstances when "1) the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it; or 2) there are no other available experts in the same field or subject area." *Id.* Neither circumstance exists here. There are no allegations that relevant evidence has been destroyed, and it is indisputable that SPI absolutely had other experts it could have called to testify about antimicrobial compounds and chemicals as part of its case-in-chief—after all, it retained Dr. Peter Hauser to serve as its antimicrobial and liquid repellency expert. That SPI neglected to ask Dr. Hauser, who *did* testify, whether he knew of any antimicrobial enzyme washes (the subject of Dr. El-Shafei's deposition testimony) is no justification—and certainly, no extraordinary circumstance—that would entitle SPI to call *Defendants'* non-testifying expert witness as part of its rebuttal. *See, e.g.*, *St. Paul Fire & Marine Ins.*, 2008 WL 761417, at *3 (concluding that there were no extraordinary circumstances present that would warrant compelling a non-testifying expert to testify).

**B.    SPI cannot show that Dr. El-Shafei's designated testimony is more probative than it is prejudicial under Federal Rules of Evidence 403.**

Nor can SPI show that Dr. El-Shafei's designated testimony satisfies the balancing test under Federal Rules of Evidence 403 that other district courts have used to evaluate a request by a party to call at trial the *other* party's non-testifying expert witness. This balancing test requires courts to weigh "the interests of the party seeking access to the expert and the interests of the court in an informed resolution of the claims in the case," on the one hand, and "the possibility of prejudice arising from prior retention of the expert by the opposing party" on the other. *House*, 168 F.R.D. at 244; *see also Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995). Here, too, the scales tilt overwhelmingly in favor of rejecting SPI's attempts to play clips of Dr. El-Shafei's deposition testimony.

As an initial matter, Dr. El-Shafei's designated testimony about enzyme washes is undeniably outside the scope of proper rebuttal. "Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief." *Daly v. Far E. Shipping Co. PLC*, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), *aff'd sub nom. Daly v. Fresco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir. 2004). Moreover, rebuttal evidence "*must* refute the evidence presented by the defense and may not merely support the case-in-chief of the prosecution or plaintiff." Wright & Miller, Federal Practice and Procedure § 6164 (emphasis added)). Dr. El-Shafei's designated testimony regarding enzyme washes has nothing to do with any evidence presented by Defendants during their case-in-chief. In fact, Defendants did not elicit any testimony whatsoever regarding "enzyme washes"—hardly surprising, considering the fact that enzyme washes are not a challenged advertising claim in this case, making the testimony wholly irrelevant. This combination of improper rebuttal opinion and irrelevant testimony means that SPI's interest in playing Dr. El-Shafei's deposition testimony is exceedingly low, if not non-existent. Indeed, it is difficult to comprehend how Dr. El-Shafei's irrelevant testimony about whether he's heard of an antimicrobial agent that can be applied as an enzyme wash would help this Court or the jury achieve an informed resolution of the *four false advertising claims in this case*—none of which has anything to do with enzyme washes.

Meanwhile, the extremely prejudicial and "explosive" value of Dr. El-Shafei's designated testimony stating that he was retained as an expert witness by FIGS is obvious, as numerous courts have observed. *Peterson*, 81 F.3d at 1037; *House*, 168 F.R.D. at 243 ("This court also recognizes the significant potential prejudice of informing the jury that the expert presently testifying for one party was originally designated, retained, or consulted by the opposing party."); Wright & Miller § 2032 (observing that the views of experts called who were originally retained by opposing counsel "may be awarded unique weight exactly because he or

she was initially retained by the side against which the testimony is offered" and the fact of their retention by opposing counsel an "explosive fact"). As the Eleventh Circuit explained in *Peterson*, "[j]urors unfamiliar with the rule of counsel in adversary proceedings might well assume" that the party that originally retained the expert and against whom the expert's testimony is now offered "had suppressed evidence which he had an obligation to offer" or arrive at some other negative inference, which "could destroy counsel's credibility in the eyes of the jury." 81 F.3d at 1037 (internal quotation marks omitted). Testimony from Dr. El-Shafei that he was retained by FIGS is liable to open a Pandora's Box of questions from the jury about why Defendants did not call him to testify at trial (but SPI did)—all of which are highly likely to prejudice Defendants' case.

Given (1) the exceedingly low (indeed, non-existent) probative value of Dr. El-Shafei's designated testimony; (2) the fact that SPI's designations exceed the scope of proper rebuttal; and (3) the substantial likelihood of prejudice to Defendants, this Court should preclude SPI from playing any portion of Dr. El-Shafei's deposition testimony during rebuttal.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask that the Court deny SPI's request to play clips from Dr. El-Shafei's deposition testimony at trial as part of their rebuttal case.

DATED: October 31, 2022                MUNGER, TOLLES & OLSON, LLP

                                       By:   */s/ Jacob S. Kreilkamp*
                                             Jacob S. Kreilkamp
                                       Attorneys for Defendants

| | | |
|---|---|---|
| 1 | DATED:  October 31, 2022 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C. |

By: _____/s/ Ekwan E. Rhow_____
Ekwan E. Rhow
Attorneys for Defendants