1  Jacob S. Kreilkamp (State Bar No. 248210)
      jacob.kreilkamp@mto.com
2  Adam B. Weiss (State Bar No. 296381)
      adam.weiss@mto.com
3  Sara A. McDermott (State Bar No. 307564)
      sara.mcdermott@mto.com
4  James R. Salzmann (State Bar No. 324527)
      james.salzmann@mto.com
5  William M. Orr (State Bar No. 331842)
      william.orr@mto.com
6  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
7  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
8  Facsimile:  (213) 687-3702

9  Ekwan E. Rhow (State Bar No. 174604)
      erhow@birdmarella.com
10 Julia B. Cherlow (State Bar No. 290538)
      jcherlow@birdmarella.com
11 Fanxi Wang (State Bar No. 287584)
      fwang@birdmarella.com
12 Kate S. Shin (State Bar No. 279867)
      kshin@birdmarella.com
13 BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
14 1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
15 Telephone:  (310) 201-2100
   Facsimile:  (310) 201-2110

16 *Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No. 2:19-cv-02286-JWH-KS |
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | Trial: October 17, 2022<br>Time: 8:00 a.m.<br>Crtrm.: 9D |
| FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, | |
| Defendants. | Judge: Hon. John W. Holcomb |

*Additional Counsel*

Xiaonan April Hu (State Bar No. 321354)
 april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Sara H. Worth (State Bar No. 341088)
 sara.worth@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Miri E. Gold (State Bar No. 319060)
 mgold@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Defendants*

MONA Z. HANNA (SBN 131439)
 mhanna@mrllp.com
JEFFREY D. FARROW (SBN 180019)
 jfarrow@mrllp.com
KEVIN S. KIM (SBN 275200)
 kkim@mrllp.com
ALLISON C. AGUIRRE (SBN 312544)
 aaguirre@mrllp.com
MICHELMAN & ROBINSON, LLP
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone:   (714) 557-7990
Facsimile:   (714) 557-7991

SANFORD L. MICHELMAN (SBN 179702)
 smichelman@mrllp.com
MARC R. JACOBS (SBN 185924)
 mjacobs@mrllp.com
JESSE J. CONTRERAS (SBN 190538)
 jcontreras@mrllp.com
JENNIFER S. GOLDSTEIN (SBN 310335)

JOINT STATUS REPORT

jgoldstein@mrllp.com
ADAM M. KORN (SBN 333270)
akorn@mrllp.com
MICHELMAN & ROBINSON, LLP
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone: (310) 299-5500
Facsimile: (310) 201-2110

KRISTIN J. ACHTERHOF
(*Admitted Pro Hac Vice*)
kristin.achterhof@katten.com
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
T: (312) 902-5296
F: (312) 902-1061

RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
T: (310) 788-4680
F: (310) 788-4471

TIMOTHY H. GRAY
(*Admitted Pro Hac Vice*)
timothy.gray@katten.com
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW, North Tower, Suite 200
Washington, DC 20007-5118
T: (202) 625-3608
F: (202) 298-7570

*Attorneys for Plaintiff*

**JOINT STATUS REPORT**

I. **NEED FOR FURTHER PROCEEDINGS**

    A. **Plaintiff's Position**

Plaintiff Strategic Partners, Inc. ("SPI") intends to move for a new trial pursuant to Federal Rule of Civil Procedure 59(a) as to its claims against Defendants FIGS, Inc. ("FIGS"), Catherine "Trina" Spear, and Heather Hasson (collectively, "Defendants") and their defenses. SPI will further pursue its California Business & Professions Code Section 17200 ("UCL") claim against FIGS in Phase III of the trial, as contemplated in this Court's Pre-Trial Order. Dkt. 854 at 2:26-3:2. Even if the current verdict remains operative, the jury found that Defendants propagated the claims at issue in advertisements, which SPI contends is unlawful under the UCL. *See*, *e.g.*, Dkt. 152 at 29:26-31:21 (Examples of FIGS' violations of federal and California laws and regulations as alleged in the Fifth Amended Complaint). Specifically, SPI's theory of false advertising grounded in advertising implying EPA and FDA regulatory approval—*not* a regulatory UCL claim—has not been adjudicated.

