Jacob S. Kreilkamp (State Bar No. 248210)
    jacob.kreilkamp@mto.com
Adam B. Weiss (State Bar No. 296381)
    adam.weiss@mto.com
Sara A. McDermott (State Bar No. 307564)
    sara.mcdermott@mto.com
James R. Salzmann (State Bar No. 324527)
    james.salzmann@mto.com
William M. Orr (State Bar No. 331842)
    william.orr@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Ekwan E. Rhow (State Bar No. 174604)
    erhow@birdmarella.com
Julia B. Cherlow (State Bar No. 290538)
    jcherlow@birdmarella.com
Fanxi Wang (State Bar No. 287584)
    fwang@birdmarella.com
Kate S. Shin (State Bar No. 279867)
    kshin@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

*Additional Counsel on Next Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC.,<br><br>            Plaintiff,<br><br>       vs.<br><br>FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON,<br><br>            Defendants. | Case No. 2:19-cv-02286-JWH-KS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S UNAUTHORIZED "SUPPLEMENTAL STATUS REPORT"**<br><br>Judge:  Hon. John W. Holcomb |

1  *Additional Counsel*

2  Xiaonan April Hu (State Bar No. 321354)
       april.hu@mto.com
3  MUNGER, TOLLES & OLSON LLP
   601 Massachusetts Ave. NW, Suite 500E
4  Washington, D.C. 20001-5369
   Telephone:  (202) 220-1100
5  Facsimile:  (202) 220-2300

6  Sara H. Worth (State Bar No. 341088)
       sara.worth@mto.com
7  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
8  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
9  Facsimile:  (213) 687-3702

10 Miri E. Gold (State Bar No. 319060)
       mgold@birdmarella.com
11 BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
12 1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
13 Telephone:  (310) 201-2100
   Facsimile:  (310) 201-2110

14

15 Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

On December 2, 2022, a month after the jury issued a verdict for Defendants in this case, SPI filed an unauthorized, unilateral "Supplemental Status Report," asserting vague and unsupported allegations of discovery misconduct. Dkt. 935. This effort to manufacture new discovery disputes after the jury returned a definitive verdict in FIGS' favor is baseless and frivolous.[1] FIGS is entitled to its fees and costs incurred in responding to SPI's ongoing harassment in the form of its demands for further post-verdict information and discovery from FIGS, and in forcing FIGS to respond to SPI's unauthorized and meritless filing.

As FIGS stated in the previously-filed Joint Status Report (expressly requested by the Court), there is no need for any further post-trial proceedings and the Court should promptly enter judgment for FIGS. Dkt 931 at 6, 9. FIGS respectfully reiterates its request that the Court provide FIGS with the finality to which it is entitled, enter judgment for FIGS as soon as possible, and set a briefing schedule for FIGS' motion for attorneys' fees and costs. *Id.* at 9, 11. Indeed, SPI's unauthorized filing perfectly illustrates why the Court should issue its judgment without delay: It is clear that SPI intends to continue its years-long campaign of harassment against FIGS—and to proceed, *following the jury's verdict*, as if discovery in this matter is ongoing—until there is a final judgment.

SPI notably fails to disclose to the Court that it *already* litigated before the Special Master—*and lost*—both discovery "issues" it now identifies. Absolutely

---

[1] It is perhaps not a coincidence that new evidence has emerged that *SPI itself*—at the express direction of its former CEO, Michael Singer, and his sister and former Vice President of Brand Partnerships, Debbie Singer—committed serious discovery abuses, including by instructing employees to use code words for "FIGS" to avoid producing in discovery documents it was required to produce. FIGS does not seek a "status conference" about this misconduct, or any other relief at this time; but FIGS does intend to address SPI's misconduct in its anticipated motion for attorneys' fees, including through the submission of declarations from individuals with percipient knowledge detailing the nature of the misconduct. *See* 15 U.S.C. § 1117(a).

nothing in Mr. Kim's or Ms. Spear's trial testimony calls into question the outcome of those proceedings. To show entitlement to a new trial under Rule 59, SPI must prove by *clear and convincing evidence* that "the verdict was obtained through fraud, misrepresentation, or other misconduct" and "that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990). If SPI believes it has a meritorious Rule 59 motion (it does not), SPI should file it forthwith; but FIGS respectfully submits that the Court should not entertain any requests, via status conference or otherwise, for *further* proceedings regarding discovery in this now-concluded matter.

*        *        *

Notwithstanding the unauthorized and facially meritless nature of SPI's submission, to ensure that the record is complete, FIGS provides further detail regarding the prior proceedings referenced above.

