```
 1  Jacob S. Kreilkamp (State Bar No. 248210)
       jacob.kreilkamp@mto.com
 2  Adam B. Weiss (State Bar No. 296381)
       adam.weiss@mto.com
 3  Sara A. McDermott (State Bar No. 307564)
       sara.mcdermott@mto.com
 4  James Salzmann (State Bar No. 324527)
       james.salzmann@mto.com
 5  Hunter V. Armour (State Bar No. 334874)
       hunter.armour@mto.com
 6  MUNGER, TOLLES & OLSON LLP
    350 South Grand Avenue, Fiftieth Floor
 7  Los Angeles, California 90071-3426
    Telephone:  (213) 683-9100
 8  Facsimile:   (213) 687-3702

 9  Ekwan E. Rhow (State Bar No. 174604)
       erhow@birdmarella.com
10  Julia B. Cherlow (State Bar No. 290538)
       jcherlow@birdmarella.com
11  Fanxi Wang (State Bar No. 287584)
       fwang@birdmarella.com
12  Cameron R. Partovi (State Bar No. 319589)
       cpartovi@birdmarella.com
13  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
14  1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
15  Telephone: (310) 201-2100
    Facsimile: (310) 201-2110
```

*Additional Counsel on Next Page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No. 2:19-cv-02286-JWH-KS |
| Plaintiff, | **DECLARATION OF DEVON DUFF GAGO IN RESPONSE TO ORDER OF SPECIAL MASTER SEGAL** |
| vs. | |
| FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, | Judge:  Hon. John W. Holcomb<br>Crtrm.:  2 |
| Defendants. | Assigned to Hon. John W. Holcomb |

DECLARATION OF DEVON DUFF GAGO

1 | *Additional Counsel*

2 | Xiaonan April Hu (State Bar No. 321354)
   |     april.hu@mto.com
3 | MUNGER, TOLLES & OLSON LLP
   | 601 Massachusetts Ave. NW, Suite 500E
4 | Washington, D.C. 20001-5369
   | Telephone: (202) 220-1100
5 | Facsimile: (202) 220-2300

6 |

7 | Stephen J. Erigero (State Bar No. 121616)
   |     stephen.erigero@ropers.com
   | Pascale Gagnon (State Bar No. 207117)
8 |     pascale.gagnon@ropers.com
   | ROPERS MAJESKI PC
9 | 445 South Figueroa Street, Suite 3000
   | Los Angeles, CA 90071
10 | Telephone: (213) 312-2000
   | Facsimile: (213) 312-2001

11 | Attorneys for Defendants

DECLARATION OF DEVON DUFF GAGO

I, Devon Duff Gago, declare as follows:

1. I am the Chief Operating Officer of FIGS, Inc. ("FIGS"). I make this declaration based on personal knowledge and information provided to me by counsel. If called as a witness, I could and would testify competently to the facts stated herein.

2. I make this declaration in response to the November 8, 2021 Order ("Order") of the Honorable Suzanne H. Segal (Ret.), Special Master in the above-captioned action, requiring FIGS to search for and produce "consumer surveys," and to submit a declaration describing the details of the search conducted and the records produced. A true and correct copy of the Order is attached as **Exhibit 1.**

## Consumer Surveys: Delighted NPS Scores

3. On July 9, 2021, I sat for deposition as FIGS' corporate designee, pursuant to Federal Rule of Civil Procedure 30(b)(6). During my deposition, I testified that FIGS conducts consumer surveys and focus groups on a regular basis. From these surveys and focus groups, FIGS has learned that the antimicrobial properties of its scrubs—along with the other claims SPI challenges in its lawsuit—are not material to its customers. Rather, FIGS' customers are primarily concerned with other factors, including the fit, style, comfort, and functionality of FIGS' scrubs.

4. When I testified about regularly-conducted consumer surveys and focus groups, I primarily had in mind the Net Promoter Score (NPS) Survey responses that FIGS regularly receives through a third party platform, Delighted.

