UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 2:19-cv-02286-JWH-KS | Date December 7, 2022 |
| Title *Strategic Partners, Inc. v. FIGS, Inc., et. al.* | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER REGARDING EQUITABLE CLAIMS (IN CHAMBERS) [ECF No. 931]**

The Court has reviewed and considered the Final Pretrial Conference Order,[1] the testimony and other evidence presented at trial in this matter, the parties' Joint Status Report,[2] and their respective supplemental filings.[3] In the interest of resolving this action in a just, speedy, and inexpensive matter, *see* Fed. R. Civ. P. 1, the Court establishes the briefing schedule set forth below regarding the remaining equitable claims for relief asserted by Plaintiff Strategic Partners Inc. ("SPI").

On November 3, 2022, the jury rendered a verdict[4] in favor of Defendants FIGS, Inc.; Catherine Spear; and Heather Hasson on SPI's first and fifth claims for relief—for false advertising under the Lanham Act[5] and intentional interference

---

[1]   *See* Final Pretrial Conference Order (the "PTC Order") [ECF No. 854].
[2]   *See* Joint Status Report [ECF No. 931].
[3]   *See* Pl.'s Suppl. Status Report [ECF No. 935]; Defs.' Response [ECF No. 936].
[4]   *See* Redacted Verdict Form (the "Verdict Form") [ECF No. 925].
[5]   *See* PTC Order 5:5-7.

with prospective economic relations.[6] However, SPI's two equitable claims—both asserted against only FIGS—still await resolution by this Court:

- second claim for relief for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL");[7] and

- fourth claim for relief for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL").[8]

The jury's verdict did not include any finding on, nor did it otherwise address, the issue of causation.[9] But causation was the subject, at least in part, of (1) Defendants' earlier motion for summary judgment on SPI's UCL and FAL claims;[10] and (2) Defendants' motion at trial under Rule 50(a) of the Federal Rules of Civil Procedure for judgment as a matter of law on SPI's false advertising and intentional interference claims.[11]

SPI fended off the causation-based attacks that Defendants launched under Rules 50 and 56 by (among other things) taking refuge under the cover of *Grasshopper House, LLC v. Clean & Sober Media LLC*, 2019 WL 12074086, at *7 (C.D. Cal. July 1, 2019) ("a plaintiff may . . . establish an injury by creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business").[12] SPI succeeded, but Defendants faced daunting standards; Defendants needed to show (1) on their motion for summary judgment that there were no genuine disputes of material fact, *see* Fed. R. Civ. P. 56(a); and (2) on their motion for judgment as a matter of law that no reasonable jury could find for SPI, *see* Fed. R. Civ. P. 50(a)(1). Now, however, the standard is different; in this phase SPI bears the burden to prevail on each element of its remaining claims—including the element of causation—by a preponderance of the evidence. The Court now seeks briefing on that issue.

---

[6]     *See id.* at 5:15-18.

[7]     *See id.* at 5:8-11.

[8]     *See id.* at 5:12-14.

[9]     *See generally* Verdict Form.

[10]     *See* Order Re Mots. for Summ. J. [ECF No. 701] 26:10-18.

[11]     *See* Mot. for J. as a Matter of Law Under Rule 50(a) [ECF No. 892] 9:10-14-4.

[12]     *See* Pl.'s Opp'n to Defs.' Mot. for Summ. J. [ECF No. 592] 21:22-25.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      The parties are **DIRECTED** to file simultaneous briefs on whether SPI can establish, or has established, by a preponderance of the evidence adduced at trial, the causation element of its UCL and FAL claims. The parties' respective briefs, of no more than 20 pages each, are due no later than January 6, 2023.

2.      The parties are also **DIRECTED** to file simultaneous reply briefs, of no more than 15 pages each, no later than January 20, 2023. The parties are further **DIRECTED** to attach proposed findings and conclusions (without page limits) to their respective reply briefs.

3.      A Status Conference is **SET** for February 3, 2023, at 9:00 a.m.

4.      The Court declines to set a briefing schedule on SPI's anticipated motion for a new trial, or on Defendants' anticipated motion for an award of attorneys' fees and costs, at this juncture.

**IT IS SO ORDERED.**