# EXHIBIT A

KRISTIN J. ACHTERHOF
(*Admitted Pro Hac Vice*)
 kristin.achterhof@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone:   (312) 902-5296
Facsimile:   (312) 902-1061

PAUL S. YONG (SBN 303164)
 paul.yong@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
T: (310) 788-4400
F: (310) 788-4471

TIMOTHY H. GRAY
(*Admitted Pro Hac Vice*)
 timothy.gray@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave NW - Suite 800
Washington, DC 20006-3404
T: (202) 625-3608
F: (202) 298-7570

*Attorneys for Plaintiff*
*STRATEGIC PARTNERS, INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRATEGIC PARTNERS, INC., | Case No. 2:19-cv-02286-JWH-KS |
| Plaintiff, | **STIPULATED FOURTH AMENDED PROTECTIVE ORDER** |
| vs. | |
| FIGS, INC., CATHERINE ("TRINA") SPEAR, HEATHER HASSON, | Trial:    October 17, 2022 |
| Defendants. | Time:   8:00 a.m. |
| | Crtrm.: 9D |
| | Judge: Hon. John W. Holcomb |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than the prosecution, defense or attempted settlement of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, trade secrets, including methods, techniques, processes, technical plans and technical specifications; confidential business or financial information relating to sales, manufacturing, customers, vendors, personnel, market-share, pricing, revenue, profit, and economic injury; information regarding confidential business practices and strategic plans, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties); information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The

**STIPULATED FOURTH AMENDED PROTECTIVE ORDER**

public disclosure of such information would cause material, irreparable harm to the parties because it would provide competitors and potential competitors in the market place with information about the parties' plans, operations, technology, and finances.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: Strategic Partners, Inc. v. FIGS, Inc., Case No. 2:19-cv-02286-JWH-KS.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6   <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u> extremely sensitive "Confidential Information or Items" that are highly proprietary or highly sensitive, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the competitive interests of the Designating Party.

2.9   <u>House Counsel:</u> attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, in-house counsel, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise

in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

     5.1   Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

     5.2   Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

     Designation in conformity with this Order requires:

        (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition or other proceeding, all protected testimony, and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21- day period for designation shall

be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALTY DESIGNATIONS

6.1     Timing of Challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer: The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq.* To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who have followed the procedures set forth in paragraph 7.4(a), below, if they are an expert to whom that provision applies;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

1        (e) the author or recipient of a document containing the information or a
2  custodian or other person who otherwise possessed or knew the information; and

3        (f) Any special master, referee, mediator or arbitrator appointed by the
4  Court or selected by the parties to assist in resolution of this Action.

5        7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>
6  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Certain</u>
7  <u>Experts:</u>

8        (a) Unless otherwise ordered by the court or agreed to in writing by the
9  Designating Party, a Party that seeks to disclose to an Expert any information or item that
10  has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
11  pursuant to paragraph 7.3(b) first must make a written request to the Designating Party
12  that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to
14  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of
15  his or her primary residence, and (3) attaches a copy of the Expert's current resume.

16        (b) A Party that makes a request and provides the information specified in
17  the preceding respective paragraphs may disclose the subject Protected Material to the
18  identified Expert unless, within ten (10) days of delivering the request, the Party receives
19  a written objection from the Designating Party. Any such objection must set forth in detail
20  the grounds on which it is based.

21        (c) A Party that receives a timely written objection must meet and confer
22  with the Designating Party to try to resolve the matter by agreement within five (5) days
23  of the written objection. If no agreement is reached, the Designating Party seeking to
24  prevent the disclosure to the Expert may file a motion pursuant to the Local Rules seeking
25  an order from the court to prevent the disclosure. Any such motion must describe the
26  circumstances with specificity, set forth in detail the reasons why disclosure to the Expert
27  would be harmful, assess the risk of harm that the disclosure would entail, and suggest
28  any additional means that could be used to reduce that risk. In addition, any such motion

must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Receiving Party for why disclosure to the Expert is reasonably necessary. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement

1  with the Non-Party before a determination by the court. Absent a court order to the
2  contrary, the Non-Party shall bear the burden and expense of seeking protection in this
3  court of its Protected Material.