    FIGS' claim that SPI somehow waived any bases for its UCL claims is absolutely wrong. FIGS has been well aware that SPI's UCL claim was based in part on FIGS' advertisements that run afoul of federal and state regulatory requirements. Defendants' counsel acknowledged exactly that at the hearing on the motion to bifurcate, which took place on September 23, 2022 after the parties submitted the final pretrial conference order to the Court on September 20, 2022. Dkt. 828 at 24:6-26:3. Although Defendants now contend that, in the Pre-Trial Order, SPI only described its UCL violation as pertaining to false advertising under the Lanham Act and the False Advertising Law (Cal. Bus. & Prof. Code § 17500), SPI has consistently articulated its UCL claim more broadly. The Final Pretrial Conference Order expressly states the elements of SPI's UCL claim as follows: "(i) FIGS engaged in a business act or business practice; and (ii) FIGS' act

or business practice was unlawful, or unfair, or fraudulent, **or** constituted unfair, deceptive, untrue or misleading advertising." Dkt. No. 854 at 7:11-17 (emphasis added). Furthermore, the Final Pretrial Conference Order notes that SPI's UCL claim will be supported by "FIGS' business records reflecting its knowingly violated FDCA, EPA, and Silvadur requirements and guidelines by making false health claims." *Id.* at 13:8-12.

Contrary to Defendants' implications, the jury's determination as to one factual predicate for Defendants' unclean hands defense does not obviate the need for Phase III of this trial for two reasons. First, the jury's determination of similarity between SPI's claims concerning its antimicrobial technology and FIGS' claim that its scrubs kill bacteria and infection immediately upon contact does not bear on the remaining three claims advertised by FIGS (*i.e.*, FIGS' scrubs reduces hospital acquired infections by 66%; FIGS' scrubs are liquid repellent; and FIGS donates a set of scrubs for every set of scrubs sold). Second, the jury's finding of similarity does not conclude the unclean hands analysis. As the parties acknowledged when submitting the jury instructions, the special interrogatories on the verdict form only related to "factual predicates" of the equitable claims and defenses. ECF 833 at 1 n. 1. Here, the Court must still determine whether SPI's claim or claims were intentionally or knowingly deceptive, and thus, inequitable. *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, 821 F. App'x 701, 703 (9th Cir. 2020); *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 833-834 (9th Cir. 2011).

As discussed below, SPI respectfully requests that the Court enter a briefing schedule for SPI's Rule 59 Motion.  Once that Motion is decided, SPI proposes that the Court and the parties confer on timing and procedures for the new trial; Phase III of the trial regarding SPI's UCL Claim; and/or briefing of Defendants' anticipated fees motion.

B.     Defendants' Position

On Thursday, November 3, the jury reached a unanimous verdict for Defendants on SPI's claims for false advertising under the Lanham Act and intentional interference with prospective economic relations. Dkt. 929. In addition, the jury answered "yes" to the special interrogatory posed to it as to whether Defendants had successfully established SPI's unclean hands. *Id.* Put simply, the jury's findings in Phase I obviate the need for any further proceedings. As the Court made clear in the Final Pretrial Conference Order (the Order), Phases II and III—regarding the amount of punitive damages owed and any remaining equitable issues, respectively—would occur only "if necessary." Dkt. 854-2. Given that the jury's verdict was entirely in FIGS' favor, further proceedings with respect to those issues are plainly not "necessary." There is no need for a punitive damages phase, because the jury found no liability. And there is no need for the Court to hear further evidence or argument on any equitable issues, because none of SPI's equitable claims survived Phase I.

SPI brought three equitable claims against FIGS: a prayer for disgorgement under the Lanham Act (First Claim for Relief); violation of California Business and Professions Code 17200 (Second Claim for Relief); and violation of California Business and Professions Code 17500 (Fourth Claim for Relief)—also known as California's *False Advertising Law* (FAL). *See* Dkt. 854-5. All three equitable claims were predicated on a single alleged wrong: false advertising. *See* Order, Dkt. 854, at -5 (First Claim for Relief), -11–13 (Second Claim for Relief), and -16 (Fifth Claim for Relief). Nowhere is this more clear than in SPI's description of those claims in its Final Pretrial Conference Order, which stated that "[f]alse advertising under the Lanham Act or California Business and Professions Code § 17500[] constitutes unfair business practices under California Business and Professions Code § 17200" and *made no mention whatsoever* of any regulatory claims. Dkt. 820 at 7–8. The jury found without exception that Defendants did not engage in false

advertising. Dkt. 929. Accordingly, the Court should enter judgment forthwith for FIGS on SPI's First, Second, and Fourth Claims for Relief without entertaining further briefing and/or proceedings.