*Survey data.* On November 8, 2021, Special Master Segal ordered FIGS to conduct additional searches of certain identified custodians for "consumer surveys" and to produce any such documents that it identified. FIGS did so on November 22, 2021. As part of that production, FIGS provided to Special Master Segal and to SPI the November 22, 2021 Declaration of Devon Duff Gago (Duff Gago Survey Declaration), attached hereto, which describes the process FIGS undertook to collect survey data following the Special Master's November 8, 2021 Order, including the custodians searched, terms applied, and criteria for production. Duff Gago Survey Decl. ¶¶ 3–13. On January 17, 2022, SPI challenged the scope of FIGS' production before Special Master Segal, arguing to the Special Master that, *inter alia*, FIGS' search terms used were too narrow and that FIGS should have produced more data. Declaration of Sara A. McDermott (McDermott Decl.), Ex. 1 (Jan. 17, 2022 Tr.) at 7:21–11, 10:13–11:10. *The Special Master flatly rejected SPI's arguments.* She concluded that SPI lacked "compelling grounds to bring a motion," *id.* at 17:23; *see*

*also id.* 23:3–6, 24:14–19, and specifically noted that she was *"concerned, given the history of this case"* about *"strategic purposes behind the discovery that are not necessarily the discovery of meaningful information for the case." Id.* at 23:13–19 (emphasis added).

Fast forward more than nine months to trial: On October 31, 2022—after SPI refused to stipulate to the authenticity of three FIGS documents (comprising certain survey and web traffic data), and instead insisted that their custodian, Brian Kim, travel to Santa Ana to testify live the following day merely to authenticate them—the Court allowed SPI to take a brief trial deposition of Mr. Kim *for the sole purpose of questioning him as to the authenticity of the documents at issue*. Oct. 31, 2022 Trial Tr. at 62:1-6 ("THE COURT: So what you're telling me is you have a . . . good-faith potential objection to the authenticity of these documents, and you want to know some more information, background, about how they were gathered. MS. HANNA: Yes."). Instead, over strenuous objection from FIGS' counsel, SPI's counsel spent nearly 90 minutes conducting a free-ranging and untethered discovery deposition of Mr. Kim—on Halloween, and aware that Mr. Kim has young children—*without even attempting to explore or challenge the authenticity of the three documents at issue*. Indeed, SPI's counsel effectively admitted, on the record, that its purpose instead was to seek to gin up new discovery disputes. McDermott Decl., Ex. 2 (Kim Tr.) at 66:16-20 ("MR. WEISS: Kevin, this document is already in evidence. I don't know if you're aware of that. So that's not the purpose of this deposition. MR. [KEVIN] KIM [COUNSEL FOR SPI]: It may not be the purpose of this deposition for you, but it is for us.").

Put simply, Brian Kim's testimony is entirely consistent with Ms. Duff Gago's November 22, 2021 declaration. FIGS produced all of the data it was obligated to produce in response to the Special Master's Order, and when SPI raised concerns about the scope of that production, the Special Master rejected those concerns. SPI is grasping at straws, and has identified *no* misconduct whatsoever.

*Third party custodians*. SPI's second argument—that it discovered for the first time at trial that FIGS didn't have an ERP system in place until 2019—is demonstrably false. Consistent with her trial testimony, Ms. Spear testified at deposition on October 22, 2021—a year prior to trial—that FIGS "upgraded our systems over time;" that "earlier on" it was "more difficult" to track information because FIGS "didn't have any ERP in place;" that FIGS implemented its ERP, NetSuite, in 2019; and that from 2014–2018, FIGS did not have the ability to track certain data because it did not have an ERP in place. McDermott Decl., Ex. 3 (Spear Tr.) at 105:18–107:7.

To the extent that SPI believes Ms. Duff Gago's deposition testimony contradicts Ms. Spear and Ms. Hasson's trial testimony, it had every opportunity to impeach them. That SPI made the strategic decision not to is hardly evidence of discovery misconduct. And as Ms. Spear and Ms. Hasson testified—and Ms. Duff Gago's testimony confirms—FIGS complied with its discovery obligations in asking third parties for relevant records. *SPI also had the opportunity to seek discovery of FIGS' mills and other production partners, and did so*, including by obtaining issuance of letters rogatory to certain of FIGS' overseas production partners. *See* Dkt. 460–462.[2]

SPI's accusations of discovery misconduct are baseless and frivolous. They also make one thing perfectly clear: SPI will not give up in its efforts to use this litigation to "attack" FIGS, Trial Ex. 2021, until the Court issues a judgment in FIGS' favor. FIGS requests that the Court do so as soon as possible.

---

[2] The Court should be familiar with this dispute, as it led to the production of what the Court termed the Korean Deposition, which SPI ultimately read to the jury at trial. SPI had every opportunity to, and did, "fully and fairly present[ its] case[.]" *Jones*, 921 F.2d at 879.

1  DATED:  December 4, 2022          MUNGER, TOLLES & OLSON LLP

2

3

4                                    By:  _____/s/ Jacob S. Kreilkamp_____

5                                         JACOB S. KREILKAMP
                                         Attorneys for Defendants

6  DATED:  December 4, 2022          BIRD, MARELLA, BOXER, WOLPERT,

7                                    NESSIM, DROOKS, LINCENBERG &
                                     RHOW, P.C.

8

9

10                                   By:  _____/s/ Ekwan E. Rhow_____

11                                        Ekwan E. Rhow
                                         Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S UNAUTHORIZED "SUPPLEMENTAL STATUS REPORT"