5. Delighted is a customer experience platform that randomly selects customers from whom to solicit feedback 10 days after they complete a purchase. The survey works in two parts: First, it asks customers to rank how likely they are to recommend the brand to a friend or colleague. Second, it asks customers to provide context for that response in a free-form comment box. Responses are collected and

shared with FIGS via a real-time dashboard. FIGS has used the Delighted platform to gather customer feedback since February 2019.

6. In response to the Order, FIGS requested from Delighted the database containing FIGS' customers' written feedback from 2019 to the present. The feedback includes more than 48,000 comments submitted in response to the free-form follow-up question. Exceedingly few of those responses reference the challenged claims: For example, only 42 comments included the term "antimicrobial" in their feedback, and *no* customers used the terms "66%," "HAIs," or "hospital acquired infections" in their comments. Likewise, only 6 customers used the term "liquid," only 7 used the phrase "for every pair," and only 24 referenced "Threads for Threads" itself. By contrast, 15,329 customers used the term "comfort" in their written feedback, and 8,938 used the term "quality." I had these numbers in mind when I testified that FIGS' surveys have shown that the claims alleged by SPI are not material to FIGS' customers.

7. FIGS has now produced to SPI all of the written customer feedback in FIGS' Delighted database.[1]

### Other Search Efforts

8. In addition to obtaining customer feedback through Delighted, FIGS searched company records for responsive customer survey and focus group material, including by searching the records of the following (i) Court-ordered custodians and (ii) additional custodians:

    a. info@wearfigs.com (FIGS' marketing email address);

    b. Sheryl Bard (former Customer Experience Director, 2016–2018);

---

[1] To protect its customers' personally-identifying information, FIGS has redacted the following information from the Delighted database extract and other documents in the production: customer names, email addresses, telephone numbers, and demographic information, such as age and location.

   c. Marie Bonéy (formerly Zalameda) (Head of Visual Design, 2020–Present; formerly Senior Graphic Designer, 2014–2018; Digital Art Director, 2018–2019); Senior Art Director (2019–2020);

   d. Elaine Chiang (former Marketing Director, 2013–2017);

   e. Megan Eden (former Customer Experience Associate, 2014–2015; Business Development Associate, 2015–2018);

   f. Myself, Devon Duff Gago (Chief Operating Officer, 2020–Present; formerly Operations Director, 2016–2017; Vice President of Operations, 2017–2019; Chief Strategy Officer, 2019–2020);

   g. Sara Hamilton (Senior Director of Global Sourcing and Production, 2020–Present; formerly Product Manager, 2017–2018; Director of Product Development, 2018–2020);

   h. Heather Hasson (co-founder and co-CEO);

   i. Jee Jung (former Vice President of Production, 2017–2021);

   j. Brian Kim (Senior Director of Data Science, August 2019–Present, former Data Science Director, October 2018–August 2019);

   k. Armen Nalbandian (former Vice President of Experience, 2018–2020);

   l. Jenny Seyfried (Chief Brand Officer October 2021–Present; formerly Director of Social and Content, 2017–2018, Vice President of Brand, 2018–2020; Senior Vice President of Brand 2020–2021);

   m. Trina Spear (co-founder and co-CEO); and

   n. Alex Tshering (former Director of Growth & Acquisition, 2017–2018; Vice President of Marketing, 2018–2019; Senior Vice President of Marketing, 2019–2021).

  9. FIGS was unable to search the records of the following custodians, whose records were not retained after they left the company in 2015, prior to commencement of this litigation:

   a. Dan Abitan (former Director of Operations); and

   b. Ananda Bhavani (former Design Director).

10. I understand that outside counsel for FIGS diligently tested a series of search terms before beginning document review. Initially, FIGS considered applying a set of very broad search terms, such as "survey*" "feedback" and "focus group*." Initial sampling of the results of those searches, however, indicated that exceedingly few were responsive to the Order. FIGS then tested a series of narrowed search terms, until sampling indicated that the terms were returning a more appropriate ratio of potentially responsive hits. As a result of this process, FIGS applied the following set of search terms in its review:

| Search Term | Hits |
|---|---|
| (customer* w/2 (survey OR surveys)) | 744 |
| (consumer* w/2 (survey OR surveys)) | 249 |
| (market* w/2 (survey OR surveys)) | 368 |
| (survey OR surveys) AND (antimicrobial OR anti-microbial OR anti microbial) | 169 |
| (survey OR surveys) AND (hospital acquired infection OR hospital-acquired infection OR HAI) | 93 |
| (survey OR surveys) AND (donate OR one-for-one OR threads) | 327 |
| (survey OR surveys) AND (liquid OR fluid OR repellent OR hydrophobic) | 105 |
| (customer feedback) | 1,570 |
| (consumer feedback) | 64 |
| focus group OR focus groups | 839 |
| **Total Hits** | 4,093 |
| **Total Hits with Family** | **4,748** |

11. I am informed by outside counsel that these search terms resulted in 4,748 total potentially responsive records and family members, excluding duplicates and after applying a threading analysis. Initial sampling again indicated that few of these documents were likely to be responsive; however, FIGS reviewed each of them. Ultimately, 43 of these documents consisted of responsive customer surveys or focus group results and their families, as described in more detail below.

## Documents Produced

12. As a result of the searches described in the foregoing section, FIGS has now identified and produced to SPI the following categories of documents, in addition to the Delighted consumer survey results:

   a. Raw data and summary results from consumer surveys, which reference the challenged claims and/or consumers' reasons for buying FIGS' scrubs more generally;

   b. Questions and summary results from focus groups, which reference the challenged claims and/or consumers' feedback on FIGS' products more generally; and

   c. PowerPoint presentations, emails, and other documents presenting the findings of the produced consumer surveys and focus groups.

13. FIGS did not produce consumer surveys concerning issues not even arguably relevant to the litigation, including customers' color preferences. FIGS determined that these materials were not responsive to SPI's requests because they did not reference the challenged claims or any facts bearing on the challenged claims.

14. The consumer surveys FIGS produced asked respondents to identify the reasons they purchased FIGS scrubs. Consistent with my testimony, these surveys indicate that FIGS' customers were primarily motivated to purchase FIGS scrubs by factors like fit, style, comfort, and functionality—*not* the claims challenged in this action.

15. The focus groups were structured to support the product group, soliciting feedback on various specific design elements of FIGS' scrubs. Here, too, the claims that SPI challenges in this action are conspicuously absent. In at least one case, the members of the focus group stated that they "do not care that much for Anti-Microbial." (FIGS0064762.)

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed on this 22nd day of November, 2021, at Miami, Florida.

*[signature]*
Devon Duff Gago

6
DECLARATION OF DEVON DUFF GAGO

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC PARTNERS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, <br><br>  Defendants. | Case No.: 2:19-cv-02286-JWH-KSx <br><br> District Judge: Hon. John W. Holcomb <br> Magistrate Judge: Hon. Karen Stevenson <br> Special Master: Hon. Suzanne H. Segal (Ret.) <br><br> **ORDER RE: MOTION TO COMPEL PRODUCTION OF CONSUMER SURVEYS AND TESTING DOCUMENTS** <br><br> Complaint Filed: February 22, 2019 <br> Trial Date: July 25, 2022 |

**ORDER RE: MOTION TO COMPEL PRODUCTION
OF CONSUMER SURVEYS AND TESTING DOCUMENTS**

# ORDER

This matter is before the Special Master on Plaintiff Strategic Partners, Inc. ("SPI")'s Motion for To Compel Production of Consumer Surveys and Analytical Studies. SPI seeks additional evidence of "testing results" and "consumer surveys." In October and December 2019, the parties agreed to a set of search terms to be applied to nine FIGS custodians[1] in order to identify responsive documents to SPI's requests relating to FIG's communications with its customers regarding the impact of the claims FIGS makes about its products. Dkt. No. 54; Dkt No. 65-2. In July 2021, Devon Duff Gago ("Duff Gago"), FIGS' corporate witness designated pursuant to Federal Rules of Procedure 30(b)(6), testified that FIGS conducts monthly focus groups and customer surveys. According to SPI, FIGS has only produced one customer survey to date.