4

5  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
7  Protected Material to any person or in any circumstance not authorized under this
8  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
9  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
10 all unauthorized copies of the Protected Material, (c) inform the person or persons to
11 whom unauthorized disclosures were made of all the terms of this Order, and (d) request
12 such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
13 that is attached hereto as Exhibit A.

14

15 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
16 PROTECTED MATERIAL

17        (a) When a Producing Party gives notice to Receiving Parties that certain
18 inadvertently produced material is subject to a claim of privilege or other protection, the
19 obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure
20 26(b)(5)(B). This provision is not intended to modify whatever procedure may be
21 established in an e-discovery order that provides for production without prior privilege
22 review.

23        (b) Pursuant to Federal Rule of Evidence 502, the inadvertent production by any
24 of the undersigned Parties or non-Parties to the Action of any Disclosure or Discovery
25 Material during discovery in this Action that is protected by the attorney-client privilege,
26 work product protection, or any other privilege or protection, shall be without prejudice
27 to any claim that such item is privilege or protected and such Party or non-Party shall not
28 be held to have waived any rights by such inadvertent production. In the event that any

Disclosure or Discovery Material that is subject to a privilege or protection is inadvertently produced, the producing Party or non-Party shall give written notice of such inadvertent production within 20 days of discovery of the inadvertent production (the "Privilege or Protection Notice"). If a Receiving Party disputes the asserted privilege or protection, within 20 days of receipt of the Privilege or Protection Notice, the Receiving Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.

12.   <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections:</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   <u>Filing Protected Material:</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>RETURN OR DESTRUCTION OF PROTECTED MATERIAL</u>

    Within 90 days of the date of entry of this Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//
//
//
//
//
//
//
//
//
//
//

**STIPULATED FOURTH AMENDED PROTECTIVE ORDER**

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: February 5, 2024                KATTEN MUCHIN ROSENMAN LLP

4                                           By:   */s/ Kristin J. Achterhof*
                                                  Kristin J. Achterhof
5                                                 Paul S. Yong
                                                  Timothy H. Gray
6
7                                           MICHELMAN & ROBINSON, LLP

8                                                 Sanford R. Michelman
                                                  Mona Z. Hanna
9                                                 Marc R. Jacobs
                                                  Jeffrey D. Farrow
10                                                Kevin S. Kim
                                                  Jesse J. Contreras
11                                                Jennifer S. Goldstein
                                                  Allison C. Aguirre
12                                                Adam M. Korn
13
14                                                *Attorneys for Plaintiff*
                                                  *STRATEGIC PARTNERS, INC.*
15
16   Dated: February 5, 2024                BIRD, MARELLA, BOXER,
17                                             WOLPERT, NESSIM, DROOKS,
                                               LINCENBERG & RHOW, P.C.
18
19                                          By:   */s/ Ekwan E. Rhow*
                                                  Ekwan E. Rhow
20                                                Julia B. Cherlow
                                                  Fanxi Wang
21                                                Kate S. Shin
                                                  Miri E. Gold
22
23                                          MUNGER, TOLLES & OLSON LLP
24                                                Jacob S. Kreilkamp
25                                                Adam B. Weiss
                                                  Sara A. McDermott
26                                                James R. Salzmann
                                                  William M. Orr
27                                                Xiaonan April Hu
                                                  Sara H. Worth
28                                                *Attorneys for Defendants*

                                           16

1

## **ATTESTATION**

2
3
4

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Kristin J. Achterhof, attest that the signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

5

Date: February 5, 2024                    By: _/s/ Kristin J. Achterhof_

6

Kristin J. Achterhof

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED FOURTH AMENDED PROTECTIVE ORDER**

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2  Dated: February __, 2024

3

4

5                                                    _____

6                                                    Honorable Karen L. Stevenson

                                                     Chief United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Amended Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Strategic Partners, Inc. v. FIGS, Inc., Case No. 2:19-cv-02286-JWH-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED FOURTH AMENDED PROTECTIVE ORDER**