SPI asserts that its Second Claim for Relief remains viable, notwithstanding the fact that SPI has described that claim as pertaining only to "[f]alse advertising under the Lanham Act or California Business and Professions Code § 17500." Dkt. 820 at 8. Seeking to unring the bell, SPI cites exclusively to outdated allegations from its Complaint. *See supra* 1:7–13. However, SPI's Complaint no longer controls; the Final Pretrial Conference Order does. *See* Fed. R. Civ. P. 16(e); *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988). The Order makes no mention of SPI's so-called "regulatory" UCL claim, which was predicated on FIGS' alleged failure to *register* its scrubs with certain regulatory agencies—an entirely separate question from whether FIGS falsely *advertised* its scrubs. *See generally* Dkt. 854-12 (enumerating SPI's claims for relief). Nor did SPI preserve that claim in its Memorandum of Contentions of Fact and Law, *see* Dkt. 806-1 at 13, or Proposed FPTCO, *see* Dkt. 820-8 (identifying "false advertising," and only false advertising, as an unfair business practice). "The Ninth Circuit has 'consistently held that issues not preserved in the pretrial order have been eliminated from the action.'" *Asfall v. Los Angeles Unified Sch. Dist.*, 2020 WL 2951920, at *2 (C.D. Cal. Feb. 11, 2020) (quoting *S. California Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984)) (rejecting post-trial request for injunctive relief that was alleged in complaint but not preserved in pretrial order). Because SPI's regulatory UCL claim was eliminated from the action, this Court may not countenance it.[1]

---

[1] The Court may modify the Order "only to prevent manifest injustice," Fed. R. Civ. P. 16(e)—not to save a party from its own lack of diligence. *See Nunes v. Cnty. of Stanislaus*, 2021 WL 4050935, at *2 (E.D. Cal. Aug. 27, 2021) (collecting cases).

Finally, the Court need not hear any further evidence or argument on Defendants' affirmative defense of unclean hands, because the jury found that Defendants did not engage in false advertising in the first place.

## II. ENTRY OF JUDGMENT

### A. Plaintiff's Position

SPI respectfully contends that entry of final judgment would be premature given (1) SPI's anticipated Rule 59 Motion seeking a new trial on SPI's Lanham Act and Intentional Interference with Prospective Economic Relations claims against Defendants, as well as asserted defenses thereto, and (2) SPI's further intention to pursue its UCL claim against FIGS in Phase III of the trial. Bifurcation of the proceedings pursuant to Federal Rule of Civil Procedure 42(b), as the Court ordered here (Dkt. 827 at 2:1-6), typically results in separate trials but only one judgment. *Baldwin Hardware Corp. v. Franksu Enterprises Corp.*, 1990 WL 357312, at *2 (C.D. Cal. Dec. 28, 1990) ("This distinction, although largely ignored, is necessary to distinguish Rule 21 severance, which results in independent actions with independent judgments, from the Rule 42(b) procedure of separate trials, which will usually result in one judgment"); *accord Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796, at *2 n. 1 (S.D. Cal. Mar. 26, 2012) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2387 (3d ed. 2008)). Because SPI may succeed in obtaining a new trial and/or in establishing liability during Phase III of the trial concerning the UCL, SPI posits that no final judgment should be entered until after the disposition of SPI's post-trial motions and final resolution of all claims in this case.

SPI may make, and the Court may grant, a Motion for New Trial at any time after the verdict is reached. *See* Fed. R. Civ. P. 59(a)(1) ("The court may, on motion, grant a new trial . . . *after a jury trial*, for any reason for which a new trial has heretofore been granted in an action at law in federal court"); -(d) ("motion for a new trial must be filed *no later than 28 days after the entry of judgment*"); *Dunn v.*

*Truck World, Inc.*, 929 F.2d 311, 312–13 (7th Cir. 1991) ("[W]e must decide whether the loser may file a motion for a new trial before the entry of judgment. If this is the question, then the answer is easy. It may. Rule 59 says that the motion must come 'not later than 10 days after entry of the judgment.' A pre-judgment motion satisfies this requirement."); *Scott v. Donahoe*, 2015 WL 546020, at *3 (C.D. Cal. Feb. 10, 2015).

### B. Defendants' Position

After four years of scorched-earth litigation—both in the courts and in the tabloid press—a federal jury has roundly rejected SPI's baseless claims against FIGS and its co-founders. The verdict was unequivocal: Defendants did not engage in false advertising. Accordingly, the Court should not entertain further, unneeded and harassing delay from SPI and should promptly enter judgment for FIGS on SPI's First, Second, Fourth, and Fifth Claims for Relief, and for Heather Hasson and Catherine "Trina" Spear on SPI's Fifth Claim for Relief.

SPI's meritless Rule 59(a) motion can only bog Defendants down with even more litigation costs—but it cannot delay the inevitable. The Court should not defer the entry of judgment until after a Rule 59(a) motion is adjudicated. Indeed, the Federal Rules are clearly to the contrary: A party must file a motion for a new trial "no later than 28 days *after* the entry of judgment." Fed. R. Civ. P. 59(b) (emphasis added). Thus, SPI cannot engineer a delay by filing a Rule 59(a) motion.

Further, for the reasons discussed *supra* at Part I-B, none of SPI's equitable claims remains viable, so there is no legitimate reason to refrain from entering judgment for Defendants.