In their position statement response, FIGS contends that it has produced all testing results. (See FIGS response: "FIGS . . . has completed its production (regarding testing) and is not withholding any documents . . . FIGs has produced numerous tests demonstrating the efficacy of its antimicrobial and fluid repellent treatments, and Allister "Ben" Chase's work concerning clean scrubs, etc." (August 13, 2021 Position Statement at 8)). Thus, to the extent SPI seeks documents that reflect "testing results," the Motion is **DENIED**. SPI has not persuaded the Special Master that FIGS is wrongfully withholding responsive documents that pertain to "testing results."

FIGS, however, does not assert that it has produced all evidence of consumer surveys. FIGS argues that "SPI never sought consumer surveys, etc., through discovery." (August 13, 2021 Position Statement at 9). The Special Master finds FIGS' contention that Plaintiffs failed to specifically request "consumer surveys" to be unpersuasive. Responding parties are obligated to apply a good faith, reasonable interpretation to

---

[1] The nine custodians were: Heather Hasson, Catherine "Trina" Spear, Jenny Seyfried, Alex Tshering, Sara Hamilton, Ben Chase, Diana Shin, Sheryl Bard and Elaine Chiang.

discovery requests. Warner Bros. Int'l Television Distribution v. Golden Channels & Co., 2003 WL 27384426, at * 2 (C.D. Cal. Aug. 15, 2003); see also Adolph Coors v. American Insurance Co., 164 F.R.D. 507, 518 (D. Colo. 1993) (in responding to discovery requests, a responding party is "obligated to . . . put the collective heads of its lawyers and agents together . . . to give those requests a reasonable construction.") (citations omitted). SPI requested, among other things, "COMMUNICATIONS (internally and with third parties) RELATED TO FIGS's HEALTH CLAIMS including, but not limited to, FIGS's communications with its potential customers and customers." (See Rule 30(b)(6) Notice of FIGS, Inc., Topic 18).[2] "Communications with customers or potential customers" is reasonably construed to include "consumer surveys." It is well established that consumer survey evidence may be critical to a false advertising claim. At least one judge has observed that "[T]he preferred evidence of an advertisement's influence over purchasing decisions is actual consumer survey evidence . . . 'a [Lanham Act] plaintiff must produce consumer surveys or some surrogate therefor to prove whether consumers expect an advertising claim to be substantiated and whether they expect the level of substantiation to be greater than that which the defendant has performed.'" Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 951 (3rd Cir. 1993) (Roth, J., dissenting) (citing Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 225 (3rd Cir. 1990)); see also Tucker v. Post Consumer Brands, LLC, 2020 WL 1029368, at * 5 (N.D. Cal. April 21, 2020) (consumer survey evidence may support false advertising claim). Thus, it would be reasonable to construe SPI's requests, particularly those seeking "communications with customers," as including this highly relevant evidence. The Motion is **GRANTED** to the extent it seeks "consumer survey" evidence.

---

[2] SPI also references a range of request for production of documents in its position statement that, if reasonably construed, would include requests for consumer survey evidence.

As noted above, after reviewing the papers submitted by the parties, in the interests of economy, efficiency, and for good cause shown, the Motion is **GRANTED in part** and **DENIED** in part. The Special Master orders as follows:

(1) The Motion is **GRANTED** to the extent it seeks additional evidence of "consumer surveys." Within ten (10) business days of entry of this Order, Defendants shall: (i) search all applicable custodians, regardless of whether the custodian was previously agreed to by the parties, including, but not limited to, Devon Duff Gago (Operations Director, 2016 to Present and Corporate Witness), info@wearfigs.com (FIGS's marketing email address), Dan Abitan (Director of Operations), Megan Eden (Operations Associate), Armen Nalbandian (Vice President of Experience, June 2018 – January 2020), Ananda Bhavani (FIGS Head Designer), Marie Zalameda (Graphic Designer) and Jee Jung (Vice President of Production, July 2017 to May 2020 and Vice President of Apparel, May 2021 to July 2021) for consumer surveys that were not previously produced, dated from January 1, 2014 to the present; (ii) produce any such documents and; (iii) provide a declaration describing the details of the search conducted and the records produced. The declaration shall state that the custodians identified were searched, the methodology of the search, and whether any categories of documents were withheld pursuant to privilege.