## III. POST-TRIAL MOTIONS

### A. Plaintiff's Position

#### 1. Motion for New Trial

SPI anticipates filing a motion for a new trial, pursuant to Federal Rule of Civil Procedure 59(a), and proposes the following briefing schedule:

- 45 days from the Court's approval of this proposed schedule for SPI to file its Rule 59 Motion, which will permit SPI to fully analyze the three-week trial record and hundreds of admitted exhibits;
- 30 days from SPI's Motion for Defendants to file an opposition to SPI's Rule 59 Motion; and
- 14 days for SPI to file a Reply in Support of its Rule 59 Motion.

### 2.  Hearing on SPI's Unfair Competition Law Claim

As discussed herein, SPI further intends to pursue its claim against FIGS pursuant to the UCL. After this Court rules on SPI's Rule 59 Motion, SPI proposes to set a pre-trial conference to establish the timing and procedures for the third phase of proceedings concerning SPI's UCL Claim, as contemplated in this Court's Pre-Trial Order. Dkt. 854 at 2:26-3:2.

### 3.  Defendants' Proposed Motion for Attorneys' Fees and Costs

Given SPI's anticipated Rule 59 Motion and Phase III of the trial, Defendants' Proposed Motion for Attorneys' Fees and Costs is premature. Federal Rule of Civil Procedure 54 permits the "prevailing party" to seek the recovery of costs. Fed. R. Civ. P. 54(d)(1). Local Rule 54-1 states, "The "prevailing party" entitled to costs under F.R.Civ.P. 54(d) is the party in whose favor judgment is entered, unless otherwise determined by the Court." L.R. 54-1. Given judgment has not been entered in this matter and, for the reasons discussed herein, should not be entered until after the resolution of SPI's Motion for New Trial and/or Phase III of the trial, SPI contends that it would be premature to set a briefing schedule for Defendants' Proposed Motion for Attorneys' Fees and Costs.

### B.  Defendants' Position

### 1.  Plaintiff's Motion for a New Trial

Defendants will oppose Plaintiff's motion for a new trial. Plaintiff could not articulate any basis for such a motion during the parties' meet-and-confer conference on November 7, 2022—because no such grounds exist. Defendants are

prepared to oppose this meritless motion on a regular motion calendar. Defendants specifically oppose the briefing schedule proposed by Plaintiff, which not only will cause significant delays but also inequities, as it would provide 45 days for Plaintiff to move but only 30 days for Defendants to oppose. Defendants' position is that Plaintiff should file its motion 28 days after the entry of judgment, as required by the Federal Rules. *See* Fed. R. Civ. P. 59(b).

## 2. Hearing on SPI's Unfair Competition Law Claim

This Court ordered that a Phase III would occur only "if necessary." Dkt. 854-2. For the reasons discussed *supra* at Part I-B, no such proceeding is necessary.

If the Court nevertheless agrees that a Phase III is necessary and should take place after hearing Plaintiff's motion for a new trial, Defendants request an expedited briefing schedule for Plaintiff's Rule 59(a) motion:

- Monday, November 14: Plaintiff's motion due
- Monday, November 21: Defendants' opposition due
- Monday, November 28: Plaintiff's reply due

## 3. Motion for Attorneys' Fees and Costs

As the "prevailing party," Defendants intend to file a motion, pursuant to 15 U.S.C. § 1117(a) and Fed. R. Civ. P. 54(d)(1) and (2), to recover their reasonable attorneys' fees and costs. Defendants propose the following briefing schedule:

- 14 days following entry of judgment: Defendants' motion due
- 14 days following Defendants' motion: SPI's opposition due
- 7 days following SPI's opposition: Defendants' reply due

\* \* \*

If helpful to the Court, the parties would be happy to appear at a status conference at a date and time convenient for the Court to discuss these and any ancillary matters further.

DATED: November 7, 2022          MUNGER, TOLLES & OLSON, LLP


By:     */s/ Jacob S. Kreilkamp*
        Jacob S. Kreilkamp


DATED: November 7, 2022          BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.


By:     */s/ Ekwan E. Rhow*
        Ekwan E. Rhow

*Attorneys for Defendants*


Dated: November 7, 2022          MICHELMAN & ROBINSON, LLP


By:     */s/ Jennifer Goldstein*
        Sanford L. Michelman, Esq.
        Mona Z. Hanna, Esq.
        Jeff D. Farrow, Esq.
        Marc R. Jacobs, Esq.
        Jesse J. Contreras, Esq.
        Kevin S, Kim, Esq.
        Allison C. Aguirre, Esq.
        Jennifer S. Goldstein, Esq.
        Adam M. Korn, Esq.


Dated: November 7, 2022          KATTEN MUCHIN ROSENMAN LLP


By:     */s/ Kristin Achterhof*
        Richard H. Zelichov, Esq.
        Kristin J. Achterhof, Esq.

Timothy H. Gray, Esq.

*Attorneys for Plaintiff*
STRATEGIC PARTNERS, INC.