(2) The Motion is **DENIED** to the extent is seeks additional evidence of "testing results."

(3) Pursuant to Federal Rule of Civil Procedure 37, the Special Master exercises her discretion regarding sanctions. The Motion is **DENIED** to the extent it seeks sanctions against FIGS.

**IT IS SO ORDERED.**

Dated: 11/8/2021

Hon. Suzanne H. Segal (Ret.)
**SPECIAL MASTER**

# **PROOF OF SERVICE**

RE:     Strategic Partners Inc. v. Figs Inc. et al.
         Case ID: GBXXX

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 633 West 5th Street, Suite 1000  Los Angeles, CA 90071

    On November 8, 2021 I served the **ORDER RE: MOTION TO COMPEL PRODUCTION OF CONSUMER SURVEYS AND TESTING DOCUMENTS** on the following parties. Placing a true copy to all parties as follows:

| | |
|---|---|
| Adam M. Korn, Esq.<br>Allison C. Aguirre, Esq.<br>Camille Yona, Esq.<br>Jennifer S. Goldstein, Esq.<br>Jesse J. Contreres, Esq.<br>Marc R. Jacobs, Esq.<br>MICHELMAN & ROBINSON, LLP<br>10880 Wilshire Boulevard<br>19th Floor<br>Los Angeles, CA 90024<br>akorn@mrllp.com<br>aaguirre@mrllp.com<br>cyona@mrllp.com<br>jgoldstein@mrllp.com<br>jcontreras@mrllp.com<br>mjacobs@mrllp.com<br>cc: echun@mrllp.com | Jeffrey D. Farrow, Esq.<br>Kevin S. Kim, Esq.<br>Mona Z. Hanna, Esq.<br>Sanford L. Michelman, Esq.<br>MICHELMAN & ROBINSON, LLP<br>17901 Von Karman Avenue<br>10th Floor<br>Irvine, CA 92614<br>jfarrow@mrllp.com<br>kkim@mrllp.com<br>mhanna@mrllp.com<br>smichelman@mrllp.com<br>cc: creyes@mrllp.com |
| Adam B. Weiss, Esq.<br>Hunter V. Armour, Esq.<br>Jacob S. Kreilkamp, Esq.<br>James R. Salzmann, Esq.<br>Sara A. McDermott, Esq.<br>Xiaonan April Hu, Esq.<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue<br>50th Floor<br>Los Angeles, CA 90071<br>adam.weiss@mto.com<br>hunter.armour@mto.com<br>jacob.kreilkamp@mto.com<br>james.salzmann@mto.com<br>sara.mcdermott@mto.com<br>april.hu@mto.com | Cameron R. Partovi, Esq.<br>Ekwan E. Rhow, Esq.<br>Fanxi Wang, Esq.<br>Julia Cherlow, Esq.<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.<br>1875 Century Park East<br>Suite 2300<br>Los Angeles, CA 90067<br>cpartovi@birdmarella.com<br>erhow@birdmarella.com<br>fwang@birdmarella.com<br>jcherlow@birdmarella.com |
| Pascale Gagnon-Morris, Esq.<br>Stephen J. Erigero, Esq.<br>ROPERS MAJESKI PC<br>445 South Figueroa Street<br>Suite 3000<br>Los Angeles, CA 90071<br>pascale.gagnon@rmkb.com<br>stephen.erigero@ropers.com | |

( )    BY U.S. MAIL:    I caused such envelope(s), with postage fully prepaid, to be placed in the U.S. Mail at Los Angeles, California.

( )    BY FACSIMILE:    I caused such document to be sent via facsimile to each person.

| | | |
|---|---|---|
| (X) | BY ELECTRONIC MAIL: | I caused such document to be sent via electronic mail to each person. |
| ( ) | BY PERSONAL SERVICE: | I caused such envelope to be delivered by hand to the office of the addressee. |
| (X) | STATE: | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ( ) | FEDERAL: | I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |

Executed on November 8, 2021 at Los Angeles, California.

*Alisa Martinez*
Alisa Martinez
Signature Resolution